Edward J. Wynne (165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
Wood Island
80 E. Sir Francis Drake Blvd., Ste. 3-G
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile:  (415) 461-3900

David S. Markun (108067)
dmarkun@mzclaw.com
Jeffrey K. Compton (142969)
jcompton@mzclaw.com
MARKUN ZUSMAN FRENIERE &
COMPTON LLP
17383 Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272
Telephone:  (310) 454-5900
Facsimile:   (310) 454-5970

James F. Clapp (145814)
jclapp@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, CA 92011
Telephone: (760) 209-6565
Facsimile:  (760) 209-6565

Attorneys for Plaintiff BRANDON HARVEY,
individually and on behalf of all others
similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **California Bus. & Prof. Code § 17200**<br>2. **California Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. tit. 8, § 11040(8)**<br>3. **California Labor Code §§ 226, 1174, 1174.5**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1. Plaintiff Brandon Harvey ("Plaintiff"), by and through his attorneys, make the following allegations upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

2. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of current and former employees of Defendant Morgan Stanley Smith Barney LLC ("Morgan Stanley" or "Defendant") employed as Financial Advisors, or the functional equivalent, however titled, (which position includes the titles "Financial Consultant," "Securities Broker," "Stockbroker," "Investment Advisor," and/or "Investment Representative") (collectively referred to as "Financial Advisor") who worked in California at any time within the last four years of the filing of this action and who suffered damages as a result of Defendant's violations of California labor laws, including: (1) unlawful pay deductions; (2) failure to reimburse reasonable and necessary business expenses; and, (3) failure to provide accurate itemized wage statements.

## PARTIES

3. Plaintiff Harvey is a citizen of the State of California. Harvey is a former Morgan Stanley Financial Advisor who worked in San Francisco, California within the three years preceding the filing of this action.

4. During the statutory period covered by this action, Defendant Morgan Stanley was and is a Delaware corporation with its principal place of business in New York. Morgan Stanley transacts business in this judicial district.

5. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

6. All of Plaintiff's claims stated herein are asserted against Defendant and any of its owners, predecessors, successors, subsidiaries, and/or assigns.

**VENUE AND JURISDICTION**

7. Venue is proper in this Court because Plaintiff was employed in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because this is a class action, there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Furthermore, none of the exceptions in 28 U.S.C. § 1332(d) applies.

**CLASS ALLEGATIONS**

9. Plaintiff brings this action on behalf of himself and on behalf of the class pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff Harvey seeks certification of the following class:

> All individuals employed by Defendant as a Financial Advisor or the functional equivalent however titled in California at any time from four years prior to the filing of this complaint to the time the case is certified as a class action.

11. As a result of Defendant's violation of California law, Plaintiff and the other members of the class were unlawfully under-compensated for their work and damaged thereby.

12. <u>Numerosity</u>. Plaintiff is informed and believes and thereon alleges that the members of the class are so numerous that joinder is impractical.

13. <u>Typicality and Adequacy</u>. There are questions of law and fact common to Plaintiff and the other members of the proposed class he represents, and therefore, Plaintiff is similarly situated to the other members of the proposed class he represents and is an adequate representative of the class. Plaintiff's claims are typical of the claims of the other members of the class he represents. Plaintiff suffered similar injuries as those suffered by the other members of the class as a result of Defendant's common policies and practices regarding the reimbursement of business expenses. In addition, Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff has retained attorneys who are competent and experienced in the prosecution

of wage and hour class action litigation.

14. <u>Ascertainability</u>. The class is ascertainable in that its members can be identified and located using information contained in Defendant's payroll and personnel records.

15. <u>Commonality</u>. There are common questions of law and fact that predominate over questions which may affect only individual members of the class, including, but not limited to, the following:

    a. whether Defendant's policies and procedures for deducting from commissions or other wages is unlawful;

    b. whether class members incurred business related expenses that were reasonably necessary and whether Defendant had a policy and practice of not reimbursing class members for such expenses; and,

    c. whether Defendant's wage statements complied with California law.

16. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the proposed class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the proposed class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them while an important public interest will be served by addressing the manner as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. Defendant sold and sells securities and other financial products with offices nationwide and in this judicial district.

18. Plaintiff and other Financial Advisors were primarily engaged in sales of

investments and financial products to individuals.

19.   Plaintiff and all Financial Advisors were covered by Defendant's Compensation Plan. The Compensation Plan sets forth Defendant's compensation policies and procedures applicable to all Financial Advisors.

20.   Defendant willfully, intentionally and knowingly did not provide Plaintiff and other Financial Advisors with accurate itemized statements showing all of the information required pursuant to Labor Code §§ 226 and 1174 and Plaintiff and other Financial Advisors were injured thereby.

21.   Defendant has maintained company-wide policies and/or practices that require Financial Advisors to pay the ordinary business expenses of Defendant without reimbursement. Defendant's policy and practice of having class members pay for Defendant's ordinary business expenses causes class members to forfeit their wages to Defendant.

## **FIRST CAUSE OF ACTION**

### **Bus. & Prof. Code § 17200 *et seq.***

22.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

23.   California Labor Code §§ 221, 223, 400-410, 2802, and Title 8 of the California Code of Regulations, § 11040(8) generally state that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business to the employee.

24.   Plaintiff and all Morgan Stanley Financial Advisors in California routinely incur reasonable and necessary business expenses without reimbursement by Morgan Stanley. For example, Plaintiff and other California Financial Advisors incur travel, parking, mileage, education, client and prospect entertainment, and marketing expenses, as well as ticket charges, equipment costs, licensing fees, subscriptions, losses due to trading errors, and wages paid to support staff, without reimbursement by Morgan Stanley. Many of these expenses are paid through deductions from the Financial Advisors' wages. Section 2802(a) requires a California employer to indemnify an employee for "all necessary expenditures or losses incurred by the

1  employee in direct consequence of the discharge of his or her duties...." In addition, Labor Code
2  sections 221-224, 400-410 and 1198 (which incorporates Wage Order 4-2001, section 8) prevent
3  an employer from taking unauthorized or improper deductions from wages. Morgan Stanley's
4  conduct violates these Labor Code sections.

5      25.    Defendant has committed an act of unfair competition by failing to reimburse
6  these amounts to Plaintiff and the members of the class and/or deducting these amounts from the
7  compensation of Plaintiff and the class.

8      26.    Pursuant to Business & Professions Code § 17203, Plaintiff requests an order
9  requiring Defendant to make restitution of all unreimbursed business expenses due to him and
10 the class in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. tit. 8, § 11040(8)**

13     27.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as
14 though repeated here.

15     28.    Labor Code § 221 provides, "It shall be unlawful for any employer to collect or
16 receive from an employee any part of wages theretofore paid by said employer to said
17 employee."

18     29.    Labor Code § 223 provides, "Where any statute or contract requires an employer
19 to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while
20 purporting to pay the wage designated by statute or by contract."

21     30.    Labor Code §§ 400-410 ("Employee Bond Law") provide the limited
22 circumstances under which an employer can exact a cash bond from its employees. These
23 provisions are designed to protect employees against the very real danger of an employer taking
24 or misappropriating employee funds held by the employer in trust.

25     31.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her
26 employee for all necessary expenditures or losses incurred by the employee in direct
27 consequence of the discharge of his or her duties."

28     32.    Title 8 of the California Code of Regulations, § 11040(8), states, "No employer

shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

33. These and related statutes are designed to prevent employers from using secret deductions or other accounting practices to drive down the wage scale or pay employees less than the stated wage. They also reflect California's fundamental and substantial public policy protecting employee wages.

34. Plaintiff and the class were subject to deductions from their compensation by Defendant which were not the result of dishonest, willful, or grossly negligent acts by those employees, but instead were the ordinary costs of doing business. Defendant was obligated to indemnify Plaintiff and the other members of the class for such expenses as the cost of travel, parking, mileage, education, client and prospect entertainment, and marketing expenses, as well as ticket charges, equipment costs, licensing fees, subscriptions, losses due to trading errors, and wages paid to support staff. These expenses were reasonable and necessarily incurred by Plaintiff and the class. Defendant's policy and practice of having class members pay for Defendant's ordinary business expenses caused class members to forfeit their wages to Defendant.

35. Defendant unlawfully charged and failed to reimburse its Financial Advisors in violation of Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. Tit. 8, § 11040(8) and Plaintiff and similarly situated members of the class are entitled to reimbursement for, and repayment of, these deductions, plus interest and attorneys' fees and costs.

36. As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for attorneys' fees and costs under Labor Code § 2802(c).

### **THIRD CAUSE OF ACTION**

### **Labor Code §§ 226, 1174, and 1174.5**

37. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

38. Defendant, as a matter of corporate policy did not maintain or provide accurate itemized pay statements in violation of Labor Code §§ 226 and 1174.

39. For instance, Defendant did not state or did not accurately state, *inter alia*, all deductions in Plaintiff's and other Financial Advisors' pay statements. Defendant's failure to maintain accurate itemized statements was willful, knowing, intentional, and the result of Defendant's custom, habit, pattern and practice. Defendant's failure to maintain accurate itemized statements was not the result of isolated, sporadic or unintentional behavior. Due to Defendant's failure to comply with the requirements of Labor Code §§ 226 and 1174, Plaintiff and other Financial Advisors were injured thereby.

40. Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiff and the members of the Class for all damages and penalties pursuant to Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For an order certifying the proposed Class and designating this action as a class action pursuant to Fed.R.Civ.P. 23;
2. For an order appointing Plaintiff and his counsel to represent the proposed subclasses, as defined herein;
3. For compensatory damages according to proof;
4. For an Order requiring Defendant to make restitution of all unreimbursed business related expenses that Plaintiff and the class were required to incur for Defendant's benefit;
5. For an order requiring Defendant to provide an accounting of all sums unlawfully charged back and withheld from compensation due to Plaintiff and the other members of the class;
6. For interest according to proof;
7. For penalties and liquidated damages alleged herein;
8. For reasonable attorneys' fees and costs; and,
9. For such other relief the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED:   May 14, 2018 | WYNNE LAW FIRM |
| 2 | | MARKUN ZUSMAN FRENIERE & COMPTON LLP |
| 3 | | CLAPP & LAUINGER LLP |

*/s/Edward J. Wynne*
By: Edward J. Wynne

Attorneys for Plaintiff BRANDON HARVEY individually and on behalf of all others similarly situated

**DEAMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: May 14, 2018

WYNNE LAW FIRM
MARKUN ZUSMAN FRENIERE & COMPTON LLP
CLAPP & LAUINGER LLP


 */s/Edward J. Wynne*
By: Edward J. Wynne

Attorneys for Plaintiff BRANDON HARVEY individually and on behalf of all others similarly situated

9
COMPLAINT