LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650-614-7400
Facsimile: 650-614-7401

ANDREW R. LIVINGSTON (STATE BAR NO. 148646)
alivingston@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5759

JINNIFER PITCHER (STATE BAR NO. 252880)
jpitcher@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Defendant
MORGAN STANLEY SMITH BARNEY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY LLC,<br><br>Defendant. | Case No. 3:18-cv-02835 WHO<br><br>**ANSWER TO THE FIRST AMENDED COMPLAINT** |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4125-9560-5782

ANSWER TO THE FIRST AMENDED COMPLAINT
3:18-CV-02835 WHO

Defendant Morgan Stanley Smith Barney LLC ("MSSB") answers Plaintiff Brandon Harvey's Complaint as follows:

1. MSSB admits that Plaintiff by and through his attorneys has filed and served the First Amended Complaint. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 1 of the First Amended Complaint.

2. MSSB admits that Plaintiff by and through his attorneys has filed and served the First Amended Complaint. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 2 of the First Amended Complaint.

3. MSSB admits that Plaintiff is a former Financial Advisor who worked in San Francisco at some time within the last three years preceding the filing of this action. MSSB lacks sufficient knowledge and information to form a belief as to the truth of, and on that basis denies, the remaining allegations of Paragraph 3 of the First Amended Complaint.

4. MSSB admits that it transacts business in the Northern District of California. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 4 of the First Amended Complaint.

5. MSSB admits that Plaintiff by and through his attorneys has filed and served the First Amended Complaint. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 5 of the First Amended Complaint.

6. MSSB admits that Plaintiff by and through his attorneys has filed and served the First Amended Complaint. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 6 of the First Amended Complaint.

7. MSSB admits that Plaintiff was employed by MSSB within the Northern District of California. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 7 of the First Amended Complaint.

8. MSSB admits that Plaintiff purports to bring a class action. The remainder of Paragraph 8 contains no factual allegations. Therefore, MSSB neither admits nor denies Paragraph 8 of the First Amended Complaint.

///

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4125-9560-5782

ANSWER TO THE FIRST AMENDED COMPLAINT
3:18-CV-02835 WHO

9. MSSB admits that Plaintiff purports to bring a class action. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 9 of the First Amended Complaint.

10. MSSB admits that Plaintiff purports to bring a class action. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 10 of the First Amended Complaint.

11. MSSB denies the allegations of Paragraph 11 of the First Amended Complaint.

12. MSSB denies the allegations of Paragraph 12 of the First Amended Complaint.

13. MSSB denies the allegations of Paragraph 13 of the First Amended Complaint.

14. MSSB denies the allegations of Paragraph 14 of the First Amended Complaint.

15. MSSB denies the allegations of Paragraph 15 of the First Amended Complaint.

16. MSSB denies the allegations of Paragraph 16 of the First Amended Complaint.

17. MSSB admits that, through its employees, it provides full-service brokerage options and financial advisory services for investors. MSSB admits that it transacts business in the Northern District of California. MSSB admits that it has other offices throughout the nation. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 17 of the First Amended Complaint.

18. MSSB admits that, through its employees, it provides full-service brokerage options and financial advisory services for investors and Plaintiff and certain other Financial Advisors are primarily engaged in exempt duties. Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 18 of the First Amended Complaint.

19. MSSB admits that it has compensation plans that are applicable to some of its employees. Except as so expressly admitted, MSSB lacks sufficient knowledge and information to form a belief as to the truth of, and on that basis denies, the allegations of Paragraph 19 of the First Amended Complaint.

20. MSSB denies the allegations of Paragraph 20 of the First Amended Complaint.

21. MSSB denies the allegations of Paragraph 21 of the First Amended Complaint.

///

1   22.     Paragraph 21 incorporates the allegations contained in previous paragraphs and
2   thus, MSSB incorporates its previous responses respectively.

3   23.     Paragraph 22 contains no factual allegations.  Therefore, MSSB neither admits nor
4   denies Paragraph 22.

5   24.     MSSB denies the allegations of Paragraph 24 of the First Amended Complaint

6   25.     MSSB denies the allegations of Paragraph 25 of the First Amended Complaint

7   26.     MSSB admits that Plaintiff by and through his attorneys has filed and served the
8   First Amended Complaint.  Except as so expressly admitted, MSSB denies the remaining
9   allegations of Paragraph 26 of the First Amended Complaint

10  27.     Paragraph 27 incorporates the allegations contained in previous paragraphs and
11  thus, MSSB incorporates its previous responses respectively.

12  28.     Paragraph 28 contains no factual allegations.  Therefore, MSSB neither admits nor
13  denies Paragraph 22.

14  29.     Paragraph 29 contains no factual allegations.  Therefore, MSSB neither admits nor
15  denies Paragraph 22.

16  30.     Paragraph 30 contains no factual allegations.  Therefore, MSSB neither admits nor
17  denies Paragraph 22.

18  31.     Paragraph 31 contains no factual allegations.  Therefore, MSSB neither admits nor
19  denies Paragraph 22.

20  32.     Paragraph 32 contains no factual allegations.  Therefore, MSSB neither admits nor
21  denies Paragraph 22.

22  33.     Paragraph 33 contains no factual allegations.  Therefore, MSSB neither admits nor
23  denies Paragraph 33.

24  34.     MSSB denies the allegations of Paragraph 34 of the First Amended Complaint.

25  35.     MSSB denies the allegations of Paragraph 35 of the First Amended Complaint.

26  36.     MSSB denies the allegations of Paragraph 36 of the First Amended Complaint.

27  37.     Paragraph 37 incorporates the allegations contained in previous paragraphs and
28  thus, MSSB incorporates its previous responses respectively.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4125-9560-5782

- 4 -

ANSWER TO THE FIRST AMENDED COMPLAINT
3:18-CV-02835-WHO

1  38. MSSB denies the allegations of Paragraph 38 of the First Amended Complaint.

2  39. MSSB denies the allegations of Paragraph 39 of the First Amended Complaint.

3  40. MSSB denies the allegations of Paragraph 40 of the First Amended Complaint.

4  41. Paragraph 41 incorporates the allegations contained in previous paragraphs and thus, MSSB incorporates its previous responses respectively.

6  42. MSSB denies the allegations of Paragraph 42 of the First Amended Complaint.

7  43. MSSB admits that it was served with a letter on May 14, 2018, purporting to be from Plaintiff's counsel to the LWDA.  Except as so expressly admitted, MSSB denies the remaining allegations of Paragraph 43 of the First Amended Complaint.

10  44. MSSB lacks sufficient knowledge and information to form a belief as to the truth of, and on that basis denies, the allegations of Paragraph 44 of the First Amended Complaint.

12  45. MSSB admits that Plaintiff by and through his attorneys has filed and served the First Amended Complaint.  Except as so expressly admitted, MSSB denies the remaining allegations in the Prayer for Relief and denies that Plaintiffs, any putative class, any aggrieved employee, and/or any of their attorneys is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that Plaintiff fails to state a claim upon which relief may be granted.

2. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that recovery by Plaintiff and the putative class members that he seeks to represent is barred in whole or in part by their own unclean hands and by the doctrine of *in pari delicto*, including but not limited to the Plaintiff's breach of fiduciary duty, theft of trade secrets, and unfair competition.

3. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB asserts that Plaintiff and/or putative class members that Plaintiff seeks to represent agreed to resolve any disputes with MSSB through arbitration, and pursuant to the arbitration agreement(s), Plaintiff's claims and the claims of any other putative class members must proceed on an individual basis through arbitration and not on a representative basis.

4.	As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff and the putative class members that he seeks to represent.

5.	As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that, should it be determined that Plaintiffs and/or the putative class members that he seeks to represent have been damaged, then said damages were proximately caused by their own conduct.

6.	As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that Plaintiff and the putative class members that he seeks to represent failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiff and the putative class members that he seeks to represent failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties.

7.	As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that the claims of Plaintiff and the putative class members that he seeks to represent are barred by the applicable statute(s) of limitations, including but not limited to California Code of Civil Procedure sections 340(a) and 340(b).

8.	As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that Plaintiff and the putative class members that he seeks to represent unreasonably delayed bringing this action to the prejudice of MSSB, and therefore the First Amended Complaint and each cause of action therein is barred by the doctrine of laches.

9.	As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that recovery in this action by Plaintiff and the putative class members that he seeks to represent is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

///

10. As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that Plaintiff and the putative class members that he seeks to represent, by their acts or omissions, are estopped from asserting any claims upon which they now seek relief.

11. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that Plaintiff and the putative class members that he seeks to represent are not entitled to equitable relief because they have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law.

12. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that MSSB acted in good faith and had reasonable grounds for believing its actions did not violate the Labor Code.

13. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB denies the allegations contained therein, but, if such conduct is found to have occurred, it is the result of a good faith dispute over wages due and there was no willful failure to pay wages.

14. As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that Plaintiff, the putative class members, and/or other aggrieved employees lack standing.

15. As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that Plaintiff and the putative class members that he seeks to represent released, relinquished and/or waived any right to any of the claims upon which they now seek relief.

16. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that the claims of Plaintiff and/or some putative class members are barred by payment, setoff, and/or accord and satisfaction.

17. As a separate defense to the First Amended Complaint and to each cause of action therein, MSSB alleges that any recovery by Plaintiff and/or putative class members is barred or must be reduced as a result of comparative fault.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4125-9560-5782

- 7 -

ANSWER TO THE FIRST AMENDED COMPLAINT
3:18-CV-02835-WHO

18. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that the claims of Plaintiff and/or putative class members he seeks to represent are subject to disputes over wages.

19. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that the claims of Plaintiff and/or putative class members he seeks to represent are barred by the doctrine of settlement and release.

20. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that Plaintiff and/or the putative class members that Plaintiff seeks to represent approved, consented to and/or ratified some or all of the actions now complained of.

21. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that Plaintiff cannot satisfy the requirements for a class, collective, or representative action.

22. As a separate defense to the First Amended Complaint and to each cause of action therein, use of a class action mechanism would be unconstitutional under the United States Constitution and the California Constitution and violative of MSSB's due process because MSSB retains the right to assert the exemption defense as to every potential class member.

23. As a separate defense to the First Amended Complaint and the fourth cause of action therein, MSSB alleges that Plaintiff failed to timely and adequately exhaust his administrative remedies prior to filing the First Amended Complaint.

24. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that prosecuting a representative action under the Private Attorneys General Act ("PAGA"), based upon the facts and circumstances alleged in support of Plaintiff's First Amended Complaint, would be an unconstitutional denial of MSSB's rights contained in the United States and California Constitutions, including, but not limited to, the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

25. As a separate defense to the First Amended Complaint and the fourth cause of action therein, MSSB alleges that PAGA is unconstitutional under the federal and California

Constitutions.  MSSB alleges that prosecution of this matter as a representative action under PAGA and/or an award of penalties under PAGA against MSSB would violate the constitutionally based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the executive branch of government by the California Constitution and impermissibly delegated by PAGA to private attorneys without essential safeguards, including continuing oversight or control by the executive branch.

26. As a separate defense to the First Amended Complaint and the fourth cause of action therein, MSSB alleges that prosecution of Plaintiff's cause of action as a representative action under PAGA and/or an award of penalties under PAGA against MSSB would violate the constitutionally based separation of powers doctrine by impermissibly usurping the power to regulate lawyers, including the power to promulgate the rules by which such lawyers may or may not pursue causes of action to benefit the State or other public bodies.  These powers are assigned to the judicial branch and have been exercised by the judicial branch.  PAGA impermissibly legislates in contravention of those powers, including by delegating power to private attorneys to pursue causes of action on terms not sanctioned by the judicial branch or the rules regulating the legal profession.

27. As a separate defense to the First Amended Complaint and the fourth cause of action therein, MSSB alleges that Plaintiff's PAGA cause of action is unmanageable as a representative action seeking to represent other purported aggrieved employees because, among other reasons, proving the alleged violations of the California Labor Code would require too many individualized assessments, the other purported aggrieved employees cannot adequately and readily be identified, and the scope of purported aggrieved employees is overbroad.

28. As a separate defense to the First Amended Complaint and each cause of action therein, MSSB alleges that Plaintiff and the putative class members that Plaintiff seeks to represent are not entitled to recover any amount of civil penalties greater than a nominal amount, because, under the facts and circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

///

1        29.     As a separate defense to the First Amended Complaint and each cause of action therein, to the extent Plaintiff and/or the putative class members that Plaintiff seeks to represent seek civil money penalties, such claims are unconstitutional under federal and/or state constitutional provisions of due process, equal protection and excessive fines clauses.

         30.     As a separate defense to the First Amended Complaint and each cause of action therein, the First Amended Complaint is barred by the Supremacy Clause of the United States Constitution, Article VI, Section 2, in that the First Amended Complaint purports to impose requirements or standards that are different from and contrary to those imposed by the Federal Arbitration Act, and is thus preempted by federal law.

         31.     As a separate defense to the First Amended Complaint and each cause of action therein, the First Amended Complaint is barred by the doctrines of *res judicata* and/or collateral estoppel.

         32.     MSSB has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available. MSSB reserves the right to assert additional defenses in the event discovery indicates that to do so would be appropriate.

## PRAYER FOR RELIEF

MSSB prays that the Court grant the following relief:

1.  That the First Amended Complaint be dismissed with prejudice and that Plaintiff and the putative class members and/or aggrieved employees that he seeks to represent take nothing thereby;
2.  That Plaintiff not be permitted to represent the putative class members or aggrieved employees;
3.  That judgment be entered in favor of MSSB on all claims;
4.  That MSSB be awarded its attorneys' fees and costs of suit; and
5.  For such other and further relief as this Court may deem proper.

///
///
///

| | | |
|---|---|---|
| 1 | Dated: August 30, 2018. | LYNNE C. HERMLE |
| 2 | | ANDREW R. LIVINGSTON |
| | | JINNIFER PITCHER |
| 3 | | Orrick, Herrington & Sutcliffe LLP |

By: */s/ Andrew R. Livingston*
       Andrew R. Livingston
       Attorneys for Defendant
       Morgan Stanley Smith Barney LLC

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4125-9560-5782

- 11 -

ANSWER TO THE FIRST AMENDED COMPLAINT
3:18-CV-02835-WHO