UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON HARVEY,

  Plaintiff,

  v.

MORGAN STANLEY SMITH BARNEY LLC,

  Defendant.

Case No. 18-cv-02835-WHO

**ORDER DENYING PROPOSED INTERVENORS ADMINISTRATIVE MOTION FOR INCLUSION OF INFORMATION IN THE CLASS NOTICE; GRANTING MOTION TO SEAL; DENYING MOTION TO INTERVENE**

Re: Dkt. Nos. 72, 54, 28

This order relates to two motions filed by the proposed intervenors Tracy Chen and Matthew Lucadano (the "Proposed Intervenors") in relation to the Order Granting Plaintiff's Motion For Preliminary Approval Of Class Action Settlement in this case between plaintiff Brandon Harvey and defendant Morgan Stanley Smith Barney LLC ("MSSB"). The Proposed Intervenors are both plaintiffs in a state court case, *Chen v. Morgan Stanley Smith Barney* (Orange County Superior Court Case No. 30-2014-00724866-CU-OE-CXC) ("*Chen*").

## I. THE MOTION FOR INCLUSION OF INFORMATION IN THE CLASS NOTICE

The Proposed Intervenors have filed an administrative motion seeking to include information about their lawsuit into the class notice issued in relation to preliminary approval of the proposed settlement in this case. [Dkt. No. 72]. They seek to be allowed one week to meet and confer with the Harvey and MSSB (collectively the "Parties") on how to address *Chen* in the class notice and to then submit a stipulation, or competing proposals, on the topic. The Proposed Intervenors argue that including basic information about *Chen* will benefit the class by providing them with fuller information about how the settlement will affect their rights and how to assess the value of their claims. According to them, the absence of adequate information about their rights

and options is a procedural defect that would affect the fairness analysis at final approval. In the alternative, they request that the Class Notice to be amended to include the following paragraph into the "Summary of the Case" section:

> In addition, since May 2014, plaintiffs Tracy Chen and Matthew Lucadano are pursuing a parallel lawsuit, *Chen v. Morgan Stanley Smith Barney LLC*, Case No. 30-2014-00724866-CU-OE-CXC, in California Superior Court in Orange County, asserting civil penalty claims on behalf of Morgan Stanley FAs and the State of California pursuant to the California Labor Code Private Attorneys General Act. Additional information about the Chen lawsuit is available at [Harvey settlement website, attaching Chen's amicus submission].

They would also request a similar paragraph to be added to the comparable section of the proposed PAGA Notice.

The Parties both oppose. Harvey argues that the Proposed Intervenor's motion is procedurally improper for three reasons: (i) they are not parties to this action and were only granted leave to file an amicus brief in opposition to the motion for preliminary approval;[1] (ii) the motion is untimely--this issue should have been raised in the briefing or at the oral argument that took place on June 12, 2019; and (iii) an administrative motion is not the correct method of seeking the relief requested because Local Rule 7-11 reserves such motions for "miscellaneous administrative matters" such as requests to exceed page limits or to file documents under seal. [Dkt. No. 73]. At minimum, Harvey contends, the Proposed Intervenors should be required to file a properly noticed motion after providing a satisfactory explanation why these concerns were not raised earlier.

Harvey also argues that the motion should be denied on the merits because there is no authority for the Proposed Intervenors' request. He notes that there have been no "judicial findings" or "rulings on the merits of the claims" in *Chen* as described by the Proposed Intervenors. Further, in light of the litigation risks, Harvey states that it is unclear what the class notice could say about *Chen* that would assist the class members in deciding whether to participate in the proposed settlement because any statement about *Chen*'s likely outcome would be highly

---

[1] The Proposed Intervenors filed a 25 page brief and over 600 pages of declarations and supporting exhibits in support of their opposition to preliminary approval.

speculative at best, or confusing and misleading at worst. Harvey states that if there is any mention of *Chen* in the class notice, it should be limited to the name, case number, and court where *Chen* is pending. If *Chen* is mentioned, Harvey requests a reminder to all litigants and their counsel that it is improper to encourage class members to object or opt-out of the proposed settlement. Lastly, Harvey contends that I should not require the Parties to post the Proposed Intervenor's amicus brief on their settlement website because it is permeated with unfounded and incendiary accusations against the parties and their counsel. Harvey also disputes the Proposed Intervenors' damages calculations as lacking foundation and highly speculative.

MSSB argues that the Proposed Intervenor's motion should be denied on additional grounds as well. [Dkt. No. 74]. It contends that the purpose of providing information about parallel proceedings in a class notice is to provide individuals with the information necessary to opt out and pursue their own separate recovery in that separate proceeding. But here, potentially aggrieved employees under PAGA do not have the right to object or opt out of a PAGA settlement. Therefore, identifying *Chen*, which is a PAGA only action, in a Rule 23 notice would give the mistaken impression that potential class members have a right to opt out as PAGA aggrieved employees. These class members, MSSB states, are already provided information on how to opt out of the class action. MSSB also asserts that the Proposed Intervenors' citations are irrelevant because they are all Rule 23 class action cases and do not involve listing PAGA-only cases.

The Parties' arguments on procedural grounds are all correct. An administrative motion is the incorrect vehicle for the Proposed Intervenors' motion and they had the opportunity to make their request in the amicus brief and at the hearing on the preliminary approval motion. Moreover, I agree with the Parties on the merits. Potentially aggrieved employees do not have the right to opt out or object to a PAGA settlement. The cases relied on by the Proposed Intervenors all involve multiple Rule 23 class actions, not PAGA-only cases like *Chen*. *See Mata v. Manpower Inc.*, No. 14-CV-03787-LHK, 2016 WL 4702744, at *8–9 (N.D. Cal. Sept. 8, 2016) (parallel cases also class actions); *Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 581382, at *4 (N.D. Cal. Feb. 11, 2015) (same). And although the Ninth Circuit in *Churchill Vill., L.L.C. v. Gen. Elec.*, 361

1 F.3d 566, 575 (9th Cir. 2004) found that the notice of settlement there adequate where it "listed
2 the names, case numbers, and courts of pending actions in Illinois, Florida, New York, and
3 Connecticut" that were related to the settling litigation, it did not state that such a list was required.
4 If there is any slight value for class members in listing *Chen* in the class notice, it is substantially
5 outweighed by the confusion it would cause; it is not likely to be of benefit to class members in
6 deciding whether to opt out of or object to this action. The Proposed Intervenors' motion is
7 denied.

## II. THE PROPOSED INTERVENORS' MOTION TO SEAL

The Proposed Intervenors also seek to file under seal the following documents: (i) Declaration of Laura Sullivan in Support of Brief of Amici Curiae Tracy Chen and Matthew Lucadano in Opposition to Plaintiff's Motion for Preliminary Approval; (ii) Declaration of Mark Humenik in Support of Brief of Amici Curiae Tracy Chen and Matthew Lucadano in Opposition to Plaintiff's Motion for Preliminary Approval; (iii) Exhibits 7, 14, 17, 19-26, 28, 30-36, and 38 to the Declaration of Laura Sullivan in Support of Brief of Amici Curiae Tracy Chen and Matthew Lucadano in Opposition to Plaintiff's Motion for Preliminary Approval; and (iv) Exhibit 49 to the Declaration of Mark Humenik in Support of Brief of Amici Curiae Tracy Chen and Matthew Lucadano in Opposition to Plaintiff's Motion for Preliminary Approval. [Dkt. No. 54]. They state that these documents and exhibits contain information designated as confidential by MSSB pursuant to the stipulated protective order in *Chen*.

Where information is submitted in connection with a pleading that "is more than tangentially related to the merits," the compelling justifications standard must be met to seal that information. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1103 (9th Cir. 2016). The information at issue here – information submitted in support of the Proposed Intervenors' opposition to the motion for preliminary approval – is on its face related to the merits of the matter and dispositive issues before the Court; whether to preliminarily approve the settlement, approve notice, and move the case towards Final Approval of the settlement. *See also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (drawing distinctions between materials submitted in support of non-dispositive motion and materials submitted in support of

4

1 dispositive motions).

2 MSSB filed a declaration in support of the motion to seal. [Dkt. No. 56]. It represents that the information at issue was designated confidential in *Chen* and should remain under seal because it is confidential and proprietary information regarding its compensation structures, release of which could be prejudicial to MSSB's business or operations or would violate the privacy interests of third-parties. *Id*. ¶¶ 6-29. The very detailed declaration in support provides adequate justification to meet the compelling justification standard for purposes of sealing information submitted in conjunction with the preliminary approval motion. The administrative motion to seal (Dkt. No. 54) is GRANTED.

### III. THE MOTION TO INTERVENE

At a hearing on February 27, 2019, I stated that the Proposed Intervenors' motion to intervene [Dkt. No. 28] would be held until after the motion for preliminary approval, and that I would revisit it at or after the hearing on preliminary approval. [Dkt. No. 41]. I allowed the Proposed Intervenors to file an amicus brief and to present oral argument at the hearing on preliminary approval. At the hearing, the Proposed Intervenors asked that the motion to intervene be granted to ensure that they could be heard on behalf of the state at final approval with respect to the PAGA issues. [Dkt. No. 70].

The motion to intervene is DENIED. It is my job to consider the interest of the state at the final approval stage; I am well aware of the Proposed Intervenors' position that the PAGA payment should be larger. Intervention is also unnecessary to protect the interest of the Proposed Intervenors. Lucadano is a class member. He may object or opt out. Chen is not, but he has made his position clear at the hearing for preliminary approval. I will assume that his position has not changed when ruling on the sufficiency of the settlement at the final approval hearing.

**IT IS SO ORDERED.**

Dated: September 5, 2019

William H. Orrick
United States District Judge