1   Edward J. Wynne (165819)
    ewynne@wynnelawfirm.com
2   WYNNE LAW FIRM
    Wood Island
3   80 E. Sir Francis Drake Blvd., Ste. 3-G
    Larkspur, CA 94939
4   Tel: (415) 461-6400
    Fax: (415) 461-3900
5
    James F. Clapp (145814)
6   jclapp@clapplegal.com
    Marita M. Lauinger (199242)
7   mlauinger@clapplegal.com
    CLAPP & LAUINGER LLP
8   701 Palomar Airport Road, Suite 300
    Carlsbad, California 92011
9   Tel: (760) 209-6565 ext. 101
    Fax: (760) 209-6565
10
    David S. Markun (108067)
11  dmarkun@mzclaw.com
    Jeffrey K. Compton (142969)
12  jcompton@mzclaw.com
    MARKUN ZUSMAN FRENIERE &
13  COMPTON LLP
    17383 Sunset Boulevard, Suite A380
14  Pacific Palisades, CA 90272
    Tel: (310) 454-5900
15  Fax: (310) 454-5970

16  Class Counsel

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO DIVISION

20

21  BRANDON HARVEY, individually and          CASE No. 3:18-cv-02835-WHO
    on behalf of all others similarly situated,
22                                            **PLAINTIFF BRANDON HARVEY'S**
                    Plaintiff,                **OPPOSITION TO MOTION FOR AWARD**
23                                            **OF ATTORNEYS' FEES, COSTS, AND**
                                              **SERVICE AWARDS**
24  v.
                                              Date:      February 5, 2020
25  MORGAN STANLEY SMITH BARNEY               Time:      2:00 p.m.
    LLC,                                      Judge:     Hon. William H. Orrick
26                                                       Courtroom 2, 17th Floor
                    Defendant.
27

28  ///

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................1

II.   STATEMENT OF FACTS .....................................................................3

III.  DISCUSSION .......................................................................................5

    A.   ATTEMPTED INTERVENORS HAVE NOT MET THEIR BURDEN ...............5

    B.   ATTEMPTED INTERVENORS HAVE NOT ESTABLISHED ENTITLEMENT  TO ANY PORTION OF THE COMMON FUND ..................5

        1.   Attempted Intervenors Misstate the Test for Entitlement to Fees under the   Common Fund Theory ...............................................5

        2.   Entitlement to Fees is Contingent upon Whether the Benefit to the Class   Created, Enhanced, Preserved or Protected the Fund....................7

            a.   Work on Collateral Litigation May Be Eligible for Fees If the Test For   Entitlement is Satisfied ............................................8

            b.   Work that is Merely Incidentally Beneficial Does Not Warrant a Fee ...............................................................................9

        3.   Attempted Intervenors Did Not Create, Increase, Protect or Preserve the   Settlement Fund.................................................10

        4.   Attempted Intervenors Have Conveyed No Substantial Benefit to the Class ...........................................................................11

            a.   The Work in *Chen* Did Not Benefit the Class...............................11

            b.   The Court Never Found that Attempted Intervenors Conferred a   Benefit on the Class ...............................12

            c.   Morgan Stanley Was Motivated by *Harvey*..................................14

                i.   Class Counsels' Theory of Liability ...............................14

                ii.   *Harvey* is a Rule 23 Case; *Chen* is a PAGA-only Case ...........................................................................15

                iii.   Class Counsel Reasonably Evaluated the Claims .............15

    C.   ATTEMPTED INTERVENORS ARE NOT ENTITLED TO STATUTORY FEES..........................................................................16

        1.   Attempted Intervenors are not Eligible for Fees under C.C.P. § 1021.5..............................................................................16

            a.   Lucadano is not a Party ...............................................16

            b.   Lucadano has not been Successful................................18

        c.     Lucadano Has Not Conferred a Significant Benefit ......................19

        d.     The Class and Lucadano are not Opposing Parties.......................19

    2.    Attempted Intervenors are not Eligible for Fees under the Labor Code ............................................................................................................19

        a.     Attempted Intervenors are not Prevailing Parties .........................19

        b.     Attempted Intervenors are not Eligible for Fees under PAGA ..............................................................................................20

D.    ATTEMPTED INTERVENORS ARE NOT ELIGIBLE FOR SERVICE AWARDS ......................................................................................................21

    1.    Attempted Intervenors Are Not Eligible For Class Representative Awards ...........................................................................................................21

    2.    Attempted Intervenors Are Not Eligible For Service Awards ..................21

E.    INTERVENTION SHOULD BE DENIED ..........................................................22

IV.    CONCLUSION .............................................................................................................23

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Angoff v. Goldfine,*
  270 F.2d 185 (1st Cir. 1959) ................................................................. 9

*Azizian v. Federated Dep't Stores,*
  No. C-03-3359 SBA, 2007 WL 425850 (N.D. Cal. Feb. 8, 2007) ........................................ 10

*B.P. North America Trading, Inc. v. Vessel Panamax Nova,*
  784 F.2d 975 (9th Cir. 1986) ................................................................. 7

*Boeing v. Van Gemert,*
  444 US 472 (1980) ................................................................. 2, 6, 13

*Class Plaintiffs v. Jaffe & Schlesinger, P.A.,*
  19 F.3d 1306 (9th Cir. 1994) ................................................................. passim

*Coates v. Farmers Grp.,*
  No. 15-CV-01913-LHK, 2016 WL 5791413 (N.D. Cal. Sept. 30, 2016) ................................... 22

*Donovan v. CSEA Local Union 1000, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO,*
  784 F.2d 98 (2d Cir. 1986) ................................................................. 9

*Gerstein v. Micron Technology,*
  1993 WL 735031 (D. Idaho 1993) ................................................................. 11

*Gibson v. Chrysler Corp.,*
  261 F.3d 927 (9th Cir. 2001) ................................................................. 17

*In re Heritage Bond Litigation,*
  2005 WL 1594389 (C.D. Cal. 2005) ................................................................. 8, 10

*In re HP Inkjet Printer Litig.,*
  716 F.3d 1173 (9th Cir. 2013) ................................................................. 12

*In re Online DVD-Rental Antitrust Litigation,*
  779 F.3d 934 (9th Cir. 2015) ................................................................. 3, 21

*In re Prudential Ins. Co. of Am. Sales Practice Litig.,*
  148 F.3d 283 (3d Cir. 1998) ................................................................. 5

*In re Stec Inc. Sec. Litig.,* No. CV 09-8536-JVS(MLGX),
  2013 WL 12129391 (C.D. Cal. May 23, 2013) ................................................................. 5, 8, 12

*In re Washington Pub. Power Supply Sys. Sec. Litig.,*
  19 F.3d 1291 (9th Cir. 1994) ................................................................. 5

*Kanter v. Warner–Lambert Co.,*
  265 F.3d 853 (9th Cir. 2001) ................................................................. 18

iii

*Kona Enters., Inc. v. Estate of Bishop,*
  229 F.3d 877 (9th Cir. 2000) ................................................................................16

*Lindy Bros. Builders, Inc., v. American Radiator, Etc.,*
  540 F.2d 102 (3d Cir. 1976) ...................................................................................6

*Monaghan v. Telecom Italia Sparkle of N. Am.,*
  647 F. App'x 763 (9th Cir. 2016) ....................................................................3, 20

*MRO Commc'ns, Inc. v. AT & T Co.,*
  197 F.3d 1276 (9th Cir. 1999) ..............................................................................16

*Olson v. Michaels Stores,*
  2017 WL 3317811 (C.D. Cal. Aug. 2, 2017) .......................................................18

*Pappas v. Naked Juice Co of Glendora,*
  No. LACV1108276JAKPLAX, 2014 WL 12382279 (C.D. Cal. Jan. 2, 2014) ........9

*Quevedo v. New Albertsons,*
  2015 WL 10939716 (C.D. Cal. May 27, 2015) .....................................................20

*Reynolds v. Beneficial Nat'l Bank,*
  288 F.3d 277 (7th Cir.2002) ...................................................................................9

*Rodriguez v. Disner,*
  688 F.3d 645 (9th Cir. 2012) ..............................................................................5, 6

*Tsyn v. Wells Fargo Advisors,*
  N.D. Cal. Case No. 14-cv-02552-LB ........................................................14, 15, 16

*US Airways, Inc. v. McCutchen,*
  569 U.S. 88 (2013) ...............................................................................................5, 6

*Van Vranken v. Atl. Richfield Co.,*
  901 F. Supp. 294 (N.D. Cal. 1995) .......................................................................21

*Vedachalam v. Tata Consultancy Servs., Ltd,*
  No. C 06-0963 CW, 2013 WL 3929129 (N.D. Cal. July 18, 2013) ......................22

*Vincent v. Hughes Air West,*
  557 F.2d 759 (9th Cir. 1977) ..................................................................................7

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) ............................................................................9, 14

*Wellens v. Sankyo,* No. C 13-00581 WHO (DMR),
  2016 WL 8115715 (N.D. Cal. Feb. 11, 2016) .....................................................3, 22

*Wininger v. SI Mgmt. L.P.,*
  301 F.3d 1115 (9th Cir. 2002) .................................................................................8

## STATE CASES

*City of Hawaiian Gardens v. City of Long Beach,*
  61 Cal.App.4th 1100 (1998).................................................................................16

iv                                          CASE NO. 3:18-cv-02835-WHO

*Coal. For a Sustainable Future in Yucaipa v. City of Yucaipa,*
   238 Cal.App.4th 513 (2015)................................................................17

*Consumer Cause, Inc. v. Mrs. Gooch's Nat. Food Markets,*
   127 Cal.App.4th 387 (2005)..............................................2, 14, 16, 18

*Donner Mgmt. Co. v. Schaffer,*
   142 Cal.App.4th 1296 (2006)..............................................................20

*Flannery v. Prentice,*
   26 Cal.4th 572 (2001) .........................................................................22

*Graham v. DaimlerChrysler Corp.,*
   34 Cal.4th 553 (2004) ...................................................2, 17, 18, 19

*Hernandez v. Restoration Hardware,*
   4 Cal.5th 260 (2018) ...........................................................................2

*Lindelli v. Town of San Anselmo,*
   139 Cal.App.4th 1499 (2006)........................................................22, 23

*Olive v. Gen. Nutrition Centers,*
   30 Cal.App.5th 804 (2018)...................................................................20

*Rey v. Madera Unified School Dist.,*
   203 Cal.App.4th 1223 (2012)..............................................................19

*Santisas v. Goodin,*
   17 Cal.4th 599 (1998) ...................................................................18, 20

*Savaglio v. Wal-Mart Stores,*
   149 Cal.App.4th 588 (2007)................................................................17

*Sharif v. Mehusa,*
   241 Cal.App.4th 185 (2015)................................................................19

## STATUTES, RULES & REGULATIONS

26 U.S.C.,
   § 162(a) ..............................................................................................15

Business & Professions Code,
   § 17200 ........................................................................................15, 17

C.C.P.,
   § 1021.5 .......................................................................................passim

Cal. Civ. Code,
   § 1780................................................................................................18

Federal Rules of Civil Procedure,
   Rule 23 ...............................................................................10, 12, 15, 19

Federal Rules of Civil Procedure,
   Rule 26(f) .............................................................................................3

Labor Code,
 § 2698...............................................................................................................2, 15

Labor Code,
 § 2699.................................................................................................................20

Labor Code,
 § 2802.................................................................................................................15

## <u>OTHER AUTHORITIES</u>

William Rubenstein, Alba Conte, & Herbert B. Newberg,
 Newberg on Class Actions § 15:58 (5th ed.) ....................................................7, 17

Manual for Complex Litigation, Fourth,
 § 14.11 (2004) ......................................................................................................7

PLAINTIFF BRANDON HARVEY'S OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES

1

## I.   INTRODUCTION

Class representative and named plaintiff Brandon Harvey submits the following opposition to Tracy Chen's and Matthew Lucadano's (collectively, "Attempted Intervenors") Motion for Attorney Fees, Costs and Service Awards.

Attempted Intervenors' request is unprecedented. There is not a single reported case holding that a class action objector who *opposes* creation of a settlement fund—and in fact is actively *appealing* the district court's orders approving the creation of that fund—is entitled to recover fees from the fund the objector is simultaneously trying to eviscerate. Attempted Intervenors had no role in creating the instant settlement fund, conferred no benefit on the class, and intend to oppose the settlement both in this Court and in the Ninth Circuit. Their request to be paid fees from the settlement they so vociferously oppose—in an amount that far exceeds the fees sought by Class Counsel—is antithetical to the interests of the class and should be rejected by this Court.

While Attempted Intervenors' request is novel, the standard by which fees may be awarded to non-class counsel under a common fund theory is well established. The test is "whether the attorneys' 'specific services benefited the fund—**whether they tended to create, increase, protect or preserve the fund**." *Class Plaintiffs v. Jaffe & Schlesinger, P.A.,* 19 F.3d 1306, 1308 (9th Cir. 1994), emph. added.

Attempted Intervenors did not create the settlement fund. As this Court specifically recognized at preliminary approval, it was Class Counsel that settled it. Attempted Intervenors have not increased the fund. In fact, their request, if granted, would substantially decrease the fund. Attempted Intervenors have not protected or preserved the fund. They have done the exact opposite. At every turn, Attempted Intervenors have attacked the settlement, attacked Class Counsel, attacked this Court's order on intervention, and pledged to attack the final judgment. Attempted Intervenors have not met their burden to show entitlement to fees and costs under a common fund theory.

The basis for Attempted Intervenors' request boils down to work they did on their separate, non-class case in state court. While Attempted Intervenors certainly did a tremendous

amount of work in their case, none of it benefited the class here. Class Counsel did not rely upon, or even possess, any discovery generated in *Chen*.

The Court's observation that Morgan Stanley may have been motivated to come to the table with *Harvey* because of *Chen* is simply not a finding that Attempted Intervenors created, increased, preserved or protected the fund – nor could it. Even assuming *arguendo* that Morgan Stanley was so motivated, there is no legal basis for an award under such circumstances because "motivation" is simply not a "concrete benefit to the class" that can be "traceable with reasonable accuracy." *Consumer Cause, Inc. v. Mrs. Gooch's Nat. Food Markets, Inc.*, 127 Cal.App.4th 387, 398 (2005) *disapproved on other grounds by Hernandez v. Restoration Hardware, Inc.*, 4 Cal.5th 260 (2018); *Boeing v. Van Gemert*, 444 US 472, 479 (1980).

Indeed, while "motivation" does not satisfy the test for entitlement to fees, Morgan Stanley was not, in fact, incentivized by anything Attempted Intervenors did. It was Class Counsels' theory of liability, the claims alleged in *Harvey*, and their professional approach that incentivized Morgan Stanley to come to the table, and stay, for three separate mediations that resulted in the deal that this Court has approved.

Attempted Intervenors have similarly not met their burden for an award for statutory fees and costs. An award under C.C.P. § 1021.5 can only be made to a party who is successful where a significant benefit has been conferred and the award must come from an opposing party. Attempted Intervenors are not parties, they have not been successful in even the broadest sense of the term in any litigation, they have not conferred any benefit on the class, and the source of the payment of Attempted Intervenors' fee request – the class – is not an opposing party; Morgan Stanley is. Attempted Intervenors are ineligible for fees and costs under C.C.P. § 1021.5.

An award of fees and costs under the Labor Code requires a prevailing party. A prevailing party is defined as one who has achieved his or her litigation goals. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 571 (2004). Attempted Intervenors are neither parties nor have they achieved any of their litigation goals. An award of fees under the Labor Code Private Attorneys General Act of 2004 (PAGA), Labor Code § 2698, *et seq.,* aside from requiring prevailing party status, can only be made to an employee who has brought suit in a representative capacity.

*Monaghan v. Telecom Italia Sparkle of N. Am., Inc.,* 647 F. App'x 763, 770 (9th Cir. 2016). Attempted Intervenors have not been designated as the representatives of the aggrieved employees either in this case, or in *Chen* (which at the time of this settlement was merely proceeding as a two-plaintiff trial).   Rather, this Court has appointed Brandon Harvey as the sole representative.

Attempted Intervenors are not eligible for a service award either. Fundamental to a service award is the notion that the individual did work "on behalf of the class." *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 943 (9th Cir. 2015) Here, however, Attempted Intervenors have at all times acted <u>contrary</u> to the interests of the class. Attempted Intervenors are ineligible for class representative awards because they are not the class representatives. Attempted Intervenors are also ineligible for service awards because they have not conveyed a substantial benefit to the class. *Wellens v. Sankyo*, No. C 13-00581 WHO (DMR), 2016 WL 8115715 at *4 (N.D. Cal. Feb. 11, 2016).

Attempted Intervenors have failed to meet their burden for fees and costs and service awards under theory. Accordingly, the motion should be denied.

## II.    STATEMENT OF FACTS

Plaintiff incorporates by reference herein his factual and procedural statements as contained in his opposition to the Attempted Intervenors' motion to intervene (Dkt. 36) and Plaintiff's motion for preliminary approval. (Dkt. 48.) Plaintiff addresses some of Attempted Intervenors' points below.

● There were no "secret" negotiations. Attempted Intervenors were on notice as early as August 28, 2019 – *not December 2019* – that Plaintiff and Defendant were going to participate in a mediation, yet Attempted Intervenors did nothing.

As required by Rule 26(f) and this Court's May 25, 2018 Case Management Conference Order (Dkt. 10), on August 3, 2018, Class Counsel and Morgan Stanley had a lengthy conference call to discuss the case in preparation for the upcoming CMC.  (Dkt. 36-4, Wynne Decl. ¶ 19.) During that call, the parties first discussed the possibility of attending a mediation.  On August 28, 2018, as required by Local Rule 16-8 and ADR Rule 3-5, the parties filed an ADR stipulation

selecting private mediation, which the Court approved and ordered on August 30.  (Dkt. 20, 22.)

● Class Counsel did not rely on any work from *Chen*.

At no point during the history of *Harvey* has Class Counsel relied on a single deposition, interrogatory response or document that was generated in *Chen*. Class Counsel is not even in the possession of any discovery from *Chen*. Based on their skill and experience with prior similar litigation, Class Counsel knew with precision what data and policies and procedures they needed to effectively and efficiently prosecute this case for the benefit of the class. Class Counsel has not relied on anything from *Chen*. (Decl. of Wynne, ¶ 4.)

● Mediator Mark Rudy did not leave the third global mediation with Attempted Intervenors' counsel on January 17, 2019.

Prior to getting to the third global mediation session, the parties participated in an arm's-length mediation with Tripper Ortman on November 8, 2018. The parties were unable to reach an agreement but met again on November 19, 2018. No deal was reached at the mediation. Subsequently, Class Counsel pushed Morgan Stanley to invite Attempted Intervenors to the third global mediation. (Dkt. 58-1, Wynne Decl., ¶ 4.) While Class Counsel sought to reach a global deal that would have included Attempted Intervenors, no deal was reached and Attempted Intervenors left the mediation prior to its conclusion. However, Mark Rudy did not leave with Attempted Intervenors. He stayed and continued to mediate with the parties alongside Tripper Ortman. (Decl. of Wynne, ¶ 5.)

● Attempted Intervenors' meet and confer regarding this motion consisted of demand to file a joint motion for attorney fees and a refusal to withdraw the appeal and a refusal to withdraw opposition to the settlement.

On October 3, 2019 Jahan Sagafi called Mr. Wynne and wanted to discuss Class Counsels' motion for attorney fees. This call had followed months of fruitless discussions with Attempted Intervenors' counsel and counsel for Morgan Stanley, both inside and outside of mediation, where Class Counsel attempted to reach a global settlement that would fairly compensate Attempted Intervenors' counsel. Mr. Sagafi proposed that Attempted Intervenors and Class Counsel file a joint motion for attorney fees and then subsequently work toward a division

4

in some manner. Mr. Wynne asked Mr. Sagafi if this meant he was dropping his appeal of the order denying intervention. He informed Mr. Wynne that Attempted Intervenors had no intention of dropping their appeal. Mr. Wynne then asked if they were going to withdraw their opposition to settlement. Mr. Sagafi responded that they were not and intended to appeal the judgment if it was approved. In light of Attempted Intervenors' confirmation that they intended maintain their opposition to the settlement, Mr. Wynne subsequently informed Mr. Sagafi that Class Counsel was not interested in a joint motion for attorney fees. (Decl. of Wynne, ¶ 6.)

## III.   DISCUSSION

### A.   ATTEMPTED INTERVENORS HAVE NOT MET THEIR BURDEN

An attorney submitting an application for an award of fees and expenses has the burden of establishing entitlement to such monies. *In re Prudential Ins. Co. of Am. Sales Practice Litig.,* 148 F.3d 283, 333–34 (3d Cir. 1998); *see also, In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1305-06 (9th Cir. 1994); *In re Stec Inc. Sec. Litig.*, No. CV 09-8536-JVS(MLGX), 2013 WL 12129391, at *8 (C.D. Cal. May 23, 2013) (motion for fees denied: attorneys did not meet burden of proof to show that work performed in state court action served to benefit the class in federal action). As set forth below, the Attempted Intervenors have not met their burden under any theory.

### B.   ATTEMPTED INTERVENORS HAVE NOT ESTABLISHED ENTITLEMENT TO ANY PORTION OF THE COMMON FUND

#### 1.   Attempted Intervenors Misstate the Test for Entitlement to Fees under the Common Fund Theory

Attempted Intervenors misstate the test for an award of attorney fees under the common fund theory. Attempted Intervenors state that the common fund doctrine "generally provides" that an attorney who "confers a benefit" on the class is entitled to fees citing to a footnote in *Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir. 2012) and *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 (2013). The test is not simply whether a "benefit was conferred" and neither citation support such a generalized approach. Both cases, however, support the "well established" test which is, "whether the attorneys' 'specific services benefited the fund—**whether they tended**

5

**to create, increase, protect or preserve the fund**." *Class Plaintiffs,* 19 F.3d at 1308, emph. added, citing *Lindy Bros. Builders, Inc., v. American Radiator, Etc.,* 540 F.2d 102, 112 (3d Cir. 1976).

At footnote 11 in *Rodriguez,* cited by Attempted Intervenors, the Ninth Circuit was not analyzing the test for fees under a common fund theory, but rather responding to class counsel's argument that the objectors in that case lacked standing to appeal the order denying fees. 688 F.3d at 660, n.11. In the footnote, the court rejected the argument and stated, in general terms, that an attorney who confers a benefit on the class has standing to challenge the denial of fees. The court cited to *Class Plaintiffs* where the definition of what it means to confer a benefit is found. Indeed, in the body of the *Rodriguez* opinion, the court stated that in order for objectors to be eligible for fees, the objections had to "result in an increase in the common fund." *Rodriguez*, 688 F.3d at 658. The court went on to add that even if the objectors brought about "minor procedural changes" in the settlement, they still would not be eligible for fees. 688 F.3d at 658. Attempted Intervenors have not increased the fund nor have they even been able to even bring about "minor procedural changes." (See, Dkt. 77, Order Denying *Chen* plaintiffs' administrative motion re class notice.)

Attempted Intervenor's reliance on *US Airways* fares no better. In *US Airways*, the employer sought recoupment, per the terms of a contract, of medical expenses paid to the employee where the employee had received a recovery from the responsible third-party. The employee argued that the principles of unjust enrichment trump the terms of the contract. Attempted Intervenors cite to the employee's *argument* – not the Court's *opinion* – in support of their glossed-over version of the test for fees under a common fund theory. The Supreme Court rejected the employee's argument. 569 U.S. at 96-101. However, later in the opinion, the Supreme Court did hold that where the plan was silent, the equitable doctrine of unjust enrichment would come into play. 569 U.S. at 103-104. Citing *Boeing Co. v. Van Gemert,* the Supreme Court stated, "This Court has 'recognized consistently' that someone 'who recovers a common fund for the benefit of persons other than himself' is due 'a reasonable attorney's fee from the fund as whole." 569 U.S. at 104. Because there was no dispute about who created the

6

fund in *US Airways*, unlike here, the Supreme Court had no need to articulate the standard for entitlement to fees as set forth in *Class Plaintiffs*.

## 2. Entitlement to Fees is Contingent upon Whether the Benefit to the Class Created, Enhanced, Preserved or Protected the Fund

Attempted Intervenors also cite an introductory section in Newberg on Class Actions for the proposition that the common fund theory is based on the notion of unjust enrichment – a concept that is not in dispute. However, in a further section, Newberg confirms the test for fees as set forth in *Class Plaintiffs*.[1] Newberg states that one of the threshold tests for being eligible to make a claim to a common fund is whether the attorney can show entitlement. In discussing entitlement, Newberg states,

> The common fund doctrine holds that an attorney responsible for recovering a common fund is generally entitled to a fee from that fund. The use of the word "recovering" in the prior sentence is a placeholder for a set of activities that counsel might do, any one of which would trigger the entitlement to a common fund fee award. Thus, an oft-used version provides that "a private plaintiff, or his attorney, whose efforts ***create, discover, increase or preserve*** a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees.

5 Newberg on Class Actions § 15:58 (5th ed.) (orig. emphasis) citing *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977), *B.P. North America Trading, Inc. v. Vessel Panamax Nova*, 784 F.2d 975, 977 (9th Cir. 1986) ("The common fund exception entitles a plaintiff to a fee award only if he has created, discovered, increased or preserved a fund to which others also have a claim."), and, *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977) ("The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees.").

Newberg also addresses the situation that is before this Court, i.e., a claim for attorney fees for work performed by attorneys other than class counsel, "While any lawyers are therefore entitled to *seek* fees, the measuring stick of counsel's *entitlement to a fee* comes back to the single

---

[1] Similarly, the Manual for Complex Litigation recognizes that in a common fund case, only the attorneys who "create or preserve" a fund may be eligible for attorney fees. Manual for Complex Litigation, Fourth, § 14.11 (2004).

question of whether their efforts did in fact create, enhance, preserve, or protect the fund under the court's supervision. Courts have been much more open to entertaining petitions from non-class counsel than to granting them." 5 Newberg on Class Actions § 15:60 (5th ed.) (orig. emphasis).

Class Counsel do not contest that Attempted Intervenors may *seek* fees. However, Attempted Intervenors are not *entitled* to fees because they have not created, enhanced, preserved or protected the settlement fund.

> ### a.    Work on Collateral Litigation May Be Eligible for Fees If the Test For Entitlement is Satisfied

Courts have awarded fees for work in collateral litigation because the test is not so much the relatedness of the collateral work, but rather whether the work benefits the class. *Wininger v. SI Mgmt. L.P.,* 301 F.3d 1115, 1121, n.3 (9th Cir. 2002) ("The level of relatedness to the ongoing litigation is of less importance than the extent to which the non-litigation work was calculated to—and in fact did—bring about the common fund presently under the district court's control.")

However, courts deny fee requests for work in parallel litigation where the work did not serve to create, increase, protect or preserve the settlement fund such as the case here. *In re Stec Inc. Sec. Litig.,* 2013 WL 12129391, at *8 ("The Court finds that awarding fees for BLBG's work relating to the State Court Action is unreasonable because the State Court Action did not serve to benefit the Settlement or Class Members."); *In re Heritage Bond Litigation*, 2005 WL 1594389, *17 (C.D. Cal. 2005) (finding that collateral state court action "did not confer any benefit to the class in this action" as "[n]o portion of the Settlement Fund can be attributed to" counsel's work in that action and hence concluding that counsel "is not entitled to receive any attorneys' fees or reimbursement of expenses for work it did" in the collateral state court action); *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1125 (9th Cir. 2002) (affirming district court's decision to refuse to award fees where the court found that counsel did not confer a benefit on the class through its work in collateral litigation).

Courts also deny fees for work performed within the litigation where the class received no benefit. This scenario most typically arises in the objector context. See, e.g., *Vizcaino v. Microsoft*

8

*Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002) (acknowledging right of objectors to seek fees but denying objectors' fees on factual grounds, stating that in "the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement, as a matter of law they were not entitled to fees"); *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 288 (7th Cir.2002) (explaining that "[t]he principles of restitution that authorize" the award of fees to objectors "also require, however, that the objectors produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class"); *Pappas v. Naked Juice Co of Glendora, Inc.,* No. LACV1108276JAKPLAX, 2014 WL 12382279, at *17 (C.D. Cal. Jan. 2, 2014) (preliminary approval granted over objector's objections; fees denied to objectors, "these objections did not benefit the class, and Sandys' Counsel is not entitled to compensation for presenting them.").

The cases Attempted Intervenors rely on are easily distinguishable because, in both of them, the collateral work provided a substantial benefit to the class markedly unlike the situation at bar. *Donovan v. CSEA Local Union 1000, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO*, 784 F.2d 98, 104 (2d Cir. 1986) (awarding fees to intervenor where contributions "redounded to the benefit of the entire CSEA membership."); *Angoff v. Goldfine*, 270 F.2d 185, 190 (1st Cir. 1959) (prior mandamus action by same counsel against defendant produced $230,000 benefit to corporation; court reversed denial of fees holding that it was "was reasonably necessary to bring the mandamus proceeding in aid of the present case, and [] that proceeding in fact produced a benefit to the corporation on behalf of which the main action was brought.").

### b.    Work that is Merely Incidentally Beneficial Does Not Warrant a Fee

Moreover, if the benefit to the class is merely incidental, courts will not award fees. In *Class Plaintiffs*, counsel applied for fees out of a settlement fund created in a federal class action lawsuit. 19 F.3d at 1308. The requested fees were for work done in a parallel state court litigation which was resolved by the federal action. Counsel argued that their efforts in the state proceedings conferred benefits on the class. *Id.* at 1308-09. The Ninth Circuit affirmed the district court's denial of the fee application notwithstanding that the "activities in representing others incidentally benefit the class." *Id.* at 1309. *See also, Azizian v. Federated Dep't Stores, Inc.*, No.

C-03-3359 SBA, 2007 WL 425850, at *1–2 (N.D. Cal. Feb. 8, 2007) (denying objectors' fees notwithstanding finding work of "some value" in modifying settlement but that work "did not substantially enhance value of the settlement or benefit the class sufficiently to warrant an award of attorneys' fees.")

Attempted Intervenors argue that because *Chen's* statute of limitations was relied upon to extend the temporal coverage of the settlement, they have conferred a benefit on the class. This is mistaken on a number of levels. First, preserving a statute of limitations has not been found "sufficient to merit compensation." *In re Heritage Bond Litigation*, 2005 WL 1594403, *25 (holding that although state counsel's "complaint in the State Court Action effectively preserved the statute of limitations, and thereby allowed Lead Plaintiffs an opportunity to file in federal court, such an act … is not viewed as sufficient to merit compensation"). Second, the statute of limitations in *Chen* is on her PAGA claim – it is not for a Rule 23 claim. *Chen* did not extend the statute for *Harvey's* Rule 23 claim where all but less 6% of the fund is attributed to. Relatedly, it makes absolutely no sense for the Rule 23 class to pay millions in fees for a PAGA-only settlement of the approximately one year of the *Chen* limitation period that is not covered by *Harvey* when the aggrieved employees (i.e., not the Rule 23 class members) covered by that one year will be receiving $125,000 (i.e., 25% of $500,000). *Ibid.* (fees for work performed for "unrelated and unsuccessful matter is inappropriate.")

Here, Attempted Intervenors have not even incidentally benefitted the class nor have they provided some value by enhancing or improving the settlement. If anything, their actions have been to the detriment of the class.

**3.** **Attempted Intervenors Did Not Create, Increase, Protect or Preserve the Settlement Fund**

Attempted Intervenors did not create the settlement fund. Class Counsel created the fund by negotiating with MSSB over three mediation sessions and reaching the deal that has been approved by this Court over Attempted Intervenors' objections. This Court has specifically recognized who created this fund at the hearing on the motion to intervene: "you've had this case for four and a half years. You didn't settle it. **The plaintiffs here settled it**; and if they got a good

settlement, then that ought to go forward." (Ex. 1, Decl. of Wynne, Rptr. Trans., February 27, 2019, p. 8:10-12, emph. added.)

Attempted Intervenors did not increase the fund. In fact, their motion for attorney fees, if granted, would demonstrably *decrease* the fund for the class. Class Counsel have requested 20% in attorney fees. Attempted Intervenors have requested 25% in attorney fees and costs. Class Counsels' request provides the class with an extra $511,750 than what this Court has preliminary approved. Attempted Intervenors' actions would, if approved, reduce the net settlement fund to the class by over a half a million dollars.

Attempted Intervenors have neither protected nor preserved the fund – they have done the very opposite. At every turn in this litigation, the Attempted Intervenors have attacked this settlement, attacked Class Counsel, attacked this Court's order denying intervention, and have threatened to attack the final judgment which will only cause unnecessary expense and delay to the detriment of the class. *See, Gerstein v. Micron Technology*, 1993 WL 735031, *1 (D. Idaho 1993) (rejecting fees because the "court is not persuaded that any aspect of [objector's] participation in this case has aided or conferred a benefit to the class" and because objector "needlessly added substantial expense to the litigation and has caused unnecessary delay in disbursement of the class fund to class members"). Class Counsel, on the other hand, have taken active steps to protect and preserve the fund by, among other steps, negotiating post-judgment interest at 5% on the fund in the likely event Attempted Intervenors appeal the final judgment. Assuming the appeal takes three years to resolve, the fund would increase by approximately $1,275,000. This is a substantial benefit to the class that Class Counsel have negotiated and secured for the benefit of the class in order to protect and, indeed, grow the fund.

**4.     Attempted Intervenors Have Conveyed No Substantial Benefit to the Class**

**a.     The Work in *Chen* Did Not Benefit the Class**

The core of Attempted Intervenors' claim for fees is that they have done a tremendous amount of work in the *Chen* case. No doubt. But that does not entitle them to fees in this case because attorney's fees are based on the *results obtained* for the benefit of the class. If the work did not benefit the class, the attorneys are not entitled to any fees:

> Attorney's fees are *never* "attributable to" an attorney's work on the action. They are "attributable to" the relief obtained for the class. (Cit.) **An attorney who works incredibly hard, but obtains nothing for the class, is not entitled to fees calculated by any method.** For although class counsel's hard work on an action is presumably a necessary condition to obtaining attorney's fees, it is never a sufficient condition. **Plaintiffs attorneys don't get paid simply for working; they get paid for obtaining results.** Because it is the class relief that is *both* a necessary and a sufficient condition to an award of attorney's fees, it follows that an attorney's fees award can only be "attributable to," or the consequence of, the class relief, not the attorney's hard work.

*In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1182 (9th Cir. 2013) (emph. added). Attempted Intervenors point to various motions in *Chen* and the discovery that was exchanged in that case. Attempted Intervenors fail to explain how any of those motions in that PAGA-only case somehow benefit the Rule 23 class and the PAGA action here. Attempted Intervenors likewise fail to explain how any of the discovery in that case benefits this class. It didn't. Class Counsel did not have, much less rely on, a single deposition, interrogatory, or document produced in *Chen* in order to successfully prosecute this action. *See, In re Stec Inc. Sec. Litig.*, 2013 WL 12129391, at *8 (denying fees for work in parallel state court action where, *inter alia*, attorneys failed to show how "discovery was beneficial to litigation in <u>this</u> case." Orig. emph.) The fact that Attempted Intervenors engaged in extensive law and motion practice and generated reams of discovery in *Chen* is of no moment. Attempted Intervenors are required to show how those motions and that discovery benefitted this class here. Attempted Intervenors have not because none of it served any benefit to this class.

### b.    The Court Never Found that Attempted Intervenors Conferred a Benefit on the Class

Perhaps recognizing that work alone does not equate to an entitlement to fees, Attempted Intervenors argue that the Court has already "noted" that they have conferred a benefit on the class. Attempted Intervenors take great liberties with the Court's comments. At no time has the Court stated that Attempted Intervenors created any benefit for the class. Certainly, the Court has never found – nor could it – that the Attempted Intervenors created, increased, protected or preserved the settlement fund.

The Court's comments at the motion to intervene were statements of what the Court was

interested in – not findings of fact. After telling Class Counsel that the Court was interested in the other similar cases counsel has litigated in this area, the mediation process, and Judge Claster's comments on what it would take to get *Chen* to trial and the problems with that case, the Court stated it was also interested in why Attempted Intervenors were not able to resolve their case in light of how long it had been pending:

> And I'm also interested in the fact that is case has been going on for four and a half years down in Southern California; and I suspect, you know, what impact that case and the ground that's been plowed there has on the settlement of this case, which was settled before – well, I don't know how much work has been done, but you'll explain all of that to me at the time of the preliminary approval.

(Ex. 1, p. 4:14-21.) There is no doubt that Attempted Intervenors plowed *their* field. They just didn't plow *this* field and most certainly never brought anything to harvest. Indeed, the Court expressly recognized that it is Class Counsel who created the fund by settling the case, "You didn't settle it. **The plaintiffs here settled it**; and if they got a good settlement, then that ought to go forward." (Ex. 1, p. 8:10-12, emph. added.)

At the hearing on the motion for preliminary approval, the Court commented that it appeared that the *Chen* case "incentivized Morgan Stanley to come to the table in the *Harvey* case." (Ex. 2, Decl. of Wynne, Rptr. Trans., June 12, 2019, p. 5:3-5.) The Court later added, "I may be wrong about this, but I'm thinking that Morgan Stanley was incentivized to come to the table and make a deal with Harvey because it couldn't make a deal with you." (Ex. 2, p. 12:21-24.)

As an initial matter, and with all due respect to the Court's comments, there is no evidence that Morgan Stanley came to a settlement with Class Counsel because of *Chen*. Attempted Intervenors' entire argument rests on speculation and conjecture. It is improper to base an award of fees on speculation and conjecture because the benefits to the class as a whole must be "traceable with reasonable accuracy." *Boeing,* 444 US at 479. Even assuming *arguendo* this was in fact the case, incentivizing Morgan Stanley to come to the table with Class Counsel simply does not equate to a finding that Attempted Intervenors created, increased, protected or preserved the fund. Attempted Intervenors cite no case where motivation served as the basis for an award of

attorney fees. The absolute lack of any authority in support of Attempted Intervenors' novel position is hardly surprising as courts require attorneys to show that their work "substantially enhanced the benefits to the class." *Vizcaino v. Microsoft Corp.*, 290 F.3d at 1051–52. Stated otherwise, an award of fees must be based on a showing of a "concrete benefit to the class." *Consumer Cause*, 127 Cal.App.4th at 398. In no way did Attempted Intervenors provide a concrete benefit to the class.

Attempted Intervenors' interpretation of the criteria for entitlement to fees would render the test meaningless. If "motivation" or "incentive" were the standard, there would be no limit to fee requests, no limit to fee challenges and appeals, and no realization of any benefit by class members. It is for these reasons that attorneys must show "specific services [that] benefited the fund—whether they tended to create, increase, protect or preserve the fund." *Class Plaintiffs*, 19 F.3d at 1308. Attempted Intervenors have clearly not satisfied this required showing.

### c.   Morgan Stanley Was Motivated by *Harvey*

While Class Counsel dispute that "motivation" or "incentive" satisfies the test for entitlement to fees, Class Counsel contends that Morgan Stanley was not incentivized by anything Attempted Intervenors did. It was Class Counsels' theory of liability, the claims alleged in *Harvey*, and their professional approach that incentivized Morgan Stanley to come to the table, and stay, for three separate mediations.

### i.   Class Counsels' Theory of Liability

Due to Class Counsel's work in *Tsyn v. Wells Fargo Advisors*, N.D. Cal. Case No. 14-cv-02552-LB, and extensive knowledge and experience in litigating cases in the financial services industry (see, Dkt. 84-1, Decl. of Wynne; Dkt. 84-2, Decl. of Clapp; and, Dkt. 84-3, Decl. of Compton), Class Counsel discovered and formulated a theory of liability based on Morgan Stanley's pre-tax marketing account as set forth in Plaintiff's Motion for Preliminary Approval. (Dkt. 48.) Specifically, with respect to Morgan Stanley's Alternative Flexible Grid (AFG) program, Plaintiff contends that Financial Advisors (FAs) made allocations for expenditures from their commissions, made the expenditures, that the expenditures were made in discharging their duties or that MSSB knew the expenditures were made, and that the expenditures were reasonable

and necessary. Plaintiff contends that because MSSB has already determined that the expenditures were "ordinary and necessary" for tax deductibility purposes per 26 U.S.C. § 162(a), MSSB has already determined that the expenditures are reimbursable under Labor Code § 2802 as "reasonable and necessary." Class Counsel focused on this theory at the mediations which had proved successful in the *Tsyn* litigation.[2]

On the other hand, there is no evidence that Attempted Intervenors were aware of this theory. The pleadings from *Chen* reveal that Chen's counsel had not pursued this line of attack and were instead pursuing a generalized theory that all of the FAs' expenses – inside and outside of AFG – should have been paid by MSSB. This approach, however, left the *Chen* plaintiffs open to MSSB's arguments, on both the merits and procedurally, that each expenditure for each FA would require examination to determine if it was reasonable and necessary thus providing ample ammunition that the *Chen* case was neither manageable nor were there any aggrieved employees.

### ii.     *Harvey* is a Rule 23 Case; *Chen* is a PAGA-only Case

*Harvey* alleges Labor Code violations as predicate violations to a Business & Professions Code § 17200 claim and seeks certification under Fed.R.Civ.P. 23 in addition to alleging a claim under PAGA, Labor Code § 2698, *et seq*. (Dkt. 55.)   Because *Harvey's* claims are broader in scope (but not temporally when originally filed), *Harvey* was able to provide a full release of claims. In other words, no defendant is going to settle claims under one theory only to be sued for the same practice under an alternative theory.

*Chen*, on the other hand, is a PAGA-only case. Attempted Intervenors had no trial plan beyond a first-stage trial of just the two named plaintiffs whose particular infirmities presented unique challenges. The way *Chen* was positioned, a victory for Morgan Stanley would have potentially threatened to deprive all FAs of any recovery while a victory for Chen would have simply resulted in years of future litigation over the contours, if any, of a second stage trial.

### iii.     Class Counsel Reasonably Evaluated the Claims

Class Counsel presented a professional and reasoned approach to this litigation. Class

---

[2] Because this theory was set forth in the pleadings in *Tsyn* (e.g., Dkt. 159, Motion for Preliminary Approval), it is reasonable to assume that Morgan Stanley was well-aware of Class Counsels' approach to this case before the parties had even agreed to mediation.

Counsels' experience in *Tsyn* provided them with a rational comparator for what would be a reasonable range of settlement. Morgan Stanley was certainly aware of the *Tsyn* settlement and could do its own analysis vis-à-vis its own exposure. On the other hand, Attempted Intervenors have, and continue to maintain, an overblown and unreasonable evaluation of their case. By harboring such untethered views, Attempted Intervenors effectively removed themselves from any settlement discussions. It is no wonder that Attempted Intervenors participated in just one mediation prior to Class Counsel insisting that Attempted Intervenors be invited back to participate in global settlement discussions.

## C.   ATTEMPTED INTERVENORS ARE NOT ENTITLED TO STATUTORY FEES

To determine "whether a party is entitled to attorneys' fees" in "an action involving state law claims," the law of the forum state is applied "unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc. v. AT & T Co.,* 197 F.3d 1276, 1282 (9th Cir. 1999); *see also, Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys" fees.).

Attempted Intervenors seek fees under California Code of Civil Procedure § 1021.5 and the Labor Code. Attempted Intervenors are ineligible for fees under either statutory scheme.

### 1.   Attempted Intervenors are not Eligible for Fees under C.C.P. § 1021.5

To qualify for an attorney fee award under California Code of Civil Procedure § 1021.5, the party seeking attorney fees must show: (1) He or she is a successful party in an action brought to enforce an important right affecting the public interest; (2) a significant benefit (pecuniary or nonpecuniary) has been conferred on the general public or a broad class of persons; and (3) the necessity and financial burden of private enforcement transcends the litigant's personal interest in the controversy. *City of Hawaiian Gardens v. City of Long Beach*, 61 Cal.App.4th 1100, 1112 (1998).

#### a.   Lucadano is not a Party

An unnamed class member who objects to a settlement – even successfully – is not considered a party for purposes of C.C.P. § 1021.5. *Consumer Cause*, 127 Cal.App.4th at 391–92.

Absent class members like Lucadano[3] are not eligible for fees under Section 1021.5 because, *inter alia*, "[t]he term 'successful party,' as ordinarily understood, means the party to litigation that achieves its objectives." *Graham*, 34 Cal.4th at 571. Interested third parties do not satisfy the threshold requirement for a section 1021.5 fee award that a movant must be a successful party. *Savaglio v. Wal-Mart Stores, Inc.*, 149 Cal.App.4th 588, 602 (2007) (denying fees in wage and hour class action to third party who successfully opposed motion to seal stating, "our Supreme Court defined a 'party' for purposes of section 1021.5 as a litigant by or against whom a suit is brought, namely the party plaintiff or defendant."); *Coal. For a Sustainable Future in Yucaipa v. City of Yucaipa*, 238 Cal.App.4th 513, 521 (2015) (same: affirming denial of attorney fees under C.C.P. § 1021.5 for interested party).

Lucadano is not a plaintiff in this litigation. Lucadano is not an intervenor. (Dkt. 77, order denying motion to intervene.) Lucadano's renewed motion to intervene will meet a similar fate. Because Lucadano is not a party to this action, he has no standing to seek fees under CCP § 1021.5.

Lucadano argues that fees under section 1021.5 are not limited to the named plaintiffs in the action citing *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001). Lucadano misstates the holding in *Gibson*. *Gibson* is a decision on whether attorney fees for purposes of diversity jurisdiction should be apportioned pro rata amongst all members of the class for purposes of determining the amount in controversy. 261 F.3d at 942 ("We therefore hold that, under this California law at least, attorneys' fees are not awarded solely to the named plaintiffs in a class action, and that they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy.") The issue of whether an absent class member can claim attorney fees for collateral litigation was simply not before that court nor was the court purporting to redefine the test of party status under section 1021.5.[4] For the same reason, Attempted Intervenors' reliance

---

[3] Because Chen did not work for MSSB during the statutory time period covered by Harvey's claim under Bus. & Prof. Code § 17200 *et seq.,* she cannot be a class member. (Dkt. 37-1, Decl. of Livingston, ¶ 11.)

[4] Indeed, the concept of apportionment for purposes of determining the amount in controversy is entirely consistent with the concept of unjust enrichment which is the foundation to fees under the common fund theory. 5 Newberg on Class Actions, § 15.53 (5th ed.). However, this does not mean, as Attempted Intervenors suggest, that any class member can claim fees if the test for fees

1    on *Olson v. Michaels Stores, Inc.*, 2017 WL 3317811 (C.D. Cal. Aug. 2, 2017) and *Kanter v.*

2    *Warner–Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) is misplaced as both cases address the

3    apportionment of fees for purposes of determining diversity jurisdiction in the context of PAGA

4    and the California Consumer Legal Remedies Act, Cal. Civ. Code § 1780, respectively.

5              **b.      Lucadano has not been Successful**

6              Along with meeting the threshold requirement of being a "party," the movant for fees

7    under C.C.P. § 1021.5 must also be "successful." In determining "success," "the court exercises

8    its discretion to determine the prevailing party by analyzing which party realized its litigation

9    objectives." *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 571 (2004). "In discussing the

10   meaning of the term 'prevailing party' when it is undefined by contract, we stated that 'a court

11   may base its attorney fees decision on a pragmatic definition of the extent to which each party has

12   realized its litigation objectives, whether by judgment, settlement, or otherwise." *Id.* citing

13   *Santisas v. Goodin*, 17 Cal.4th 599, 622 (1998).[5]

14             In no measure has Lucadano been "successful." Lucadano's action in the Orange County

15   Superior Court has been stayed and, unless he opts out of this action, his individual action will be

16   completely resolved through this action. Lucadano's defeat of MSSB's motion for summary

17   judgment in *Chen* does not make him a prevailing party in that case, and certainly does not make

18   him a prevailing party in this litigation. *See, e.g., Consumer Cause*, 127 Cal.App.4th at 402

19   (denying fees to third-party notwithstanding defeat of class certification: "it is the objective of the

20   *lawsuit* that is critical to recovering fees under section 1021.5, not the success of an ancillary part

21   of the action." Orig. emph.).[6] Lucadano's claim that he amassed "substantial evidence to prove

22   liability at trial" overlooks a critical fact: Lucadano has never tried his case much less prevailed.

23   He has failed to reach a settlement with Morgan Stanley. His motion to intervene has been denied

24   as well as his objection to preliminary approval. Even Lucadano's administrative motion has been

25   denied. Every request and objection Lucadano has made in this case has been denied or overruled.

26   is not otherwise satisfied.

[5] The term "otherwise" has been typically used in situations involving voluntary dismissals.
27   *Graham*, 34 Cal.4th at 572; *Santisas*, 17 Cal.4th at 622.

[6] Indeed, Lucadano's cross-motion for summary judgment was likewise denied. (Dkt. 37-1,
28   Livingston Decl., ¶ 16.)

Lucadano has simply failed to realize a single objective in any litigation. Hence, Lucadano cannot be considered to have achieved any success whatsoever.

### c.   Lucadano Has Not Conferred a Significant Benefit

For the reasons set forth above, Lucadano has not conferred any benefit on the class much less a significant benefit. Accordingly, for this additional reason, Lucadano is not eligible for fees under C.C.P. § 1021.5.

### d.   The Class and Lucadano are not Opposing Parties

Under C.C.P. § 1021.5, the party liable for the attorney fee award must have been an "opposing party," i.e., responsible for initiating and maintaining the actions or policies that gave rise to the litigation. *Rey v. Madera Unified School Dist.,* 203 Cal.App.4th 1223, 1236-37 (2012) (denial of fee request against county committee affirmed where committee not responsible for conduct giving rise to litigation: "liability on the merits and responsibility for fees go hand in hand."). In the *Chen* litigation, the opposing party would of course be Morgan Stanley. However, Attempted Intervenors have not secured a settlement or judgment from Morgan Stanley in that litigation or in this litigation. Underscoring how misguided this request is, Attempted Intervenors are, in effect, asking the Rule 23 class, and to an extremely limited sense, the PAGA "class," to pay Attempted Intervenors' attorney fees. However, the conditionally certified Rule 23 and PAGA classes are not opposing parties to *Chen*. Hence, fees are also unavailable to Attempted Intervenors for the additional reason that the party from whom they are seeking fees from is not an opposing party as that term is defined under Section 1021.5.

### 2.   Attempted Intervenors are not Eligible for Fees under the Labor Code

### a.   Attempted Intervenors are not Prevailing Parties

The test for "prevailing party" status under the Labor Code is the same as it us under California's private attorney general statute, C.C.P. § 1021.5, i.e., a pragmatic approach as to whether a party to the litigation has achieved its litigation objectives. *Graham*, 34 Cal.4th at 571; *see also, Sharif v. Mehusa*, 241 Cal.App.4th 185, 192 (2015). For the same reasons set forth above, Attempted Intervenors are not prevailing parties.

While it is accurate that courts do not employ a "rigid standard," Attempted Intervenors'

suggestion that there is no standard is false and the cases they cite are all situations that are not before this Court. *Donner Mgmt. Co. v. Schaffer*, 142 Cal.App.4th 1296, 1310 (2006) (voluntary dismissal); *Olive v. Gen. Nutrition Centers, Inc.,* 30 Cal.App.5th 804, 825 (2018) (mixed result where defendant stipulated to liability with damages-only trial); *Santisas v. Goodin*, 17 Cal.4th 599, 622 (1998) (voluntary dismissal).

In a curious attempt to take credit for something they didn't cause, yet at the same time criticize the result, Attempted Intervenors cite *Quevedo v. New Albertsons, Inc*, 2015 WL 10939716 (C.D. Cal. May 27, 2015) for the proposition that fees are awardable for partial success. While fees may be awardable for parties who prevail on some claims but not all, that is not the situation before this Court. In *Quevedo*, plaintiff sought fees after prevailing at trial and defendant sought a reduction because plaintiff recovered less than what he sought. 2015 WL 10939716 at *3. The court rejected defendant's argument finding that plaintiff prevailed on all his claims. *Id.* Here, Attempted Intervenors are neither a party nor have they been successful on any claim or aspect of this litigation.

*Quevedo* does, however, provide relevant guidance here. The court noted that the plaintiff's recovery must be "measured not only in light of what he sought at trial, but by reference to what [defendant] offered in settlement." 2015 WL 10939716, at *3. According to Attempted Intervenors, Chen was offered $40,000 and Lucadano was offered $400,000 by Morgan Stanley in the *Chen* litigation. Attempted Intervenors have recovered <u>zero</u> in their litigation and will receive but a very small fraction of those numbers through this settlement that Class Counsel created. Thus, under this additional metric, Attempted Intervenors are not a successful or prevailing party.

### b.    Attempted Intervenors are not Eligible for Fees under PAGA

Attempted Intervenors acknowledge that while Labor Code § 2699(g) provides for an award of attorney fees for any employee who prevails in a PAGA action, only employees who do so in a representative capacity are eligible. *Monaghan,* 647 F. App'x at 770. For the same reasons set forth above, Attempted Intervenors are neither parties nor have they prevailed on any of their litigation goals. Moreover, Attempted Intervenors have not brought this representative action and

have not been designated as the representative for the other aggrieved employees. This Court has appointed Brandon Harvey as the sole representative. (Dkt. 76.) Attempted Intervenors are merely one of many aggrieved employees in this action and their putative PAGA action in Orange County has not been resolved nor is it before this Court.

**D.     ATTEMPTED INTERVENORS ARE NOT ELIGIBLE FOR SERVICE AWARDS**

**1.     Attempted Intervenors Are Not Eligible For Class Representative Awards**

Attempted Intervenors are not eligible for a service award in this litigation. Fundamental to a service award is the notion that the individual did work "on behalf of the class." *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 943 (9th Cir. 2015) ("[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class"). Here, however, Attempted Intervenors have at all times acted <u>contrary</u> to the interests of the class. Their repeated and professed antipathy toward every aspect of this settlement is well-documented and needs no repeating here. Suffice to say that Attempted Intervenors cannot even make a threshold showing of performing work undertaken for the benefit of the class.

In addition, Attempted Intervenors cannot satisfy any of the criteria courts generally considering in awarding service awards. While Attempted Intervenors generally cite the factors, they leave out critical terms through their use of ellipses. The unedited criteria is as follows: "The criteria courts may consider in determining whether to make an incentive award include: 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Attempted Intervenors have left out the term "class representative" throughout for a reason: neither are class representatives in this action. Accordingly, neither is eligible for a class representative enhancement award.

**2.     Attempted Intervenors Are Not Eligible For Service Awards**

Attempted Intervenors then argue that class representative enhancement awards are not limited to class representatives. However, the cases Attempted Intervenors cite are inapposite and

21

easily distinguishable. In *Vedachalam v. Tata Consultancy Servs., Ltd*, No. C 06-0963 CW, 2013 WL 3929129, at *2 (N.D. Cal. July 18, 2013), the court awarded service awards to the named plaintiffs *and* to class members who provided declarations and were deposed. Neither Chen nor Lucadano testified in this case and none of their testimony from *Chen* was utilized in any fashion in this case. In *Coates v. Farmers Grp., Inc.*, No. 15-CV-01913-LHK, 2016 WL 5791413 (N.D. Cal. Sept. 30, 2016), while not clear from the order what service was provided, the court awarded service awards to two opt-in plaintiffs who assisted in "prosecuting this case." *Id.* at *2. Here, Attempted Intervenors have not opted-into this case and have certainly not assisted in its prosecution: they have done the exact opposite. In *Wellens v. Sankyo*, No. C 13-00581 WHO (DMR), 2016 WL 8115715 (N.D. Cal. Feb. 11, 2016), this Court approved service awards to opt-in plaintiffs who were deposed and/or provided a declaration because of, *inter alia*, "the substantial benefit to the Class from the Settlement." *Id.* at *4. Markedly unlike the opt-in plaintiffs in *Wellens*, Attempted Intervenors have not provided a substantial benefit to the class – they have provided a substantial detriment to the class and therefore are ineligible for a service award.

## E.   INTERVENTION SHOULD BE DENIED

Attempted Intervenors have renewed their request for intervention. As set forth in the accompanying Opposition to the Motion to Intervene, intervention – even for the "limited purpose" of attorney fees – is improper, unwarranted and detrimental to the class.

Attempted Intervenors cite *Lindelli v. Town of San Anselmo*, 139 Cal.App.4th 1499 (2006) and *Flannery v. Prentice,* 26 Cal.4th 572 (2001) for the proposition that their counsel may seek fees in this matter because fees belong to the attorneys. However, fundamental to the holdings in *Lindelli* and *Flannery* is that the fees awarded in both of those cases were based on award under C.C.P. § 1021.5. *See, Lindelli* at 1506 *et seq*. However, as discussed above, neither the Attempted Intervenors nor their counsel satisfy the requirements for an award of fees under C.C.P. § 1021.5. Moreover, in *Lindelli*, the court stated:

> We conclude that permissive intervention is appropriate in this case, where petitioners prevailed on the merits and did not object to their attorneys' motion to intervene. It may be that a trial court would be justified in denying

22

intervention to an attorney seeking to move for fees when intervention would interfere with settlement on the merits.

139 Cal.App.4th at 1513, n.10. The case at bar presents a substantially different situation than in *Lindelli*. Attempted Intervenors have not prevailed on the merits. Indeed, they have not prevailed on any facet of this litigation. Furthermore, intervention would not just "interfere" with the settlement before this Court, but would destroy it as Attempted Intervenors have made clear their view of the settlement this Court has approved.

**IV.    CONCLUSION**

In light of the foregoing, Class Counsel requests that Attempted Intervenors' motion for attorney fees, costs and service awards be denied.

Respectfully Submitted,

Dated:  December 18, 2019                    WYNNE LAW FIRM


By    /s/ Edward J. Wynne
      EDWARD J. WYNNE

      Class Counsel