Edward J. Wynne (165819)
ewynne@wynnelawfirm.com
George R. Nemiroff (262058)
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
Wood Island
80 E. Sir Francis Drake Blvd., Ste. 3-G
Larkspur, CA 94939
Tel: (415) 461-6400
Fax: (415) 461-3900

James F. Clapp (145814)
jclapp@clapplegal.com
Marita M. Lauinger (199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
Tel: (760) 209-6565 ext. 101
Fax: (760) 209-6565

David S. Markun (108067)
dmarkun@mzclaw.com
Jeffrey K. Compton (142969)
jcompton@mzclaw.com
MARKUN ZUSMAN FRENIERE &
COMPTON LLP
17383 Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272
Tel: (310) 454-5900
Fax: (310) 454-5970

Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDON HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY LLC,<br><br>Defendant. | CASE No. 3:18-cv-02835-WHO<br><br>**PLAINTIFF BRANDON HARVEY'S OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:     February 5, 2020<br>Time:    2:00 p.m.<br>Judge:   Hon. William H. Orrick<br>            Courtroom 2, 17th Floor |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

III. LEGAL STANDARDS ...........................................................................................................3

    A. Intervention As A Matter Of Right ..............................................................................3

    B. Permissive Intervention ................................................................................................3

IV. DISCUSSION ..........................................................................................................................4

    A. This Court Lacks Jurisdiction To Hear Attempted Intervenors' Second Motion To Intervene ...................................................................................................4

    B. Attempted Intervenors Cannot Seek Permissive Intervention By Way Of Their Second Motion Because They Failed To Seek It In Their Initial Motion To Intervene .....................................................................................................5

    C. Attempted Intervenors' Second Motion To Intervene Should Be Denied Because, As Was The Case With Their First Motion, They Cannot Meet The Rule 24 Requirements ............................................................................................6

        1. Attempted Intervenors' Second Motion To Intervene Is Not Timely ..........6

        2. Attempted Intervenors Have Other Means of Protecting Their Interests .........................................................................................................9

        3. Attempted Intervenors Do Not Meet the Requirements For Permissive Intervention ................................................................................10

V. CONCLUSION ......................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Alaniz v. Tillie Lewis Foods*,
    572 F.2d 657 (9th Cir. 1978)..................................................................................8

*Allen v. Bedolla*,
    787 F.3d 1218 (9th Cir. 2015)..............................................................................8, 9

*Alvarado v. J.C. Penney Co.*,
    997 F2d 803 (10th Cir. 1993)...................................................................................6

*Apple Inc. v. Samsung Elecs. Co.*,
    No. 11-CV-01846-LHK, 2014 WL 12812431 (N.D. Cal. July 29, 2014) ................4

*Associated Gen. Contractors of California v. Sec'y of Commerce of U. S. Dep't of Commerce*,
    77 F.R.D. 31 (C.D. Cal. 1977) .................................................................................4

*Bryant v. Crum & Forster Specialty Ins. Co.*,
    502 F. App'x 670 (9th Cir. 2012) ............................................................................4

*Cal. Dept. of Toxic Substances Control v. Commercial Realty Projects*,
    309 F.3d 1113 (9th Cir. 2002)..............................................................................8, 9

*Cohorst v. BRE Props.*,
    2011 U.S. Dist. LEXIS 87263 (S.D. Cal. Aug. 5, 2011) .........................................7

*County of Orange v. Air California*,
    799 F.2d 535 (9th Cir. 1986)................................................................................8, 9

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998)....................................................................................3

*Griggs v. Provident Consumer Disc. Co.*,
    459 U.S. 56 (1982) ...................................................................................................5

*International Union of Mine, Mill & Smelter Workers, Locals No. 15, et al. v. Eagle-Picher Mining & Smelting Co.*,
    325 US 335 (1945) ...................................................................................................6

*Lane v. Facebook*,
    2009 U.S. Dist. LEXIS 103668 (N.D. Cal. Oct. 23, 2009).......................................9

*League of United Latin American Citizens v. Wilson*,
    113 F.3d 1297 (9th Cir. 1997)............................................................................7, 10

*Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006)................................................................................3, 9

*Management Activities, Inc. v. United States*,
    1998 U.S. App. LEXIS 32662 (9th Cir. Dec. 24, 1998) ..........................................7

*Mayweathers v. Newland,*
    258 F.3d 930 (9th Cir. 2001) ................................................................................................ 4

*Nat'l Ass'n of Home Builders v. Norton,*
    325 F.3d 1165 (9th Cir. 2003) .............................................................................................. 4

*Natural Res. Defense Council v. Southwest Marine,*
    242 F.3d 1163 (9th Cir.2001) ............................................................................................... 4

*Robert Ito Farm, Inc. v. Cty. of Maui,*
    842 F.3d 681 (9th Cir. 2016) ................................................................................................ 4

*Stiller v. Costco Wholesale Corp.,*
    No. 3:09-CV-2473-GPC-BGS, 2015 WL 1612001 (S.D. Cal. Apr. 9, 2015) ....................... 5

*Taylor v. KeyCorp,*
    680 F.3d 609 (6th Cir. 2012) ................................................................................................ 5

*United States ex rel. Eisenstein v. City of New York, NY,*
    556 US 928 (2009) ................................................................................................................ 6

*United States v. California Mobile Home Park Mgmt. Co.,*
    107 F.3d 1374 (9th Cir. 1997) .............................................................................................. 6

*United States v. California Mobile Home Park Mgmt. Co.,*
    29 F.3d 1413 (9th Cir. 1994) ................................................................................................ 4

*United States v. Garcia–Robles,*
    562 F.3d 763 (6th Cir.2009) ................................................................................................. 5

*United States v. State of Oregon,*
    913 F.2d 576 (9th Cir. 1990) ............................................................................................ 7, 8

*United States v. Washington,*
    86 F.3d 1499 (9th Cir. 1996) ................................................................................................ 7

*Zepeda v. PayPal,*
    2014 U.S. Dist. LEXIS 56699 (N.D. Cal. Apr. 23, 2014) .................................................... 9

**STATUTES, RULES & REGULATIONS**

28 U.S.C.,
    § 1332(d) ............................................................................................................................... 2

California Bus. & Prof. Code,
    § 17200 .................................................................................................................................. 2

California Labor Code,
    § 221 .................................................................................................................................. 2, 3

California Labor Code,
    § 223 .................................................................................................................................. 2, 3

California Labor Code,
    § 226 .................................................................................................................................. 2, 3

California Labor Code,
    § 400-410 .................................................................................................... 2, 3

California Labor Code,
    § 1174 ......................................................................................................... 2, 3

California Labor Code,
    § 1174.5 .......................................................................................................... 2

California Labor Code,
    § 2698 ............................................................................................................. 2

California Labor Code,
    § 2802 ......................................................................................................... 2, 3

Civil L.R.,
    7-9 ......................................................................................................... 3, 6, 10

Fed. R. Civ. P.,
    Rule 24(a) .................................................................................................... 3, 6

Fed. R. Civ. P.,
    Rule 24(b) .................................................................................................. 3, 10

Wage Order 4-2001,
    § 8 .................................................................................................................. 2

**OTHER AUTHORITIES**

Virginia A. Phillips & Karen L. Stevenson,
    Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th
    Cir. Editions (2019) ................................................................................... 6, 11

## I.  INTRODUCTION

This is Tracy Chen's and Matthew Lucadano's (collectively, "Attempted Intervenors"), second attempt at intervention in this action. This Court properly denied their first attempt to intervene. (Dkt. 77.) Since that time, very little has changed—and nothing has happened since then that helps Attempted Intervenors. To the contrary, recent events have only made intervention all the more improper.

First, after this Court denied the first motion to intervene, Attempted Intervenors filed a notice of appeal seeking review of that order. (Dkt. 78.) Upon filing the notice of appeal, the Court of Appeal for the Ninth Circuit now has exclusive jurisdiction over all matters encompassed in their appeal. Attempted Intervenors sought to intervene <u>for all purposes,</u> including, specifically, for the stated purpose of making a claim for attorneys' fees. Attempted Intervenors did not limit or in any way circumscribe the relief they were seeking in the first intervention motion. Therefore, the appeal implicates all of their supposed rights as would be parties to this action and the Ninth Circuit has sole jurisdiction over the rights they are seeking in their companion motion for attorneys' fees, costs and service awards. Accordingly, this Court no longer has jurisdiction to hear this second-filed, duplicative motion to intervene.

Second, aside from the pendency of their appeal, Attempted Intervenors offer no viable reason to justify their latest attempt to re-litigate their renewed attempt at intervention in this action. This District's Local Rules prevent duplicative motions by establishing motions for reconsideration as the sole procedure for successive motions on the same subject matter. Motions for reconsideration are appropriate only in limited circumstances, none of which are present here. Attempted Intervenors have simply ignored these procedural requirements in filing another motion to intervene. This motion is an improper motion for reconsideration and should be denied on this ground as well.

Third, regardless of these procedural defects, Attempted Intervenors still face the same impediments—both procedural and substantive—that plagued the first motion to intervene and resulted in the Court's denial of that motion. First, this motion is not timely. Even assuming *arguendo* Attempted Intervenors did not seek to intervene for all purposes in the first motion to

intervene (they did), Attempted Intervenors have unreasonably delayed in seeking intervention now. Moreover, there are no valid reasons for Attempted Intervenors to intervene in this action. There are already multiple procedural safeguards built into class action rules to protect the interests of all class members. Attempted Intervenors made their views known in their first motion to intervene and in opposition to preliminary approval. They have now filed objections to the settlement that, while largely repetitive, attack every aspect of the settlement and include an argument regarding the allocation of attorneys' fees, costs and service awards. Attempted Intervenors have made their opinions known as this Court has remarked and intervention at this stage would serve no purpose that benefits the class. (Dkt. 77, p. 5.)

## II.   BACKGROUND[1]

Plaintiff Brandon Harvey ("Harvey") is a former employee of defendant Morgan Stanley Smith Barney LLC ("Morgan Stanley"), where he worked as a Financial Advisor in its San Francisco branch. Complaint ¶ 3. On May 14, 2018, Harvey filed a class action complaint in this Court, alleging that Morgan Stanley's policies for reimbursing its Financial Advisors' business expenses violated California Labor Code §§ 221, 223, 400-410, and 2802, as well as Wage Order 4-2001 § 8, and that these violations constituted unfair competition under California Bus. & Prof. Code § 17200 *et seq*. Complaint ¶¶ 23-36. Harvey also alleged that Morgan Stanley failed to provide accurate wage statements to Financial Advisors in violation of Labor Code §§ 226, 1174 and 1174.5. Complaint ¶¶ 38-40. Harvey asserts this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Complaint ¶ 8.

Concurrently with the filing of his complaint, Harvey served a pre-litigation notice on the California Labor Workforce Development Agency ("LWDA") and Morgan Stanley, advising them that Harvey intended to pursue a claim against Morgan Stanley for civil penalties under the Labor Code Private Attorneys' General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq*. After waiting the required period and receiving no response from the LWDA, on July 12, 2018, Harvey filed a First Amended Complaint asserting a PAGA claim based on Morgan

---

[1] The facts of this case have previously been briefed and are known to the Court, the Parties, and the would-be intervenors. See, e.g., Dkt. Nos. 36 and 48. Therefore, in the interest of brevity, Plaintiff relates them only briefly in this Opposition.

Stanley's violations of Labor Code §§ 221, 223, 226, 400-410, 1174, and 2802. See FAC, Dkt. 11, ¶¶ 41-44.

### III. LEGAL STANDARDS

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention: intervention as a matter of right and permissive intervention. FED. R. CIV. P. 24(a), 24(b). Attempted Intervenors originally asserted only intervention as a matter of right in their first attempt at intervention. They now argue both theories.[2] Intervention is inappropriate under either theory.

#### A. Intervention As A Matter Of Right

To warrant intervention as a matter of right, the applicant must meet all of the following requirements:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*State ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).

#### B. Permissive Intervention

To intervene permissively under Rule 24(b), the applicant must: (1) file a timely motion; (2) show there is a common question of law or fact between the applicant's claim and the main action; and (3) convince the district court, in the exercise of its sound discretion, that allowing intervention would not unduly delay or prejudice the adjudication of the original parties' rights. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

---

[2] Because both theories were available and could have been briefed in the first motion to intervene, Attempted Intervenors have waived their permissive intervention argument. *See* Civil L.R. 7-9(b)(1) ("The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order . . . ."); *see also* discussion, *infra*.

## IV. DISCUSSION

### A. This Court Lacks Jurisdiction To Hear Attempted Intervenors' Second Motion To Intervene

Perhaps the greatest defect in the Attempted Intervenors' latest-filed motion is among the most fundamental possible—one of jurisdiction. After this Court denied their first motion to intervene (Dkt. 77), Attempted Intervenors filed their notice of appeal. (Dkt. 78.) "As a general rule, '[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.'" *Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003) (quoting *Natural Res. Defense Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001)). There is sound reasoning for this well-settled rule—namely "to 'avoid the confusion that would ensue from having the same issues before two courts simultaneously.'" (*Id.* (citing *Natural Res. Defense Council*, 242 F.3d at 1166).)

By filing their notice of appeal, Attempted Intervenors transferred all matters implicated in the appealed order from this Court to the Court of Appeal. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). Indeed, the normal remedy for denial of a motion to intervene is to seek relief from the appellate court, not the district court. *Robert Ito Farm, Inc. v. Cty. of Maui*, 842 F.3d 681, 685 (9th Cir. 2016); *see also, Associated Gen. Contractors of California v. Sec'y of Commerce of U. S. Dep't of Commerce*, 77 F.R.D. 31, 36 (C.D. Cal. 1977) (noting district court's lack of jurisdiction to consider intervention and observing ability of non-parties to seek intervention in appellate proceedings being litigated between parties).

The fact that jurisdiction over intervention matters is now conferred upon the Court of Appeal cannot have been lost on Attempted Intervenors, who are the ones who invoked the appellate court's jurisdiction. However, it is irrelevant who files a notice of appeal concerning denial of a motion to intervene. Whether it was a potential intervenor or a party, the effect is divestiture of the district court's ability to hear further intervention motions. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 12812431, at *1 (N.D. Cal. July 29, 2014); *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 F. App'x 670, 671 (9th Cir. 2012); *United States v. California Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994).

Attempted Intervenors' serial requests to this Court, coupled with seeking relief from the Court of Appeal, is far from harmless. By trying for a second bite at the apple of intervention with this Court, after having filed their notice of appeal, Attempted Intervenors would have this Court usurp the appellate court by substantively changing the jurisdictional analysis. That extra-jurisdictional act is impermissible. *Stiller v. Costco Wholesale Corp.*, No. 3:09-CV-2473-GPC-BGS, 2015 WL 1612001, at *2 (S.D. Cal. Apr. 9, 2015).

Although it may often be the case that the underlying case has been terminated by entry of a final judgment, no such judgment is required for a district court to lose jurisdiction over intervention. The Sixth Circuit Court of Appeal addressed this issue in *Taylor v. KeyCorp*. In that case, which was an ERISA class action, a third party filed a motion to intervene as a plaintiff and class representative. *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012). Three days after the motion to intervene was filed, the plaintiff filed a notice of appeal. The Sixth Circuit held: "In this case, the district court was correct to deny the motion to intervene, not because final judgment had been entered, but because once a notice of appeal was filed, the district court was divested of jurisdiction." *Id.* The court further explained: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); and citing *United States v. Garcia–Robles*, 562 F.3d 763, 767–68 (6th Cir.2009). Moreover, the *Taylor* court held that it is irrelevant that a motion may have been filed before a notice of appeal. If the motion to intervene has not been ruled upon before the notice of appeal is filed, the district court has no jurisdiction to address the motion. *Id.* at 616-17.

**B.  Attempted Intervenors Cannot Seek Permissive Intervention By Way Of Their Second Motion Because They Failed To Seek It In Their Initial Motion To Intervene**

Attempted Intervenors' second motion to intervene is improper because it is an end-run of the District's Local Rules. Civil Local Rule 7-9 provides the sole procedure for resubmitting a matter upon which the Court has already ruled—a motion for reconsideration. There must be a "material difference in fact or law" that did not previously exist, or that the party seeking

reconsideration could not know of "in the exercise of reasonable diligence . . . ." Civil L.R. 7-9(b)(1), (b)(2). Even when such changed circumstances exist, a movant must first obtain leave of court. Civil L.R. 7-9(a). Lastly, even if a motion for reconsideration may be filed, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party . . . ." Civil L.R. 7-9(c). In filing their second motion to intervene, Attempted Intervenors have improperly duplicated their previous motion, and seek the same relief.

Indeed, under Rule 24, intervention is the means by which a nonparty becomes a party to a lawsuit. *See, United States ex rel. Eisenstein v. City of New York, NY*, 556 US 928, 933 (2009). If allowed to intervene in an action, "the intervenor has full party status, including the right to engage in discovery, to participate at trial, and to appeal the judgment." VIRGINIA A. PHILLIPS & KAREN L. STEVENSON, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, CALIF. & 9TH CIR. EDITIONS, CH. 7-E, ¶ 7:162 (2019) (citing *International Union of Mine, Mill & Smelter Workers, Locals No. 15, et al. v. Eagle-Picher Mining & Smelting Co.*, 325 US 335, 338 (1945); *Alvarado v. J.C. Penney Co., Inc.*, 997 F2d 803, 805 (10th Cir. 1993); *United States v. California Mobile Home Park Mgmt. Co.*, 107 F3d 1374, 1378 (9th Cir. 1997)). In their first motion to intervene, Attempted Intervenors sought to gain "party" status, with all accompanying rights, including specifically the ability to stake their claim to attorney's fees, costs, and incentive payments. (Dkt. 28, Chen Motion to Intervene, p. 20:9-10, arguing "*Intervenors have an interest in recovering their attorneys' fees and costs…*" *See also*, Dkt. 38, Chen Reply ISO Intervention, p. 6:4). Attempted Intervenors did not somehow limit the scope of their first motion to intervene. Their attempted intervention was for all purposes including requesting attorneys' fees and costs. Attempted Intervenors' second motion to intervene is a transparent and blatant attempt to sidestep this Court's procedures and should be rejected.

    **C.    Attempted Intervenors' Second Motion To Intervene Should Be Denied Because, As Was The Case With Their First Motion, They Cannot Meet The Rule 24 Requirements**

        **1.    Attempted Intervenors' Second Motion To Intervene Is Not Timely**

A prerequisite of intervention, whether of right or permissive, is a timely motion. FED. R. CIV. P. 24(a); (b)(1); *see* VIRGINIA A. PHILLIPS & KAREN L. STEVENSON, RUTTER GROUP PRAC.

GUIDE: FED. CIV. PRO. BEFORE TRIAL, CALIF. & 9TH CIR. EDITIONS, CH. 7-E, ¶ 7:176 (2019). Attempted Intervenors fail to clear this threshold hurdle.

Whether a motion to intervene is timely turns on three factors: (1) stage of proceeding at which applicant seeks to intervene; (2) prejudice to other parties; and (3) reason for and length of delay. *League of United Latin American Citizens v. Wilson*, 113 F.3d 1297, 1302 (9th Cir. 1997). Delay is measured from the date the applicant "knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *United States v. State of Oregon*, 913 F.2d 576, 589 (9th Cir. 1990). Any substantial lapse of time weighs heavily against intervention. *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996); *Cohorst v. BRE Props.*, 2011 U.S. Dist. LEXIS 87263, *11-12 (S.D. Cal. Aug. 5, 2011) (intervention was untimely because applicant knew about class action lawsuit for six months before moving to intervene); *Management Activities, Inc. v. United States*, 1998 U.S. App. LEXIS 32662, *3-4 (9th Cir. Dec. 24, 1998) (intervention was untimely because applicant waited six months after its interests were impaired to file motion).

Attempted Intervenors have unduly delayed in seeking intervention. Even assuming *arguendo* Attempted Intervenors did not seek to intervene for all purposes in the first motion to intervene (they did), Attempted Intervenors have unreasonably delayed in seeking intervention now. Attempted Intervenors were on notice of a potential settlement by August 30, 2019 when this Court ordered the parties to mediation and, without question, by December 2018 when Attempted Intervenors were informed of the potential for a settlement in *Harvey*.[3] (Dkt. Nos. 22 and 36, pp.6-7.) That knowledge was sufficient to put Attempted Intervenors on notice that their asserted interests—including attorneys' fees, costs, and service payments in this action—could be adversely affected. As pointed out in opposing the first motion to intervene, Attempted Intervenors are not merely absent class members—they are the named plaintiffs in a lawsuit involving the same defendant, the same compensation policies, and some of the same Labor Code

---

[3] Indeed, as set forth in Harvey's opposition to the first motion to intervene, Attempted Intervenors were on notice that their rights were potentially affected by *Harvey* as early as May 28, 2018 when a notice of related case was filed in *Chen* advising Attempted Intervenors of *Harvey* and certainly by July 12, 2018 when Harvey filed his First Amended Complaint alleging claims under PAGA. See, Dkt. 36, p. 13-14.

violations at issue in this action. Unlike an absent class member, whose only interest is in maximizing the value of his or her individual claim, Attempted Intervenors have asserted a separate interest in recovering attorneys' fees if they are successful.

Attempted Intervenors' knowledge that the parties in this case were engaging in settlement negotiations that might affect their interests demanded prompt action. *See Cal. Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (Cities' motion to intervene to challenge settlement was untimely because they were aware of pending settlement negotiations between the parties and their potential effect on Cities' interests); *State of Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (motion to intervene was untimely because intervenors were aware their interests would be discussed in settlement negotiations); *Allen*, 787 F.3d at 1222 (motion untimely because intervenors were aware of lawsuit and ongoing settlement negotiations but failed to act); *County of Orange v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (the fact that intervenors did not know the final settlement terms did not excuse their failure to intervene earlier and seek to participate in the negotiations); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) ("To protect their interests, [intervenors] should have joined the negotiations before the suit was settled.")  There is simply no excuse for Attempted Intervenors to have waited five months after learning of the parties' settlement negotiations to move to intervene the first time. Waiting for nearly a year before filing their renewed motion to intervene is necessarily untimely. *State of Oregon*, 913 F.2d at 589; *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (intervention untimely because applicants were aware of litigation and ongoing settlement negotiations between the parties).

In the face of these undeniable acts of delay, Attempted Intervenors make unsubstantiated assertions that their second motion is timely. The only support for their contentions is: (1) that they did not know the Court would grant preliminary approval to the settlement, and (2) the Court has not yet finally approved of the settlement or an award of attorney's fees and costs. These arguments, however, are meritless and turn the concept of diligence on its head. Attempted Intervenors are essentially arguing that they knew about this action, the proposed settlement, and that the settlement would include a request for attorney's fees, costs, and a service award—and

despite that knowledge, sat by and waited until deciding they wanted to gain status as a party in this litigation. Attempted Intervenors have thus admitted they knew their rights were going to be affected yet decided to delay. The law of this Circuit clearly states that intervenors cannot be rewarded for delays. For example, it is well-established that introducing new parties at this late stage might jeopardize the settlement negotiations, resulting in prejudice. *County of Orange*, 799 F.2d at 538 (9th Cir. 1986) (intervention was properly denied because adding new parties to the negotiations might cause the settlement to unravel); *Cal. Dept. of Toxic Substances Control*, 309 F.3d at 1119 (intervention would have complicated the issues and upset the "delicate balance" reached during the settlement negotiations); *Allen*, 787 F.3d at 1222 (intervention would have "threatened to prejudice the settling parties by potentially derailing settlement talks). Intervention at final approval is simply too late given the notice Attempted Intervenors were given.

### 2. Attempted Intervenors Have Other Means of Protecting Their Interests

Even if this lawsuit affects Attempted Intervenors' interests, their interests are not impaired because they have "other means" to protect them. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). In a class action, intervention is unnecessary because the class members have the right to object to the settlement and participate in the final fairness hearing which Attempted Intervenors have done. *Zepeda v. PayPal, Inc.*, 2014 U.S. Dist. LEXIS 56699, *4 (N.D. Cal. Apr. 23, 2014) ("[C]ourts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative interveners' ability to protect their interests by less disruptive means, such as opting out of the settlement class or participating in the fairness hearing process."); *Lane v. Facebook, Inc.*, 2009 U.S. Dist. LEXIS 103668, *2 (N.D. Cal. Oct. 23, 2009) (intervention unnecessary because applicants could submit objections to the settlement). Attempted Intervenors have made no showing that participating in the prescribed settlement approval process is an inadequate means of protecting their interests. Attempted Intervenors made their views known in their first motion to intervene and in opposition to preliminary approval. They have now filed objections to the settlement that, while largely repetitive, attack every aspect of the settlement and include an argument regarding the

allocation of attorneys' fees, costs and service awards. Attempted Intervenors have made their opinions known as this Court has remarked:

> I am well aware of the Proposed Intervenors' position that the PAGA payment should be larger. Intervention is also unnecessary to protect the interest of the Proposed Intervenors. Lucadano is a class member. He may object or opt out. Chen is not, but [s]he has made [her] position clear at the hearing for preliminary approval. I will assume that [her] position has not changed when ruling on the sufficiency of the settlement at the final approval hearing.

(Dkt. 77, p. 5.) There is simply no reason to grant intervention.

### 3. Attempted Intervenors Do Not Meet the Requirements For Permissive Intervention

Attempted Intervenors' second motion to intervene is an improper motion for reconsideration. Because Attempted Intervenors could have briefed permissive intervention as a basis in their first motion, but did not, they should not be permitted to argue it now. Civil L.R. 7-9. Striking their permissive intervention arguments in the second motion is all the more appropriate because Attempted Intervenors made referenced permissive intervention in their first motion for intervention. (Dkt. 28, at p. 16 n.18.) Thus, Attempted Intervenors knew they should have moved on that ground but chose not to. Attempted Intervenors should not be allowed to bring this renewed motion on grounds they failed to, but knew they could have, before.

Further, even if this Court were to look into the substantive merits of permissive intervention, there is no sound reason to reverse the Court's order denying the motion to intervene. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). The parties to this action will be prejudiced by intervention. Prejudice to the parties will be demonstrated by lack of timeliness in seeking intervention. This analysis is similar to the timeliness analysis set forth above. "In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). Because the timeliness analysis is more exacting in the permissive intervention context, the fact that the second motion is untimely under intervention of right necessarily requires the same conclusion as to permissive

intervention. *Id.*

Attempted Intervenors make conclusory statements that they will be "severely prejudiced" by a ruling as to fees, costs, and service payments. They make no effort to substantiate those claims or even describe how that prejudice might materialize. Moreover, Attempted Intervenors' supposed prejudice is entirely irrelevant to the permissive intervention analysis. "The would-be intervenor may be prejudiced by denial of intervention (e.g., by the added costs and delay of separate litigation). But that should not influence the court's decision. The Rule talks only about prejudice to the 'original parties.'" Virginia A. Phillips & Karen L. Stevenson, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions, Ch. 7-E, ¶ 7:257 (2019)

## V.   CONCLUSION

Attempted Intervenors have now demonstrated a pattern of conduct of engaging in procedurally improper litigation tactics, laced with substantively defective arguments. That was the case with their first motion to intervene which this Court properly denied. In filing their second motion to intervene, Attempted Intervenors rehash many of the same arguments. However, they go even further by violating entirely different procedural rules and ignoring substantive law. Attempted Intervenors have filed a notice of appeal that divests this Court of jurisdiction to consider their latest motion to intervene. Asking this Court to revisit the same issues that are now on appeal is improper. Even without the jurisdictional defect, Attempted Intervenors are violating the District's Local Rules by filing essentially the same motion, seeking the same relief. For all the above reasons, Attempted Intervenors' second motion to intervene should be rejected.

Respectfully Submitted,

Dated:  December 18, 2019                         WYNNE LAW FIRM

By      /s/ *Edward J. Wynne*
EDWARD J. WYNNE

Class Counsel