UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY SMITH BARNEY LLC,<br><br>Defendant. | Case No.  3:18-cv-02835 WHO<br><br>CLASS ACTION<br><br>**DECLARATION OF ZACHARY COOLEY RE: NOTICE PROCEDURES** |

I, Zachary Cooley, declare and state as follows:

1. I am employed as a Sr. Project Manager by KCC Class Action Services, LLC ("KCC"), located at 462 South 4th Street, Louisville, KY 40202. KCC was appointed as the Settlement Administrator in this matter and is not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**CAFA Notification**

2. In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC compiled a CD-ROM containing the following documents: *Class Action Complaint; First Amended Class Action Complaint; Second Amended Class Action Complaint; Answer to First Amended Class Action Complaint; Settlement Agreement; Plaintiff's Motion For Preliminary Approval; Declaration Of James F. Clapp In Support Of Plaintiff's Motion For Preliminary Approval; Declaration Of Edward J. Wynne In Support Of Motion For Preliminary Approval Of Class Action Settlement*, and a cover letter (collectively, the "CAFA Notice Packet"). A copy of the cover letter is attached hereto as Exhibit A.

3. On June 11, 2019, KCC caused 22 CAFA Notice Packets to be mailed via Certified Mail to the parties listed on Exhibit B.

4. As of the date of this Affidavit, KCC has received no response to the CAFA Notice Packet from any of the recipients identified in paragraph 3 above.

**Contact List**

5. On October 7, 2019, KCC received from Defendant a list of 3,297 persons identified as the Contact List. The Contact List provided contact information and breakdown of semi-monthly pay periods in the Rule 23 class period as well as the semi-monthly pay periods related to both Tier 1 and Tier 2 PAGA Aggrieved Employees. The Contact List provided that the Rule 23 class had 2,989 Class Members, the PAGA Tier 1 had 2,421 Aggrieved Employees and

the PAGA Tier 2 had 2,989 Aggrieved Employees. The Rule 23 class has a total of 258,828 semi-monthly pay periods which equates to 129,414 work months during the class period. The Tier 1 PAGA Period Aggrieved Employees have a total of 54,981 semi-monthly pay periods which equates to 27,490.5 months worked in the Tier 1 PAGA Period. The Tier 2 PAGA Period Aggrieved Employees have a total of 258,828 semi-monthly pay periods which equates to 129,414 months worked in the Tier 2 PAGA Period.  The total semi-monthly pay periods for the PAGA Aggrieved Employees is 313,809 which equates to 156,904.5 months worked during both PAGA Periods.  KCC formatted the list for mailing purposes, consolidated duplicate records, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS").  KCC updated its proprietary database with the Contact List.

**Mailed Notice**

6.      On October 21, 2019 KCC caused the Notice to be printed and mailed to the 3,297 names and mailing addresses in the Contact List.  A true and correct copy of the Notice is attached hereto as Exhibit C.

7.      Since mailing the Notices, KCC has received 80 Notices returned by the USPS with undeliverable addresses.  Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notices and was able to find updated addresses for 54 individuals returned as undeliverable.  KCC promptly re-mailed Notices to the new addresses.

**Case Website**

8.      On or about October 21, 2019, KCC established a website www.MSSBSettlement.com dedicated to this matter to provide information to the Class Members and Aggrieved Employees and to answer frequently asked questions. The website contains important documents for Class Members and Aggrieved Employees to view and download

including the Plaintiff's Motion for Attorneys' Fees, Costs and Class Representative Enhancement Award. The website URL was set forth in the Notice. To date, the website has received 396 page views.

**Toll-Free Telephone Number**

9. On or before October 21, 2019, KCC established a toll-free telephone number dedicated to answering telephone inquiries from Class Members and Aggrieved Employees. To date, KCC has received 1,058 call inquiries to the case help line.

**Request for Exclusion from Class**

10. The postmark deadline for Rule 23 Class Members to request to be excluded from the class was December 5, 2019. As of the date of this declaration, KCC has received 7 requests for exclusion. The class members who requested exclusion are Justin Hinkes, James Mills, Bryan Mountain, Kerry Moy, Marc Roggenkamp, Chet Stephens, and Christopher Venuti, all of which are members of the Rule 23 class and eligible to request exclusion under the settlement agreement.

**Objections to the Settlement**

11. The postmark deadline for Rule 23 Class Members to object to the settlement was December 5, 2019. As of the date of this declaration, KCC has received 1 objection to the settlement from a class member, Matthew Lucadano. KCC has also received an objection from Tracy Chen who is an Aggrieved Employee and is not eligible to object to the settlement as a Class Member pursuant to the settlement agreement.

**Preliminary Settlement Award Calculations**

12. KCC has preliminarily calculated the 2,982 Rule 23 Class Members and the 3,297 Aggrieved Employees settlement awards. These calculations are based on the assumptions that

the gross settlement amount is $10,235,000.00, and from that amount, deductions are made for: (a) Future Immediate Payment Fund ($1,735,000.00) (b) attorneys' fees ($2,047,000.00); (c) attorneys' costs ($24,506.37); (d) named plaintiff award ($10,000.00); (e) payment to the California Labor & Workforce Development Agency ($450,000.00); and (f) administration costs ($32,000.00). The remaining amount ($5,936,493.63, the "Net Settlement Fund") will be allocated pursuant to the terms of the settlement to those Class Members and Aggrieved Employees preliminarily approved for payment. The Net Settlement Fund is further divided into: the Rule 23 Class Member Fund, the Tier 1 PAGA Aggrieved Employee Fund and the Tier 2 PAGA Aggrieved Employee Fund which amount to $5,786,493.63, $125,000.00 and $25,000.00, respectively. The minimum, maximum and average recovery for the Rule 23 Class is $22.42, $2,892.61 and $1,940.47, respectively. The minimum, maximum and average recovery for the Tier 1 PAGA Aggrieved Employees is $2.28, $59.11 and $51.63, respectively. The minimum, maximum and average recovery for the Tier 2 PAGA Aggrieved Employee is $0.11, $12.46 and $8.36, respectively. Should the Court-awarded fees or costs differ than those shown above, or if the list of Class Members or Aggrieved Employees approved for payment and/or their class data changes, the estimated award allocation calculations will change accordingly.

**Administration Costs**

13. KCC estimates its total cost of administration to be $39,000.00. This amount includes costs to date as well as through the completion of this matter. KCC agrees to cap its administration costs at $32,000.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of December, 2019 at Louisville, Kentucky.

ZACHARY COOLEY

# EXHIBIT A



June 10, 2019

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

**orrick.com**

*VIA U.S. MAIL*

Xavier Becerra
Attorney General, State of California
CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

**Andrew R. Livingston**

E  alivingston@orrick.com
D  +1 415 773 5588
F  +1 415 773 5759

Re:     **CAFA Notice of Proposed Settlement**
        *Harvey v. Morgan Stanley Smith Barney LLC*, N.D. Cal. No. 3:18-cv-02835 WHO

Dear Attorney General Becerra:

Pursuant to 28 U.S.C. § 1715, enacted as a component of the Class Action Fairness Act of 2005 ("CAFA"), please find enclosed information relating to the proposed settlement of the lawsuit *Harvey v. Morgan Stanley Smith Barney LLC*, N.D. Cal. No. 3:18-cv-02835 WHO (the "Action"). The Action is pending before Hon. William H. Orrick in the United States District Court for the Northern District of California.

In the Action, Plaintiff filed a Motion for Preliminary Approval of the parties' proposed Class Action Settlement Agreement ("Settlement Agreement") and associated documents with the court on April 26, 2019. The Honorable William H. Orrick will hold a hearing regarding Plaintiff's Motion on June 12, 2019 at 2:00 p.m. in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California. A final approval/fairness hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement has not yet been scheduled.

In conjunction with this notice, please find copies of the following documents:

1. Class Action Complaint, First Amended Class Action Complaint, and Second Amended Class Action Complaint (Dkt. Nos. 1, 11, and 55, respectively);

2. Morgan Stanley's Answer to the First Amended Complaint (Dkt. 23);

3. Settlement Agreement and Release; Notice of (1) Preliminary Approval of Class Action Settlement, (2) Final Approval Hearing, and (3) Right to Object or Opt Out; and Notice of PAGA Settlement Payments (all of which were filed as Exhibit 1 to the Declaration of Edward Wynne) (Dkt. 48-3); and

4. Plaintiffs' Notice of Motion in Support of Motion for Preliminary Approval, the supporting Memorandum of Points and Authorities, and the supporting Declarations of Edward Wynne and James Clapp (Dkt. Nos. 48, 48-1, and 48-2).

4160-2867-3820.1



June 10, 2019
Page 2

Plaintiff, a California resident, brought this Action on behalf of himself and a putative class of financial advisors working for Morgan Stanley in California at any point during the relevant time period. The Action asserts only California claims. Based on Morgan Stanley's data,[1] there are approximately 2,837 putative class members. Unless they opt out, these individuals will share in the Net Cash Distribution (as defined in the Settlement Agreement), payments of which will be distributed pro rata as set forth in the Settlement Agreement. Enclosed is a chart showing an estimate of the number of class members believed to reside in your state, and an estimate of their proportionate share of their claims to the entire settlement.

No other settlement or contemporaneously-made agreement exists between the parties' counsel. No final judgment has been entered as of the date of this notice, nor have any notices of dismissal been filed. To date, there has been no written judicial opinion related to the settlement.

All filings in the above-referenced Action can be accessed by visiting the website for the United States District Court for the Northern District of California and following the directions on the website: http://www.cand.uscourts.gov/cm-ecf.

My colleagues Lynne C. Hermle, Jinnifer D. Pitcher, Katie E. Briscoe, and Benjamin R. Buchwalter and I represent Defendant Morgan Stanley. Should you have any questions regarding this matter or this notice, please do not hesitate to contact any of us as follows:

| Andrew R. Livingston | Lynne C. Hermle | Jinnifer D. Pitcher |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Benjamin R. Buchwalter | Katie E. Briscoe |
| 405 Howard Street | ORRICK, HERRINGTON & SUTCLIFFE LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| San Francisco, CA 94105 | 1000 Marsh Road | 400 Capitol Mall, Suite 3000 |
| Telephone: (415) 773-5700 | Menlo Park, CA 94025 | Sacramento, CA 95814 |
|  | Telephone: 650-614-7400 | Telephone: 916-447-9200 |

Very truly yours,

Andrew R. Livingston

Enclosures

---

[1] The class data is current through September 30, 2018 and will be updated following the preliminary approval hearing.

4160-2867-3820.1

# EXHIBIT B

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Brnovich | Mark | Office of the Arizona Attorney General | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Becera | Xavier | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Tong | William | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Barrr | William P. | Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Moody | Ashley | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 400 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Connors | Clare E. | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Wasden | Lawrence G. | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | 20th Floor | Boston | MA | 02108-1518 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg. | 215 N. Sanders Street, PO Box 201401 | Helena | MT | 59601 |
| Ford | Aaron D | Nevada Attorney General | ATTN: Bureau of Consumer Protection | 100 North Carson Street | Carson City | NV | 89701 |
| Grewal | Gurbir S. | Attorney General , State of New Jersey, Office of the Attorney General | RJ Hughes Justice Complex | 25 Market Street, Box 080 | Trenton | NJ | 08625-0080 |
| Balderas | Hector | Attorney General, State of New Mexico | Office of the Attorney General | P.O. Drawer 1508 | Santa Fe | NM | 87504-1508 |
| James | Letitia | CAFA Coordinator | Office of the Attorney General | 28 Liberty Street, 15th Floor | New York | NY | 10005 |
| Stein | Josh | Attorney General, State of North Carolina | Attorney General's Office, ATTN: Consumer Protection | 9001 Mail Service Center | Raleigh | NC | 27699-9001 |
| Rosenblum | Ellen F. | Attorney General, State of Oregon | Office of the Attorney General | 1162 Court Street, NE | Salem | OR | 97301-4096 |
| Shapiro | Josh | Attorney General, State of Pennsylvania, ATTN: Consumer Protection | 16th Floor, Strawberry Square | | Harrisburg | PA | 17120 |
| Slatery, III | Herbert H. | Attorney General , State of Tennessee, Office of the Attorney General | P.O. Box 20207 | | Nashville | TN | 37202-0207 |
| Paxton | Ken | Attorney General, State of Texas, Office of the Attorney General | ATTN: Consumer Protection Division | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean D. | Attorney General, State of Utah, Office of the Attorney General | | 350 N State St, Suite 230 | Salt Lake City | UT | 84114-0810 |
| Ferguson | Bob | Attorney General, State of Washington | Office of the Attorney General | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Hill | Bridget | Attorney General, State of Wyoming, Office of the Attorney General | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |

# EXHIBIT C

*Harvey v. Morgan Stanley Smith Barney LLC*
Settlement Administrator
P.O. Box 43208
Providence RI 02940-3208

# MGH

«Barcode»
Postal Service: Please do not mark barcode
Claim#: MGH-«CLAIM8»-«CKDIG»
«FirstNAME» «LastNAME»
«ADDR1» «ADDR2»
«CITY», «STATE»  «ZIP»
«COUNTRY»

### IMPORTANT LEGAL NOTICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY LLC,<br><br>Defendant. | CASE NO.: 3:18-cv-02835 WHO<br><br>NOTICE OF (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) FINAL APPROVAL HEARING; AND (3) RIGHT TO OBJECT OR OPT OUT<br><br>**THIS NOTICE AFFECTS YOUR RIGHTS. PLEASE READ IT CAREFULLY.** |

To:   All current or former employees of Morgan Stanley Smith Barney LLC who worked for MSSB within the State of California from May 14, 2014, through September 5, 2019, in the job title of Financial Advisor and/or Private Wealth Advisor ("Class Member")

### Why You are Receiving This Notice

You are receiving this Notice because the U.S. District Court, for the Northern District of California, has preliminarily approved a proposed class action settlement that may affect you. The proposed Settlement will resolve all class claims in the lawsuit of *Harvey v. Morgan Stanley Smith Barney LLC* ("Lawsuit"). The purpose of this Notice is to inform you of the Settlement of this Lawsuit and your legal rights under the Settlement.

The Court has ordered that this Notice be sent to you because you may be a Class Member. Records show that you were employed with Morgan Stanley Smith Barney LLC at some time from May 14, 2014, through September 5, 2019.

**The amount you will receive from the Settlement is listed on your Notice below. You will be bound by the terms of the Settlement unless you exclude yourself from the Class; see instructions below.** Please see below for a more complete explanation of your options under the Settlement.

### SUMMARY OF CASE

On or about May 14, 2018, Plaintiff Brandon Harvey filed a putative class action on behalf of himself and other employees that Defendant Morgan Stanley Smith Barney LLC employed as Financial Advisors in California from May 14, 2014 through September 5, 2019. The operative complaint alleges that Defendant failed to pay wages, made unlawful wage deductions, violated the California Employee Bond Law, failed to provide accurate itemized wage statements, and failed to indemnify all reasonable and necessary business expenses, enumerating alleged violations of Labor Code §§ 201-204.2, 221-224, 226, 400-410, 1174, 1174.5, 1198, 2802 and Cal. Code of Reg., tit. 8, § 11040(8). Plaintiff also alleged derivative claims pursuant to the California Unfair Competition Law, California Business & Professions Code § 17200, et seq. ("UCL") and the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq*. Plaintiff's claims are based on Defendant's Alternative Flexible Grid ("AFG") program. Plaintiff alleges that the claims should be certified as a class action. In Plaintiff's complaint, he seeks recovery of allegedly unpaid wages, expense reimbursements, penalties, interest, and attorneys' fees and costs.

After several months of formal litigation and the exchange of relevant information, the Parties agreed to participate in multiple private mediations to try and resolve the claims. The Parties thereafter reached the Settlement that is memorialized in the Settlement Agreement that is on file with the Court, and whose terms are generally summarized in this Notice.

### POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT

Defendant contends that it compensates and reimburses employees in full compliance with the law. It denies each of the claims and contentions alleged by Plaintiff in the Lawsuit. Although Defendant has strong defenses to the Lawsuit, it has concluded that a lengthy and expensive lawsuit is not in the best interests of either side.  Defendant has, therefore, agreed to settle this Lawsuit in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Lawsuit.  Nothing regarding the Settlement may be construed as, or may be used as, an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

Class Counsel recognize the expense and length of continued proceedings necessary to continue the Lawsuit against Defendant through certification, trial and any possible appeals, the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not be certified, as well as the difficulties and delays generally inherent in such litigation, the burdens of proof necessary to establish liability for the claims, and of the difficulties in establishing damages for the Class Members. Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

The Court has made no ruling on the merits of the Class Members' claims and has determined only that certification of the Class for settlement purposes is appropriate.

### SUMMARY OF SETTLEMENT TERMS

**Settlement Amount.** The Settlement Agreement provides that Defendant will pay $10,235,000 (the "Maximum Settlement Amount") to fully resolve the claims in the Lawsuit.  The Maximum Settlement Amount includes (a) a Cash Payment of $8,500,000 ("Cash Payment Amount") and (b) an Expense Fund of $1,735,000.

**(a) Cash Payment Amount.** The following deductions will be made from the Cash Payment Amount:

   **(i) *Settlement Administration*.** The Court has tentatively approved a payment of approximately $32,000 to the Settlement Administrator, KCC Class Action Services, for the costs incurred in notifying the Class of this Settlement and processing any claims.

   **(ii) *Attorneys' Fees and Costs*.** The Court preliminarily appointed the following attorneys as Class Counsel to represent the Class in this Lawsuit: Edward J. Wynne, Wynne Law Firm, James F. Clapp, Clapp & Lauinger LLP, and David S. Markun, Markun Zusman Freniere & Compton LLP.

| Edward J. Wynne | David S. Markun | James F. Clapp |
|---|---|---|
| WYNNE LAW FIRM | MARKUN ZUSMAN FRENIERE | CLAPP & LAUINGER LLP |
| 80 E. Sir Francis Drake Blvd. | & COMPTON LLP | 701 Palomar Airport Road |
| Suite 3-G | 17383 West Sunset Boulevard | Suite 300 |
| Larkspur, CA 94939 | Suite A380 | Carlsbad, CA 92011 |
| ewynne@wynnelawfirm.com | Pacific Palisades, CA 90272 | jclapp@clapplegal.com |
| (415) 461-6400 | dmarkun@mzclaw.com | (760) 209-6565 |
|  | (310) 454-5900 |  |

   Class Counsel will ask the Court to approve a Fee and Cost Award not to exceed twenty-five percent (25%) of the Maximum Settlement Amount as the Fee Award, in addition to reasonable actual expenses not to exceed $35,000, as the Cost Award. Class Counsel have been prosecuting the Lawsuit on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses. The Fee and Expense Award will constitute full compensation for all legal fees and litigation expenses of Class Counsel in the Lawsuit, including any work they do in the future. Class Members are not personally responsible for any fees or litigation expenses.

   **(iii) *Named Plaintiff Award*.** Class Counsel will also ask the Court to approve a payment in the amount of $10,000 for Named Plaintiff Brandon Harvey for acting as the representative on behalf of the Class, spending time assisting with the Lawsuit, signing a general release of all claims he might have against Defendant, agreeing to never apply for or accept employment with Morgan Stanley, which is not required of Class Members.

   **(iv) *PAGA Payment*.** A total of $600,000 is allocated to pay all applicable civil penalties under California Labor Code's Private Attorneys General Act of 2004 ("PAGA"). $100,000 shall be allocated to settle PAGA claims for the portion of the PAGA Period extending from May 9, 2014 through the end of the PAGA Period ("Tier 2 PAGA Payment").  $500,000 shall be allocated to settle claims for civil penalties pursuant to PAGA for the portion of the PAGA Period extending from April 23, 2013 to May 9, 2014 ("Tier 1 PAGA Payment").

   Seventy-five percent (75%) of the PAGA Payment shall be paid to the California Labor and Workforce Development Agency ("LWDA") as required by California law, and twenty-five percent (25%) shall be distributed to Aggrieved Employees based on the proportionate number of Individual PAGA Pay Periods worked.

The balance of the Cash Payment Amount after the deductions described above is called the Net Cash Distribution. Any portion of the Fee and Cost Award, Named Plaintiff Award, and/or Administration Costs not awarded shall also be distributed to Class Members.

Each Class Member's Individual Class Settlement Payment will be calculated by multiplying the Net Cash Distribution by each Settlement Class Member's Percentage Class Share. Each Class Member's Percentage Class Share is based on his/her number of semimonthly pay periods with Defendant as a Class Member, as reflected by Defendant's corporate and business records, exclusive of leaves of absence ("Individual Class Pay Periods"). Approximations and averages will be used to cover periods where data is missing or otherwise not available. Class Members may dispute the Individual Class Pay Periods that are attributed to him or her by producing evidence to the Settlement Administrator establishing the dates he or she contends to have worked during the Class Period.

> **Assuming you do not opt out of the Settlement and the Settlement is approved by the Court, your Individual Class Settlement Payment is $<<INDEstSet>> based on <<WksWkd>> Individual Class Pay Periods.**

For tax purposes, the Individual Class Settlement Payments will be allocated as follows: 20% (one-fifth) to settlement of wage claims, which portion will be subject to required tax withholdings, and 80% (four-fifths) to settlement of claims for expenses, penalties and interest, which portion will be paid without withholding any amount. The portion allocated to wages shall be reported on an IRS Form W-2, and the portion allocated to expenses, interest and penalties shall be reported on an IRS Form 1099.  IRS Forms W-2 and 1099 (and the equivalent California forms) will be distributed to Class Members reflecting the payments they receive under the Settlement.  Class Members should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

**(b) Expense Fund.** Morgan Stanley will also allocate $1,735,000 from the Maximum Settlement Amount to future payments of business expenses. This Expense Fund shall be available separate and apart from the AFG Program. The Expense Fund shall be made available to current California Financial Advisors for expenses that otherwise could have been submitted to AFG through Defendant's current policies, and for specific categories of expenses to be determined solely by Defendant. Defendant agrees that it will use its best efforts to spend the Expense Fund in calendar year 2020, 2021 or within two years of the Payment Obligation and Release Date. Examples of types of costs that may be covered under this provision include remote computing (including corporate iPhone or MobileIron access) and personalized web pages.

**Release of Claims.** If the Settlement is approved by the Court, it will bar any Class Member who does not timely opt out of the Settlement from bringing certain claims against Defendant, described below. The Settlement will fully release and discharge Defendant and its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, attorneys, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, assigns, subsidiaries, affiliates, and parents (the "Released Parties") from all claims, demands, rights, liabilities, obligations, penalties, attorneys' fees, and causes of action that were pled or could have been pled by Class Members in the operative complaint based on the facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions, or failures to act alleged in the operative complaint against Defendant from May 14, 2014 through September 5, 2019, including but not limited to claims for alleged unlawful wage deductions, failure to pay wages, cash bond or violations of the California Employee Bond Law, untimely final or other pay, inaccurate itemized wage statements and records, unreimbursed business expenses and/or failure to indemnify all necessary business expenses, claims alleging violations of California Labor Code sections 201-204.2, 221-224, 226, 400-410, 1174, 1174.5, 1198, 2802 and 2804, derivative claims for unfair business practices under California Business & Professions Code section 17200 *et seq.*, derivative claims for penalties under the Private Attorneys General Act ("PAGA"), and California state common law claims based on the alleged conduct in the operative complaint.

These claims that Class Members are agreeing to release and discharge are referred to as "Class Released Claims," as that term is more fully defined in the Settlement Agreement. This is true whether the Class Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist. However, those Class Members who do not cash their Individual Class Settlement Payment shall not have released their claims under the Fair Labor Standards Act.

The Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Class Released Claims. The Individual Class Settlement Payments are paid to Class Members specifically in exchange for the release of the Released Parties from the Class Released Claims and for their agreement not to sue concerning the Class Released Claims.

## YOUR OPTIONS UNDER THE SETTLEMENT

**Option 1** – *Do Nothing and Receive Your Individual Class Settlement Payment*

You do not have to do anything and you will receive money from the Settlement if the Court grants Final Approval of the Settlement. If you choose this **Option 1**, and if the Court grants Final Approval of the Settlement, you will be deemed to have released the Class Released Claims against the Released Parties.

**Option 2** – *Opt Out of the Settlement*

If you do not wish to participate in the Settlement, you can request to be excluded from the Settlement (except that you may not opt out of the portion of the Settlement resolving PAGA claims for civil penalties on behalf of the State of California). To do so, you must submit an Exclusion Request to the Settlement Administrator stating your name, address, telephone number and last four digits of your social security number, as well as the following statement, or something similar: "I request to be excluded from the class

action proceedings taking place in the matter of *Harvey v. Morgan Stanley Smith Barney LLC*, Northern District of California Case No. 3:18-cv-02835 WHO."

You must sign, date, and mail the Exclusion Request by First Class U.S. Mail or equivalent postmarked no later than December 5, 2019 to:

*Harvey v. Morgan Stanley Smith Barney LLC*
Settlement Administrator
P.O. Box 43208
Providence RI  02940-3208

If you choose this **Option 2**, you will no longer be a Class Member. You will not be deemed to have released the Class Released Claims, you will not receive an Individual Class Settlement Payment from the Settlement, and you will be barred from filing any objection to the Settlement.

**Option 3** – *File an Objection with the Court*

You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the Lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement should be in writing and filed with the Court.  All written objections and supporting papers must (a) clearly identify the case name and number (*Harvey v. Morgan Stanley Smith Barney LLC*, Case Number 3:18-cv-02835 WHO), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, California 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before December 5, 2019.

You may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  The Final Approval hearing on the Settlement is currently set for February 5, 2020 at 2:00 p.m. in Courtroom 2, 17th Floor of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave, San Francisco, California 94102. The date and time of the hearing may change without notice. For updated information, please visit the settlement website or access the Court docket (details below).

If you file an objection, you are not excluding yourself from the Settlement. If the Court overrules your objection, you will be deemed to have released the Class Released Claims against the Released Parties. To exclude yourself from the Settlement, you must follow the directions described above in Option 2. Please note that you cannot both object to the Settlement and exclude yourself.  You must choose one option only.

If you choose this **Option 3**, you may still receive an Individual Settlement Payment.

## **ADDITIONAL INFORMATION**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.MSSBFAsettlement.com. You may also email the Settlement Administrator at info@MSSBFAsettlement.com, or call or mail the contact information below:

*Harvey v. Morgan Stanley Smith Barney LLC*
Settlement Administrator
P.O. Box 43208
Providence RI  02940-3208
1-866-523-2930

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF THE CLAIMS OR DEFENSES BY EITHER SIDE IN THIS PROCEEDING.

PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, DEFENDANT OR DEFENDANT'S ATTORNEYS TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.