1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  BENJAMIN R. BUCHWALTER (STATE BAR NO. 301130)
   bbuchwalter@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025-1015
   Telephone:    650-614-7400
5  Facsimile:    650-614-7401

6  ANDREW R. LIVINGSTON (STATE BAR NO. 148646)
   alivingston@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA  94105-2669
9  Telephone:    415-773-5700
   Facsimile:    415-773-5759

10
   JINNIFER PITCHER (STATE BAR NO. 252880)
11 jpitcher@orrick.com
   KATIE E. BRISCOE (STATE BAR NO. 287629)
12 kbriscoe@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
13 400 Capitol Mall, Suite 3000
   Sacramento, CA  95814-4497
14 Telephone:    916-447-9200
   Facsimile:    916-329-4900
15
   Attorneys for Defendant
16 MORGAN STANLEY SMITH BARNEY LLC

17
                    UNITED STATES DISTRICT COURT
18
                  NORTHERN DISTRICT OF CALIFORNIA
19

20
   BRANDON HARVEY, individually and on          Case No. 3:18-cv-02835 WHO
21 behalf of all others similarly situated,
                                                **DEFENDANT MORGAN STANLEY**
22                Plaintiff,                     **SMITH BARNEY LLC'S STATEMENT**
                                                **OF NON-OPPOSITION TO PLAINTIFF**
23        v.                                     **BRANDON HARVEY'S MOTION FOR**
                                                **FINAL APPROVAL OF SETTLEMENT**
24 MORGAN STANLEY SMITH BARNEY                  **AND RESPONSE TO THE OBJECTION**
   LLC,                                         **OF MATTHEW LUCADANO**
25
                  Defendant.                     Judge: Hon. William H. Orrick
26                                               Date:  February 5, 2020
                                                 Time:  2:00 p.m.
27                                               Dept:  Courtroom 2, 17th Floor

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................... 2

    A.   The Parties' $10.2 Million Settlement .................................................... 2

    B.   The Parties in Chen Were Unable to Reach a Settlement ....................... 2

    C.   The Parties' Settlement Negotiations Were Far From Secret ................. 3

III.  STATEMENT OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR
     FINAL APPROVAL .......................................................................................... 3

IV.   LUCADANO'S OBJECTION RESTATES PRIOR REJECTED ARGUMENTS
     AND FAILS TO UNDERMINE THE SETTLEMENT ..................................... 4

    A.   The Settlement Is Fair and Provides Significant Benefit to the Class ................... 4

        1.   The Harvey Settlement Meets the Ninth Circuit Factors to
           Determine Fairness of Settlements ................................................. 4

        2.   The Settlement Compares Favorably to Other Recent Wage and
           Hour Class Action Settlements ....................................................... 6

    B.   The Settlement Satisfies All Rule 23 Factors ......................................... 7

        1.   The Plan of Allocation Properly Addresses FA Tenure............................. 8

        2.   Harvey Provided Substantial Information to Support the Settlement ....... 10

        3.   Harvey's Counsel Are Adequate.................................................. 11

           a.   Lucadano Has Not Shown That Harvey's FINRA
              Arbitration Has Any Impact on Adequacy of Harvey's
              Counsel .............................................................................. 11

           b.   Harvey's Counsel Properly Valued The Claims ......................... 12

           c.   Harvey's Right to Withdraw the SAC if the Settlement Is
              Not Approved Does Not Undermine the Settlement.................... 15

        4.   The Harvey Settlement Is a Superior Method to Resolve the
           Dispute ......................................................................................... 15

    C.   The Settlement Is Not the Product of a "Reverse Auction"................... 16

    D.   Chen Plaintiffs Did not Meet Burden to Show Entitlement to Fees, Costs
       and Service Payments ............................................................................ 17

V.    CONCLUSION.................................................................................................. 18

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Altamirano v. Shaw Indus.*,
No. 13-cv-00939-HSG, 2015 WL 4512372 (N.D. Cal. July 24, 2015) .....................................9

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ...............................................................................................................8, 9

*Arias v. Super. Ct.*,
46 Cal. 4th 969 (2009) .................................................................................................................6

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011)......................................................................................................12

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
No. C-07-5944 JST, 2016 WL 3648478, at *7 (N.D. Cal. July 7, 2016).....................................12

*Cotter v. Lyft, Inc.*,
176 F. Supp. 3d 930 (N.D. Cal. 2016) .......................................................................................13

*Cotter v. Lyft, Inc.*,
193 F. Supp. 3d 1030 (N.D. Cal. 2016) .....................................................................................13

*Gallucci v. Gonzales*,
603 F. App'x 533 (9th Cir. 2015) ..............................................................................................12

*Gonzalez v. CoreCivic of Tenn., LLC*,
No. 1:16-cv-01891-DAD-JLT, 2018 WL 4388425 (E.D. Cal. Sep. 13, 2018).........................14

*Haralson v. U.S. Aviation Servs. Corp.*,
383 F. Supp. 3d 959 (N.D. Cal. 2019) .......................................................................................14

*Jefferson v. MEC Dev., LLC*,
No. 1:17-cv-01394, 2019 WL 5209149 (E.D. Cal. Oct. 16, 2019)...........................................14

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998)......................................................................................................4

*Maciel v. Bar 20 Dairy, LLC*,
No. 1:17-cv-00902-DAD-SKO, 2018 WL 5291969 (E.D. Cal. Oct. 23, 2018) .......................14

*McCabe v. Six Continents Hotels, Inc.*,
No. 12-cv-04818 NC, 2015 WL 3990915 (N.D. Cal. June 30, 2015) .......................................15

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- ii -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

*McGuire v. Int'l Paper Co.*,
   No. 1:92-CV-593BRR, 1994 WL 261360 (S.D. Miss. Feb. 18, 1994)....................................16

*In re Morgan Stanley Smith Barney LLC Wage & Hour Litig.*,
   Civ. No. 2:11–03121 (WJM), 2013 WL 6255697 (D.N.J. Dec. 4, 2013)..............................5

*In re Morgan Stanley Smith Barney LLC Wage & Hour Litig.*,
   Civ. No. 2:11–03121 (WJM), 2014 WL 2101904 (D.N.J. May 20, 2014)..............................5

*Newman v. Americredit Fin. Servs., Inc.*,
   No. 11cv3041 DMS (BLM), 2014 WL 12789177 (S.D. Cal. Feb. 3, 2014) ............................9

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999).......................................................................................................8, 9

*Philliben v. Uber Techs., Inc.*,
   No. 14-cv-056165-JST, 2016 WL 4537912 (N.D. Cal. Aug. 30, 2016)..................................9

*Prachasaisoradej v. Ralphs Grocery Co., Inc.*,
   42 Cal. 4th 217, 229, 244 (2007) .......................................................................................7

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009)............................................................................................13

*Roes v. SFBSC Mgmt. LLC*,
   944 F.3d 1035 (9th Cir. 2019)............................................................................................8

*Sanchez v. Frito-Lay, Inc.*,
   No. 1:14-cv-00797 AWI-MJS, 2015 WL 4662636, at *10 (E.D. Cal. Aug. 5,
   2015) ..................................................................................................................................9

*Schachter v. Citigroup, Inc.*,
   47 Cal. 4th 610 (2009) ..................................................................................................4, 7

*Slezak v. City of Palo Alto*,
   No. 16-CV-03224-LHK, 2017 WL 2688224 (N.D. Cal. June 22, 2017) .............................14

*Smith v. CRST Van Expedited, Inc.*,
   No. 10-CV-1116-IEG (WMC), 2012 WL 5873701 (S.D. Cal. Nov. 20, 2012)......................15

*Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*,
   No. CV 09-4432 CW, 2016 WL 7743407 (N.D. Cal. Dec. 7, 2016).....................................15

*Trotsky v. L.A. Fed. Sav. & Loan Ass'n*,
   121 Cal. Rptr. 637 (Ct. App. 1975).....................................................................................14

*Tsyn v. Wells Fargo Advisors, LLC*,
   No. 3:14-cv-2552 (N.D. Cal. Nov. 17, 2018), ECF No. 173 .......................................5, 7, 8, 13

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- iii -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

*Valdez v. Neil Jones Food Co.*,
   No. 1:13-cv-00519-AWI-SAB, 2014 WL 3940558 (E.D. Cal. Aug. 11, 2014) ........................9

**Statutes**

Cal. Evid. Code § 1119 ...................................................................................................................3

Cal. Lab. Code § 201...............................................................................................................13, 14

Cal. Lab. Code § 202...............................................................................................................13, 14

Cal. Lab. Code § 203...............................................................................................................13, 14

Cal. Lab. Code § 204...............................................................................................................13, 14

Cal. Lab. Code § 204.2............................................................................................................13, 14

Cal. Lab. Code § 2699.3................................................................................................................12

Cal. Lab. Code § 2802....................................................................................................12, 13, 14

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

**Other Authorities**

N.D. Cal. Procedural Guidance for Class Action Settlements,
   https://www.cand.uscourts.gov/ClassActionSettlementGuidance ...........................................12

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- iv -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1    I.    **INTRODUCTION**

2         Defendant Morgan Stanley does not oppose the motion for final approval filed by Plaintiff

3    Brandon Harvey.  In fact, Morgan Stanley believes that motion should be granted because the

4    non-reversionary settlement of more than $10.2 million provides real value by permitting all class

5    members to receive a settlement payout now, and it also mitigates the risk, expense and

6    unpredictability of further litigation.

7         As he has done previously, Matthew Lucadano, a named Plaintiff in the *Chen* case and a

8    class member here, seeks to disrupt the settlement, this time by submitting an Objection in which

9    he asks the Court to refuse final approval.[1]  As justification for his Objection, Lucadano offers a

10   series of arguments attacking the settlement as improper.  However, despite his attempts to dress

11   up these arguments in new clothes, they are largely rehashed versions of the arguments he made

12   in connection with his motion to intervene and in his opposition to preliminary approval.  The

13   Court, however, carefully considered these arguments and rejected them, one after the other.  In

14   doing so, the Court made clear that this settlement provides a strong benefit to the class.

15        Since then, nothing has changed.  The $10.2 million settlement continues to provide a

16   significant benefit to the class, it provides that benefit now, it meets all Rule 23 factors for

17   settlement and class certification, it resulted from arm's length negotiations between experienced

18   attorneys, and as the Court has confirmed it absolutely is not the result of an improper "reverse

19   auction."  Accordingly, the Court should overrule Lucadano's Objection and grant Plaintiff

20   Harvey's motion for final approval.

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   [1] Tracy Chen likewise filed an Objection with the Court.  ECF No. 93.  Her inappropriate attempt to insert herself into this case is improper.  Plaintiff Harvey has moved to strike her objection (ECF No. 104), and concurrent with this filing, Morgan Stanley has filed a Non-Opposition to that motion as well.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 1 -

## II.    FACTUAL BACKGROUND

The parties have recited the facts leading to the settlement of this action several times.[2] Rather than repeat all of those facts here, Morgan Stanley highlights just the following select facts that are material to this response.

### A.    The Parties' $10.2 Million Settlement

The $10.2 million settlement is described in detail in Harvey's Motion for Final Approval of Settlement. *See* ECF No. 105. All class members will recover from the settlement, regardless of their AFG usage, based on the pay periods worked during which they could have participated in AFG. *Id.* at 10. The Settlement is non-reversionary, and the entire $10.2 million will be distributed. *Id.* at 8.

Lucadano is the only class member who objected to the settlement and only seven class members opted out. *See* ECF No. 105-2 ¶¶10-11.

### B.    The Parties in *Chen* Were Unable to Reach a Settlement

Lucadano's Objection recites a skewed summary of the *Chen* litigation and the parties' attempts to resolve it. ECF No. 92 at 3. While Morgan Stanley has already provided argument and evidence challenging that inaccurate narrative, it bears repeating that despite litigating the *Chen* case for more than 5 years, *Chen* Plaintiffs never achieved any recovery for the class. The mediation in May 2016 with Mark Rudy failed because, from Morgan Stanley's perspective, *Chen* Plaintiffs and their counsel were unreasonable in valuing the case and demanded far more than Morgan Stanley believed the case was worth. ECF No. 103-1 ¶4.

And subsequent settlement efforts went nowhere. In fact, through the continued discussions with Rudy in the two years after the failed mediation, the amount the *Chen* Plaintiffs expected in settlement far exceeded Morgan Stanley's valuation of the case and was inconsistent with the settlement value of other California cases. *Id.* Ultimately, Morgan Stanley made the determination that it would be more productive to try the Phase 1 trial of Chen (focused narrowly on the aggrieved status of *Chen* Plaintiffs) than to resume formal settlement discussions with

---

[2] Morgan Stanley has previously provided the Court with the facts and the underlying evidence detailing the events leading to the settlement. *See* ECF Nos. 37-1, 59-1, 103-1. The Court has confirmed the majority of these facts in its own orders. *See* ECF No. 76, 77.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 2 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

*Chen* Plaintiffs brokered by Rudy. *Id.* Accordingly, no settlement was reached with *Chen* Plaintiffs.

### C.    The Parties' Settlement Negotiations Were Far From Secret

Morgan Stanley engaged in settlement discussions with counsel for Harvey as required by this Court's rules—these discussions were far from secret. And Morgan Stanley filed a Notice of Related Case disclosing this case and case number to *Chen* Plaintiffs in Orange County Superior Court on May 29, 2018. *Chen* Plaintiffs' counsel was in contact with Harvey's counsel a few days after. ECF No. 36-4 ¶18. Thereafter, counsel for Lucadano discussed the Harvey case and settlement negotiations both with Harvey's counsel and counsel for Morgan Stanley. *Id.*; ECF No. 103-1 ¶5. In August 2018, the parties here filed public notices pursuant to the N.D. Cal. ADR Local rules stating a willingness to participate in mediation, and the Court ordered them to do so. ECF Nos. 21-22. No doubt these facts informed the Court when, at the February 27 hearing on *Chen* Plaintiffs' original motion to intervene, it stated: "it's not as if the case was settled without notice to the Chen plaintiffs or at least without an attempt to bring the Chen plaintiffs in." ECF No. 42, Tr. at 4:7-9. Similarly, in its Order granting preliminary approval, the Court described the efforts the Parties took to include *Chen* Plaintiffs in a global settlement, concluding: "Although the joint mediation was unsuccessful, it cannot be said that the Parties negotiated in secret or attempted to cut out the Proposed Intervenors." ECF No. 76 at 4.[3]

### III.    STATEMENT OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL

Morgan Stanley does not oppose Plaintiff's Motion for Final Approval. As described in detail in the Motion for Final Approval of Settlement (ECF No. 105) and in the below response to Lucadano's Objection, the more than $10.2 million settlement meets all requirements for approval of a class action settlement identified by the Ninth Circuit and Federal Rule of Civil Procedure 23, and it compares favorably to other settlements approved in this District. As a result, the Motion for Final Approval should be granted.

---

[3] Morgan Stanley objects to Lucadano's description of mediation discussions in the *Chen* case as a violation of the mediation privilege. Cal. Evid. Code § 1119.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 3 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

**IV.    LUCADANO'S OBJECTION RESTATES PRIOR REJECTED ARGUMENTS AND FAILS TO UNDERMINE THE SETTLEMENT**

**A.    The Settlement Is Fair and Provides Significant Benefit to the Class**

Lucadano's arguments that the settlement is too low are lifted nearly verbatim from *Chen* Plaintiffs' Amici Brief opposing Harvey's Motion for Preliminary Approval.  *See* ECF No. 52 at 14-17.  The Court's Order granting Preliminary Approval of Settlement rejected these arguments when it found that "the Settlement is within the range of reasonableness as to both the Class Members and Defendant, and that it is the product of good faith, arm's length negotiations between the parties."  ECF No. 76 at 1.  The Court should reach the same result here because: (1) the settlement meets all Ninth Circuit factors to determine fairness of settlements; and (2) the settlement compares favorably to other settlements approved in this District.

**1.    The *Harvey* Settlement Meets the Ninth Circuit Factors to Determine Fairness of Settlements**

The Ninth Circuit considers eight factors in determining whether a proposed class settlement is fair, reasonable, and adequate.  *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).  Although Morgan Stanley addressed these factors previously (ECF No. 37 at 18-23), they are addressed again here for the Court's ease of reference.

**(1) Strength of the plaintiff's case, (2) risk, expense, complexity, and likely duration of further litigation, and (3) risk of maintaining class action status throughout the trial:**

Morgan Stanley has strong arguments to defeat Harvey's claims on the merits and at class certification.  Morgan Stanley's AFG program enables Financial Advisors to pursue the business model that they feel best suits them in advancing their own business growth and compensation.  *See* ECF No. 37 at 3.  It is lawful for an employer and employee to agree on compensation and, as part of that negotiation, to decide on an expense account for the upcoming year for luxury items the employee feels will enhance her own business development.  *Schachter v. Citigroup, Inc.*, 47

///

///

///

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 4 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

Cal. 4th 610, 620-21 (2009) (parties' agreement determines when incentive compensation is earned). The AFG program accomplishes precisely that.[4]

Morgan Stanley's settlement of over $10.2 million to resolve Harvey's class and PAGA claims and avoid the expense and uncertainty of protracted litigation is a very substantial amount, particularly given the realistic possibility that Harvey (like Lucadano) could lose and recover nothing. *See* ECF No. 76 at 2 (the Court's order granting preliminary approval and stating that "settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation").

**(4) The amount of the settlement is fair:** The settlement offers over $10.2 million to class member FAs. The settlement is not a claims-made settlement, but instead all funds will be distributed. *See* ECF No. 105 at 8. Last year, the Northern District approved a $9.5 million settlement between Wells Fargo and its financial advisors concerning similar allegations that Harvey's counsel had litigated for several years. *Tsyn v. Wells Fargo Advisors, LLC*, No. 3:14-cv-2552, (N.D. Cal. Nov. 17, 2018) (judgment), ECF No. 173. As the Court has stated, this settlement compares favorably to *Tsyn*. ECF No. 76 at 4-5.

**(5) The extent of discovery completed and the stage of the proceedings:** Before reaching a settlement in this case, the parties exchanged substantial information in 2018 including thousands of documents and extensive and detailed data sets. ECF No. 59-1 ¶26.[5]

**(6) Experience and view of counsel:** Both sides of the *Harvey* litigation are highly experienced class action and employment attorneys. *See* ECF No. 37-1 ¶¶2-3 (describing experience of lead counsel for Morgan Stanley); *id.* ¶¶6-9; ECF Nos. 48-1, 48-2, 105-1 (describing experience of Harvey's counsel). For these and other reasons, the Court already held

---

[4] Morgan Stanley has already succeeded on these arguments in federal class actions involving the AFG program. *See In re Morgan Stanley Smith Barney LLC Wage & Hour Litig.*, Civ. No. 2:11–03121 (WJM), 2013 WL 6255697, at *4 (D.N.J. Dec. 4, 2013); *In re Morgan Stanley Smith Barney LLC Wage & Hour Litig.*, Civ. No. 2:11–03121 (WJM), 2014 WL 2101904, at *2 (D.N.J. May 20, 2014).

[5] The data reflected, among other things: (1) the total dollar amount that putative class members directed Morgan Stanley to allocate to AFG; (2) the amount of expenses incurred from AFG, itemized by category of expense; (3) information related to approval of expenses; and (4) classwide statistics for the putative class members, including employment status, workweeks and pay periods. ECF No. 59-1 ¶26.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 5 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1    that "Class Counsel is qualified to act as counsel for the Representative Plaintiff in his individual

2    and representative capacities."  ECF No. 76 at 10.

3        **(7) Several government participants are present; Harvey is a proxy for the state of**

4    **California, and both federal and state government agencies got notice of the settlement:**

5    Under PAGA, Harvey is a proxy for the state of California.  *Arias v. Super. Ct.*, 46 Cal. 4th 969,

6    981 (2009).  Additionally, the parties provided detailed notices of proposed settlements to the

7    U.S. Attorney General, State Attorney General and the LWDA.  None of these government

8    agencies have expressed any concern about this settlement.  ECF No. 105-1 ¶34; ECF No. 105-2,

9    ¶¶ 2-4, Exs. A-B; Livingston Decl. ¶ 11.

10       **(8) Reaction of the class members to the proposed settlement:**  Other than Lucadano

11   and his attorney-driven objection, there is no indication class members are unhappy with the

12   settlement.  Of the nearly 3,000 class members, Lucadano is the only class member who objected,

13   and only seven opted out.  ECF No. 105-2 ¶¶10-11.

14       Because each of the *Linney* factors shows that this $10.2 million settlement provides

15   adequate and fair relief to the class, the Court should overrule Lucadano's baseless objections.

16       **2.    The Settlement Compares Favorably to Other Recent Wage and Hour**
17              **Class Action Settlements**

18       As the Court held when granting preliminary approval, the settlement achieved here

19   "compares favorably" to other recent wage and hour class action settlements.  ECF No. 76 at 4;

20   *see also* ECF No. 59-1 at ¶¶ 51-58.  Lucadano ignores the Court's conclusions and merely

21   regurgitates arguments *Chen* Plaintiffs made in their amici brief opposing preliminary approval,

22   along with the same chart of cases they previously submitted to the Court.  *Compare* ECF No. 92

23   at 9 *with* ECF No. 52 at 16.  Yet Lucadano does not even attempt to counter Morgan Stanley's

24   arguments explaining why this settlement is more generous than recent California class action

25   settlements.

26       Most importantly, and as the Court has already found, the majority of the supposed

27   comparator cases included in Lucadano's chart "had higher exposure for the defendants

28   because . . . they are older and predate changes in the legal landscape that made these types of

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497                    - 6 -                    DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1   lawsuits less lucrative." ECF No. 76 at 6; *see also Prachasaisoradej v. Ralphs Grocery Co., Inc.*,

2   42 Cal. 4th 217, 229, 244 (2007) (parties' agreement determines when incentive compensation is

3   earned); *Schachter*, 47 Cal. 4th, at 620-21 (same).[6]

4          The cases cited in Harvey's Motions for Preliminary and Final Approval—*Tsyn, Brecher*,

5   and *Litty*—are the most relevant comparators.  *See* ECF No. 59-1 at ¶¶ 52-57, Ex. 1.  *Tsyn* is

6   particularly pertinent because it settled for $9.5 million and was virtually identical to this one.

7   ECF No. 59-1 ¶54.  *Litty* is also a close comparator because it involved similar claims, a similar

8   duration, a similar number of class members, and was litigated in the more recent legal landscape.

9   *Id.* at ¶57.  *Brecher* likewise supports the settlement because the average reimbursement to class

10  members in that non-reversionary settlement involving unlawful forfeiture of benefits and

11  unreimbursed business expenses was lower than the estimated average recovery for class

12  members here.  ECF No. 105 at 17; ECF 59-1 ¶56.  Further, the Court already analyzed these

13  settlements and determined that the Harvey settlement compares favorably.  ECF No. 76 at 4-6.

14        **B.**    **The Settlement Satisfies All Rule 23 Factors**

15         The Court has already determined that the settlement meets the requirements for class

16  certification under Federal Rules of Civil Procedure Rules 23(a) and 23(b), including that:

17  > (a) the proposed class is ascertainable and so numerous that joinder of all
18  > members of the class is impractical; (b) there are predominant questions of law or
    > fact common to the proposed class, and there is a well-defined community of
19  > interest among the members of the proposed class with respect to the subject
    > matter of the litigation; (c) the claims of Representative Plaintiff Brandon Harvey
20  > are typical of the claims of the Class Members; (d) Representative Plaintiff
    > Brandon Harvey and Class Counsel will fairly and adequately protect the interests
21  > of the Class Members; (e) a class action is superior to other available methods for
    > an efficient method of adjudication of this controversy; and (f) Class Counsel is
22  > qualified to act as counsel for the Representative Plaintiff in his individual and
    > representative capacities.
23

24  ECF No. 76 at 9-10.  Yet rather than respond directly to the Court's ruling on the Rule 23 factors,

25  Lucadano's Objection largely repeats its arguments from the Amici Brief in opposition to the

26

27  [6] As shown in the charts attached to the Livingston Declaration submitted in support of Morgan
    Stanley's Reply to *Chen* Plaintiffs' Amici Brief, settlements for FA expense reimbursement
28  claims before 2009 were markedly higher than settlements after 2009.  *See* ECF No. 59-1 ¶ 4,
    Ex. 1 (chart); Livingston Decl. ¶ 4, Ex. 1.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497
- 7 -
DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1  settlement agreement.  *See* ECF No. 52 at 19-25.  As discussed below, however, each of

2  Lucadano's objections once again fail.[7]

3  **1.**  <u>**The Plan of Allocation Properly Addresses FA Tenure**</u>

4  Lucadano argues incorrectly that allocation of the $10.2 million settlement according to

5  FA tenure instead of AFG usage is improper.  But this method of allocation is appropriate for

6  three primary reasons.

7  First, wage actions frequently use pay periods worked for settlement distributions.  Most

8  importantly, the *Tsyn* settlement recently approved by this District was "calculated and

9  apportioned from the Net Settlement Amount based on the amount of work months during the

10  settlement class period."  *See Tsyn*, ECF No. 60-5, Ex. 19 at 8.  In granting preliminary approval,

11  the court acknowledged and adopted Tsyn's statement that this "allocation formula has been

12  adopted in other broker reimbursement cases that were settled in this district."  *Tsyn*, No. 3:14-cv-

13  2552, ECF No. 163 at 5 n.25; *see also* ECF No. 60-5.  Second, a tenure-based settlement captures

14  allegations that FAs would have used AFG but did not feel they had sufficient resources.  *See*

15  ECF No. 59-1 ¶60; ECF No. 59-2 at 100-101 (Lucadano Depo Tr. pp 109-110).  By contrast,

16  allocating the settlement based on AFG usage could inaccurately exclude allegations based on

17  business expenses that were never submitted under the AFG program.  Third, an AFG-usage

18  method would improperly capture fraudulent expenses by FAs—like those Tracy Chen charged to

19  Morgan Stanley.  *See* ECF No. 59-1 ¶59.

20  Lucadano cites several cases to create the misimpression that the allocation plan is

21  insufficient.  ECF No. 92 at 10.  But he mischaracterizes the cases and, in any event, they do not

22  support his argument.  Both *Ortiz* and *Amchem* involved settlements in asbestos litigation with

23  different issues with respect to allocation than this wage and hour case.  In particular, asbestos

24

25  [7] *Chen* Plaintiffs' Statement of Recent Decision filed on December 13, 2019, does not materially
alter the Court's responsibilities under Rule 23.  *See* ECF No. 98.  In *Roes v. SFBSC Mgmt. LLC*,

26  the Ninth Circuit wrote that where the parties negotiate a settlement agreement before the class
has been certified, "settlement approval 'requires a higher standard of fairness' and 'a more

27  probing inquiry.'"  *See* ECF No. 98-1 at *10, 944 F.3d 1035 (9th Cir. 2019).  The Court already
conducted this probing inquiry when it analyzed *Chen* Plaintiffs' reverse auction arguments and

28  determined after a full hearing and seven pages of discussion that the settlement was fair, and not
a reverse auction.  ECF No. 76 at 3-9.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497                                    - 8 -                    DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

cases attempt to provide relief for individuals with substantial variations in symptoms over different periods. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 598 (1997) (referencing a "latency period that may last as long as 40 years for some asbestos related diseases"); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 821 n.1 (1999) (same). *Amchem* further acknowledged that such discrepancies among the class can lead to conflicts between class members: "Most saliently, for the currently injured, the critical goal is generous immediate payments. That goal tugs against the interest of exposure-only plaintiffs in ensuring an ample, inflation-protected fund for the future." *Id.* at 626. Such concerns are unique to asbestos litigation. By contrast here, the injuries alleged by Morgan Stanley FAs all arise from the same nucleus of alleged unreimbursed business expenses under the AFG program. Thus, as discussed above, allocation of the settlement by tenure is appropriate and fair here.

Lucadano also cited five federal district court cases for the general proposition that a plan of allocation must "reasonably take into account the strengths of the class members' claims." ECF No. 92 at 10 n.6. None of Lucadano's cited cases undermines the plan of allocation here. Four of the cases provided identical recovery to all class members regardless of their alleged damages.[8] Here, by contrast, the settlement accounts for disparities between the class members by paying more to FAs who had longer tenures and more pay periods in which they could have participated in the AFG program. The fifth case cited by Lucadano does not address a plan of allocation and involved several significant deficiencies not present here.[9] Thus, Lucadano's

---

[8] *Philliben v. Uber Techs., Inc.*, No. 14-cv-056165-JST, 2016 WL 4537912, at *4-6 (N.D. Cal. Aug. 30, 2016) (criticizing the settlement for dividing "the available funds between all class members equally regardless of the number of Safe Rides Fees each class member paid" without justifying the discrepancy); *Sanchez v. Frito-Lay, Inc.*, No. 1:14-cv-00797 AWI-MJS, 2015 WL 4662636, at *10 (E.D. Cal. Aug. 5, 2015) (noting that the settlement improperly assumed one missed meal period per shift for every class member regardless of hours worked, when most class members would have been entitled to two meal periods per shift); *Altamirano v. Shaw Indus.*, No. 13-cv-00939-HSG, 2015 WL 4512372, at *1 (N.D. Cal. July 24, 2015) (granting preliminary approval, but noting that a prior approval motion improperly provided equal recovery for meal periods even though some employees worked shorter shifts and would have been entitled to fewer meal periods); *Valdez v. Neil Jones Food Co.*, No. 1:13-cv-00519-AWI-SAB, 2014 WL 3940558, at *9 (E.D. Cal. Aug. 11, 2014) (in settlement involving overtime claims, failure to distinguish between class members' differing hourly wages).

[9] *Newman v. Americredit Fin. Servs., Inc.*, No. 11cv3041 DMS (BLM), 2014 WL 12789177, at *4-5 (S.D. Cal. Feb. 3, 2014) (criticizing the settlement on behalf of individuals who received auto-dials and prerecorded voice messages allegedly in violation of the Telephone Consumer Protection Act for failing to demonstrate the plaintiff's damages were typical of the class, failing

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497                                    - 9 -                    DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1    baseless argument does not undermine the plan of allocation.[10]

2         **2.    Harvey Provided Substantial Information to Support the Settlement**

3         The parties to this settlement have provided substantial evidence to assist the Court in

4    determining the fairness and value of the settlement to class members and aggrieved employees.

5    This includes detailed descriptions of the *Chen* Plaintiffs' PAGA-only action in California state

6    court and attempts to resolve that case (*see* ECF No. 59-1 ¶¶12-25), the parties' attempts to

7    achieve a global settlement in this case and ultimate execution of a memorandum of

8    understanding and settlement agreement (*id.* ¶¶26-33), an analysis of the value the settlement

9    brings to the class members and aggrieved employees (*id.* ¶¶37-49), and how the settlement

10   compares favorably to other wage and hour settlements approved by this District (*id.* ¶¶50-58).

11        Lucadano incorrectly states that the parties failed to satisfy Federal Rule of Civil

12   Procedure 23(e)(3) by not producing the Memorandum of Understanding reached before the

13   settlement was final in this case.[11]  ECF No. 92 at 12.  But that is not required.  In fact, Rule

14   23(e)(3) states: "The parties seeking approval *must file a statement identifying* any agreement

15   made in connection with" the settlement.  (emphasis added).  There can be no dispute that the

16   parties already identified the MOU to the Court.  *See* ECF No. 59-1 ¶28 ("[T]he parties

17   negotiated the specific terms of a Memorandum of Understanding (the 'MOU') . . . The MOU

18   involved a total payment of $9,735,000 ($8 million in cash and $1.735 million in future payments

19   of business expenses) to resolve all class and representative claims for May 14, 2014 to the

20   present.").  More importantly, the MOU was just a preliminary document and does reflect the

21   final settlement between the parties that is now before the Court.

22

23   to provide information about the type of harm suffered by potential class members, providing no
     means for the claims administrator to verify claims, forbidding class members from opting out as
24   a group, failing to provide class members an opportunity to object to the fee award, and failing to
     comply with applicable notice requirements, among other deficiencies).

25   [10] Additionally, Lucadano's counsel has sought approval of settlements with allocations based on
26   tenure.  *See* Livingston Decl. ¶ 6.

27   [11] Lucadano also gripes that the parties have not disclosed an agreement memorializing the
     disposition of a FINRA case between Harvey and Morgan Stanley.  However, the FINRA
28   arbitration is ongoing and thus, there is no settlement to disclose pursuant to Rule 23(e)(3).
     Livingston Decl. ¶ 9.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497                          - 10 -                    DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
                                                                 MOTION FOR FINAL APPROVAL OF SETTLEMENT
                                                                 3:18-CV-02835 WHO

1

### 3.    Harvey's Counsel Are Adequate

2      *Chen* Plaintiffs previously argued that Harvey's counsel is not adequate in their Amici

3  Brief.  ECF No. 52 at 22-23.  Yet the Court rejected this argument when it ruled that

4  "Representative Plaintiff Brandon Harvey and Class Counsel will fairly and adequately protect

5  the interests of the Class Members" and "Class Counsel is qualified to act as counsel for the

6  Representative Plaintiff in his individual and representative capacities."  ECF No. 76 at 10.  The

7  Court also ruled that "Harvey's counsel cannot be classified as ineffectual class counsel.  They

8  have litigated many claims in this area of law," citing the experience and qualifications of

9  Harvey's counsel.  *Id.* at 3.  Again, nothing has changed since the Court reached these

10  conclusions.  This argument must be rejected, again.

11

12

### a.    Lucadano Has Not Shown That Harvey's FINRA Arbitration Has Any Impact on Adequacy of Harvey's Counsel

13      Lucadano contends that Harvey's counsel had a weak bargaining position because Morgan

14  Stanley brought a FINRA arbitration against Harvey.  As noted above, the Court already

15  considered this issue and nonetheless found that Harvey's counsel are adequate.  ECF No. 76

16  at 10.  Additionally, this argument flies in the face of arguments made by *Chen* Plaintiffs in the

17  state court litigation that Tracy Chen was a suitable representative for the PAGA group despite

18  the fact that Morgan Stanley filed a FINRA claim against Chen due to her fraud against Morgan

19  Stanley, which resulted in her being banned from the financial services industry for life.  ECF

20  No. 59 at 14; ECF No. 59-1 ¶14; ECF No. 76 at 8-9 n.6.[12]  Additionally, as discussed above,

21  Morgan Stanley's FINRA arbitration against Harvey is ongoing and is not part of this settlement.

22  Livingston Decl. ¶ 9.  As a result, Lucadano has not shown that Harvey's FINRA arbitration

23  undermines the adequacy of Harvey's counsel.

24      Moreover, Harvey's counsel has demonstrated their experience in this case.  For example,

25  unlike counsel for *Chen* Plaintiffs, Harvey's counsel understood the factual underpinnings of FA

26

27

28

---

[12] Lucadano asserts in a footnote that Chen's fraud is irrelevant to the PAGA representative action but relevant to the Rule 23 adequacy analysis.  ECF No. 92 at 13 n.10.  But as discussed above, *Chen* Plaintiffs previously made this same argument (ECF No. 52 at 22) and the Court nonetheless found Harvey's counsel is adequate (ECF No. 76 at 10).

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497                    - 11 -                    DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1  compensation as well of the futility of alleging a wage statement violation based on incentive

2  compensation not calculable until a future point.[13]

3  ### b.   Harvey's Counsel Properly Valued The Claims

4       As the Court determined implicitly when it granted preliminary approval of the settlement

5  over *Chen* Plaintiffs' objections, each of Lucadano's arguments that Harvey's counsel

6  undervalued certain claims fail.  First, Lucadano incorrectly contends that every single claim must

7  be assigned value before parties reach an amicable settlement.  Although this District's

8  Procedural Guidance for Class Action Settlements[14] encourages the parties to estimate the class

9  recovery for each claim, that is not required by the Guidance or any applicable case law.  In *In re:*

10  *Cathode Ray Tube (CRT) Antitrust Litig.*, for example, the court granted preliminary approval

11  after agreeing with a party's argument that not every claim must be valued because the Northern

12  District's Guidance "is just that – a guidance for evaluating whether a settlement is fair,

13  reasonable, and adequate."  No. C-07-5944 JST, 2016 WL 3648478, at *7 (N.D. Cal. July 7,

14  2016).  The court added: "In the end, what is required is sufficient information for the Court to

15  confidently determine that a settlement 'taken as a whole is fair, reasonable, and adequate.'"  *Id.*

16  (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing

17  Fed. R. Civ. P. 23(e)(2)).  Here, Harvey's Motion for Preliminary Approval and Motion for Final

18  Approval provided details about how he valued his claims, and the Court determined that the

19  settlement of several Labor Code claims all arising from the same alleged violation of section

20  2802 was fair, reasonable and adequate at preliminary approval.  ECF No. 76 at 1-2.  Lucadano

21  has not identified any contrary case law to require a different result here.

22       Second, Lucadano argues that the settlement undervalues Harvey's section 2802 claims.

23  But while parties seeking settlement approval should discuss potential recovery and related

24  factors, there is no requirement for mathematical precision.  *Gallucci v. Gonzales*, 603 F. App'x

25  533, 535 (9th Cir. 2015) ("[W]e have never required courts 'to estimate the range of possible

---

26

27  [13] Chen did not exhaust a theory that wage statements did not show the appropriate pay period for commissions payments.  Cal. Lab. Code § 2699.3(a)(1); ECF No. 59-1 ¶13, Ex. 4.

28  [14] Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance (last visited, January 4, 2020).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 12 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1   outcomes and ascribe a probability to each point on the range"); *Rodriguez v. W. Publ'g Corp.*,

2   563 F.3d 948, 965 (9th Cir. 2009) (settlement approval is "nothing more than an amalgam of

3   delicate balancing, gross approximations and rough justice").  Instead, courts routinely approve

4   class settlements without mathematical precision, and this Court is no exception.  *See* ECF No. 59

5   at 11 (in Morgan Stanley's Reply in support of preliminary approval, referencing cases in which

6   this Court approved settlements that did not provide precise valuations of the maximum potential

7   exposure for each claim covered by the settlement).  Thus, the section 2802 claim is not

8   undervalued, and even if it were, that would not undermine the overall fairness of the settlement.

9          Third, Lucadano argues that the settlement is too low because it did not extrapolate from

10  the numbers available at the date of the parties' mediation to the potential maximum exposure

11  through preliminary approval.  That is false, as Harvey did extrapolate the data through the

12  anticipated date of preliminary approval and explained how that figure still compared favorably to

13  other similar recent wage and hour class action settlements.  *See* ECF No. 58 at 11.  For that

14  reason, Lucadano's citation to *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930 (N.D. Cal. 2016) is

15  inapposite.  The court in *Cotter* wrote that one problem with that settlement was that counsel did

16  not provide updated exposure figures through the date of preliminary approval.  *Id.* at 940.

17  Again, Harvey did just that, and provided supplemental information through the date of

18  preliminary approval in his Motion for Final Approval.  ECF No. 105 at 17 n.4.[15]  Thus, Harvey

19  has provided sufficient information for the Court to determine that the settlement is fair based on

20  the significant value it brings to the class.  *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035

21  (N.D. Cal. 2016) ("It is the settlement taken as a whole, rather than the individual component

22  parts, that must be examined for overall fairness.").

23         Fourth, Lucadano mischaracterizes past arguments in this case when he says Harvey did

24  not value certain claims because he said they were "worthless."  In fact, Harvey explained that the

25  claims under Labor Code sections 201-204, and 204.2 had "no value compared to the core claims

26  _____

27  [15] *Cotter* is also inapplicable because it involved an innovative, untested model for valuing a class action in the context of developing independent contractor law.  Thus, the court's determination regarding valuing of claims in that particular situation are less persuasive than cases like *Tsyn*,

28  where the Court approved a settlement that was overwhelmingly similar to the *Harvey* settlement.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 13 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

being released" because: (1) the section 201-203 claims required a finding of willfulness and no willfulness exists here because there is a good faith dispute that Morgan Stanley did not fail to reimburse business expenses and therefore had no waiting time penalties; and (2) the section 204 and 204.2 claims are "purely derivative of the Section 2802 claim" but required a much higher showing to prove liability and therefore had a lower chance of success. ECF No. 58 at 9. Thus, contrary to Lucadano's misrepresentation, Harvey never asserted these claims were "worthless." Rather, he informed the Court of the reality that the foremost value of the settlement lies in the section 2802 claim because the other Labor Code claims are derivative of that claim and arise from the same facts.

Lucadano cites three cases in which courts denied settlement approval where the parties assigned no value to released FLSA claims. *See Gonzalez v. CoreCivic of Tenn., LLC*, No. 1:16-cv-01891-DAD-JLT, 2018 WL 4388425, at *6 (E.D. Cal. Sep. 13, 2018); *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 967-68 (N.D. Cal. 2019); *Maciel v. Bar 20 Dairy, LLC*, No. 1:17-cv-00902-DAD-SKO, 2018 WL 5291969 (E.D. Cal. Oct. 23, 2018). Those cases are inapplicable here because there is no FLSA claim in Harvey's Second Amended Complaint. And FLSA settlements must meet specific requirements not present here. *See, e.g.*, *Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) ("A FLSA release should not go beyond the FLSA claims at issue in the lawsuit itself.").[16] Further, the settlement only releases claims directly related to alleged failure to reimburse business expenses, which courts acknowledge is proper. *Jefferson v. MEC Dev., LLC*, No. 1:17-cv-01394, 2019 WL 5209149, at *5 (E.D. Cal. Oct. 16, 2019) (granting settlement approval because the release was "not overly broad because [it extended] only to 'the subject matter of' the claims in the lawsuit").[17]

---

[16] *Trotsky v. L.A. Fed. Sav. & Loan Ass'n*, 121 Cal. Rptr. 637 (Ct. App. 1975) is also unhelpful to Lucadano because the court merely wrote that an attempt to include settlement terms "which are outside the scope of the operative complaint should be closely scrutinized." Here, all claims being released are within the scope of the Second Amended Complaint and have been appropriately considered and addressed by Harvey.

[17] Lucadano also challenges the settlement's valuation of the PAGA claim, which Morgan Stanley addresses in detail in its Non-Opposition to Plaintiff's Motion to Strike Objections of Tracy Chen, filed concurrently with this brief.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 14 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1    Moreover, Lucadano's purported valuations are improperly inflated and dramatically

2    distort potential exposure and, thus, provide no meaningful reference point for the value of this

3    litigation.  *See* ECF Nos. 59 at 13-14; 59-1 at ¶ 5, Ex. 2 and ¶¶ 41-50, 62-63.  As a result, nothing

4    in Lucadano's objection supports an argument that Harvey did not properly value settled claims.

5            **c.**        **Harvey's Right to Withdraw the SAC if the Settlement Is Not**

6                    **Approved Does Not Undermine the Settlement**

7         The provision in the settlement agreement giving each party the right to withdraw the

8    Second Amended Complaint if the settlement is not approved is a legitimate and common

9    settlement term.  Parties frequently stipulate to amended complaints for settlement purposes only.

10   *See, e.g.*, *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, No. CV 09-4432 CW, 2016

11   WL 7743407, at *1 (N.D. Cal. Dec. 7, 2016) ("Defendant . . . consents for settlement purposes

12   only to the filing of the Third Amended Complaint"); *McCabe v. Six Continents Hotels, Inc.*,

13   No. 12-cv-04818 NC, 2015 WL 3990915, at *4 (N.D. Cal. June 30, 2015) (granting leave to

14   amend for settlement purposes, but voiding the amendment if no final settlement).  Counsel for

15   *Chen* Plaintiffs do this too.  ECF No. 59-1 ¶69.  Accordingly, Lucadano's attempt to portray this

16   common settlement term as somehow undermining Harvey's adequacy fails.

17           **4.**        **The *Harvey* Settlement Is a Superior Method to Resolve the Dispute**

18        Lucadano appears to acknowledge that a class settlement is the superior way to resolve the

19   dispute regarding Morgan Stanley's AFG program.  ECF No. 92 at 15.  Rather than challenging

20   that, he instead argues that *this* particular settlement is not the superior resolution.  *Id*.  But as the

21   Court has noted (ECF No. 76 at 2-3), dissatisfaction that the plaintiff chose to settle with a

22   particular defendant is not a legitimate argument to defeat settlement approval.  *See Smith v.*

23   *CRST Van Expedited, Inc.*, No. 10-CV-1116-IEG (WMC), 2012 WL 5873701, at *4 (S.D. Cal.

24   Nov. 20, 2012) (rejecting a "reverse auction" argument where the intervenor "simply appear[ed]

25   unhappy that his was not the class [defendant] chose to settle with").  Moreover, the Rule 23

26   superiority requirement does not require parties to show that a particular settlement is better or

27   worse than any other litigation or settlement.  Rather, Rule 23(b)(3) states the court must

28   determine "that **a class action** is superior to other available methods for fairly and efficiently

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 15 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1    adjudicating the controversy." (emphasis added). The Court already made this determination in

2    its order granting preliminary approval. ECF No. 76 at 10 ("a class action is superior to other

3    available methods for an efficient method of adjudication of this controversy"). Lucadano makes

4    no attempt to refute the Court's determination by arguing that "a class action" is not a superior

5    method of resolving this dispute. Thus, there is no reason for the Court to reconsider its prior

6    finding that "a class action" is superior.

7        Lucadano argues that the *Chen* Plaintiffs' interest in maintaining the integrity of their own

8    case undermines the settlement here. But their PAGA-only state court case is not a class action

9    and therefore cannot provide the same relief as this settlement provides the class members. And

10   as PAGA-only plaintiffs, they have no interest in the class claims being settled here. ECF No. 37

11   at 11-12, n.12. Further, Lucadano argues that "*Chen* is the best chance for aggrieved employees

12   to achieve a real PAGA recovery" because it was filed earlier. ECF No. 92 at 15. But the *Chen*

13   Plaintiffs' more than five years of litigation without achieving any result for the represented

14   group does not demonstrate the strength of their case.[18] Rather, Harvey has been more efficient

15   because his counsel has decades of experience litigating FA cases, which streamlined discussions

16   throughout litigation. In any event, the parallel nature of the two cases does not undermine the

17   fact that the class action is the superior method of resolving this dispute.

18       **C.    The Settlement Is Not the Product of a "Reverse Auction"**

19       Next, Lucadano repeats the mantra offered time and again to this Court that the settlement

20   was the result of a "reverse auction" and as such should be rejected. *See* ECF No. 28 at 9-16;

21   ECF No. 52 at 5. The Court expressly tackled this contention in its Order Granting Motion for

22   Preliminary Approval. There, the Court unequivocally explained over seven pages of opinion

23   that this was not a reverse auction because: (1) Harvey's counsel is not ineffectual; (2) the parties

24   engaged in meaningful discovery before settlement; (3) the parties participated in arms'-length

---

[18] *McGuire v. Int'l Paper Co.*, No. 1:92-CV-593BRR, 1994 WL 261360 (S.D. Miss. Feb. 18, 1994) does not support Lucadano's contention that a first-filed state case must be given priority. The *McGuire* court held that the prior state court litigation was superior to the federal action primarily because there were already 79 individual cases on the same issues pending in Mississippi courts. *Id.* at *8. Such an overwhelming reason to defer to the state courts is simply not present here.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497                          - 16 -                    DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
                                                                MOTION FOR FINAL APPROVAL OF SETTLEMENT
                                                                3:18-CV-02835 WHO

mediation; (4) the settlement amount "compares favorably to other recent settlements reached on

behalf of financial advisors in California"; (5) the other supposed comparator cases are

inapplicable because they "had higher exposure for the defendants because they contained claims

for unpaid overtime that are not alleged in *Harvey*" and "they are older and predate changes in the

legal landscape that made these types of lawsuits less lucrative"; (6) the PAGA payment is

consistent or higher than amounts awarded by other courts; and (7) "relief to the class and

aggrieved employees would be faster and more certain than what the Proposed Intervenors offer

in their related state court case." ECF No. 76 at 3-9. Lucadano's Objection offers no new

argument or facts on this issue, and it certainly provides no reason for the Court to change its

well-reasoned conclusion on this issue.

Lucadano refers to the Declaration of Andrew D. Bradt to support its already-debunked

theory that this settlement was a reverse auction. ECF No. 92 at 16. Despite this Court's clear

rulings that the settlement is not a reverse auction, Lucadano essentially expects the Court to

substitute its own judgment for that of an expert the Court has already declined to follow.[19] This

ploy should again be rejected.

D.    <u>***Chen* Plaintiffs Did not Meet Burden to Show Entitlement to Fees, Costs and Service Payments**</u>

Lucadano's argument that the Court should recognize the contributions of *Chen* counsel

and the *Chen* Plaintiffs is nothing more than a truncated version of the same arguments *Chen*

Plaintiffs made in their Motion for Attorneys' Fees filed on November 14, 2019. *See* ECF

No. 86. In short, Lucadano requests that "Chen counsel should be awarded attorneys' fees in

proportion to the value that they created and actual costs of $186,603.25" and that he, Chen and

Harvey should share the $10,000 service payment authorized by the Settlement Agreement. ECF

No. 92 at 16.

As Morgan Stanley discussed in detail in its Opposition to *Chen* Plaintiffs' Motion for

Attorneys' Fees, *Chen* Plaintiffs cannot recover attorneys' fees on any of their alleged theories

---

[19] As Morgan Stanley argued in detail previously, the Bradt Declaration was a thinly-disguised unauthorized amicus brief, not worthy of credence because it constitutes improper opinion, lacks foundation, does not satisfy *Daubert*, and is speculative. *See* ECF No. 59 at 15.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

- 17 -

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO

1   because:  (1) such fees are not proper under any federal authority, including Federal rule of Civil

2   Procedure 23(h) or the common fund doctrine, because *Chen* Plaintiffs did not benefit the class;

3   and (2) California law only awards fees to those who "prevail" or are "successful," which *Chen*

4   Plaintiffs did not and are not.  *See* ECF No. 103 at 12-20.

5   **V.**     <u>**CONCLUSION**</u>

6          For the foregoing reasons, Morgan Stanley respectfully requests that the Court overrule

7   Lucadano's Objection to the class action settlement.

8   Dated: January 14, 2020.                    LYNNE C. HERMLE
                                                ANDREW R. LIVINGSTON
9                                               Orrick, Herrington & Sutcliffe LLP

10

11                                              By:  */s/ Andrew R. Livingston*
                                                        Andrew R. Livingston
12                                                     Attorneys for Defendant
                                                  Morgan Stanley Smith Barney LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4156-2723-0497

DEFENDANT'S NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF SETTLEMENT
3:18-CV-02835 WHO