UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HARVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MORGAN STANLEY SMITH BARNEY LLC,<br><br>    Defendant. | Case No. 18-cv-02835-WHO<br><br>**ORDER DENYING MOTION FOR DENIAL AND DISGORGEMENT**<br><br>Re: Dkt. No. 171 |

Matthew Lucadano and Tracy Chen were objectors and proposed intervenors to the settlement agreement for which I granted final approval and that was affirmed on most material terms by the Ninth Circuit. All of the arguments raised by Lucadano and Chen were rejected except ones that led to a slight narrowing of the certified-for-settlement class. The settlement agreement is final and all initial and subsequent distributions have been paid to class members. *See* Dkt. No. 179.

Nonetheless, Lucadano and Chen filed another heated motion to vacate my award of attorney fees to plaintiff Harvey's counsel for efforts in securing the settlement, to deny further distributions of attorney fees to Harvey's counsel from the settlement fund, and to disgorge past payments of attorney fees made to Harvey's counsel from the settlement fund. Dkt. No. 171.[1] Their motion is based on a temporary agreement that once the settlement became effective, Morgan Stanley would "walkaway" from a FINRA arbitration it had filed against Harvey, which the lawyers in this case did not disclose to the court, the class or them. Lucadano and Chen contend that this was an undisclosed conflict requiring the disgorgement of fees.

---

[1] Lucadano and Chen do not seek to undermine the payments already made to class members or otherwise contend the settlement itself was not fair, reasonable, or adequate to class members in terms of the monetary and future relief class members received under the settlement.

Harvey and Morgan Stanley respond with several substantive arguments that have significant merit: (1) Lucadano and Chen are precluded by stipulation from challenging the payments of attorney fees to Harvey's counsel (*see* Dkt. Nos.154, 155); (2) Lucadano and Chen were not entitled to receive a copy of the MOU with the walkaway in the first place; and (3) Lucadano and Chen cannot seek relief under Rule 60(b) or Rule 60(d)(3). I choose, however, to address Lucadano and Chen's motion on the merits. In that vein, I DENY Harvey and Morgan Stanley's motion to strike the Humenik Declaration, even though it contains copious amounts of legal argument and information that could have and should have been presented in the motion itself. I have considered all arguments raised by Lucadano and Chen.[2] And for the following reasons, I do not find that a conflict existed; Lucadano and Chen's motion is DENIED.

The unequivocal statements of Harvey's and Morgan Stanley's counsel are that all material terms of the class settlement were negotiated with the assistance of Judge Holderman (Ret.) at JAMS *prior* to any discussion or thought of Morgan Stanley also agreeing to dismiss the FINRA arbitration it filed against Harvey. I reviewed those material terms and affirmed them as fair, reasonable, and adequate to extinguish the class and PAGA claims.

A week or two after those terms were agreed to, in connection with drafting the MOU (standard practice for counsel prior to finalizing terms in the formal settlement agreement), Morgan Stanley offered to include a walk-away on the FINRA arbitration. Harvey agreed and the walkaway was included in the MOU the parties eventually executed. *See* Dkt. No. 172-1. The act of agreeing to the FINRA walkaway did not create a conflict between plaintiff/plaintiff's counsel and the class. Similar to the negotiation of attorney fees or other agreements that may be important to a party to secure "global peace," the existence of the agreement by itself does not create an automatic conflict as long as it is entered *after* the negotiation of the substantive relief for a class is concluded.

---

[2] In addition, Lucadano and Chen argue that Morgan Stanley's opposition brief should be struck because Morgan Stanley has no standing to object to this motion, as it does not attempt to undermine the settlement but simply seeks disgorgement of the attorney fees paid to Harvey's counsel. That motion to strike is DENIED. And the objection of Harvey to Lucadano and Chen's double-reply (Dkt. No. 184) is OVERRULED. To cap off these motions, Lucadano and Chen's objection to that objection (Dkt. No. 185) is OVERRULED.

*That said*, like attorney fee agreements negotiated after class relief has been agreed-to, a walkaway agreement such as the one at issue here would appropriately be considered a "side-agreement" covered by Rule 23(e)(3). All such agreements, implicating personal claims or counsel's request for attorney fees, should be disclosed as part of the preliminary or final approval process because the court should be aware of them when considering whether a settlement is fair, reasonable and adequate under Rule 23.

The impact from the non-disclosure here is minimized by a number of facts. First, Harvey and Morgan Stanley deleted the walkaway agreement from the settlement agreement prior to submittal to the court for approval. There is no agreement between the parties regarding the FINRA proceeding, which is still pending. Part of the reason counsel dropped the walkaway was that they knew that Lucadano and Chen wanted to intervene in this case to object to the settlement. Counsel in this case wanted to avoid arguments about Harvey's typicality or adequacy to represent the class. Abandoning the FINRA agreement does not support any negative inferences about Harvey's or Morgan Stanley's conduct.[3] Counsel simply eliminated an issue that raises flags for courts when scrutinizing the fairness and adequacy of proposed class action settlements.

Second, and relatedly, I gave the settlement agreement the required heightened scrutiny for a pre-certification class settlement. I considered and addressed each objection raised by Chen to the adequacy of the settlement and Harvey as a class representative. I concluded that the settlement was well within the range of similar settlements and fair, reasonable and adequate to the class. Had the dropped walkaway provision been disclosed, I still would have approved the settlement agreement: the relief provided to the class was fair, reasonable, and adequate.

In light of the timeline Harvey and Morgan Stanley explained in their oppositions – showing that the substantive class relief was agreed to well-prior to the idea of the walkaway – Lucadano and Chen shifted their theory regarding Morgan Stanley's settlement leverage vis-à-vis

---

[3] Lucadano and Chen assert that this agreement was unethical and harmful *to Harvey* because he faces a significant risk in the FINRA arbitration; he has had to drop the walkaway and yet release any crossclaims he might have against Morgan Stanley in the FINRA proceeding (which is typically required from class representative plaintiffs). That is an issue between Harvey and his counsel, not for me, Lucadano or Chen.

3

the walkaway agreement. In their reply briefs, Lucadano and Chen argued that the "settlement leverage" that Morgan Stanley wielded against Harvey, given the carrot of the walkaway, was to induce Harvey to settle Chen's PAGA-only claims for $500,000. Dkt. No. 183 at 6. The MOU required Harvey's counsel to attempt to bring Chen's counsel and claims into the settlement, resolving the PAGA-only claims for $500,000. Dkt. No. 172-1, §12. But the MOU also provided that if Chen did not agree to participate on those terms, Harvey would instead amend the claims in this case to bring Chen's claims into the settlement. *Id*. The value of the PAGA-only claims remained at $500,000, regardless, an amount that I found fair, reasonable, and adequate. Settlement Agreement (Dkt. No. 48-3) ¶ 49. There was no "leverage" on this basis and it did not work to depress the final amount of the settlement, which I approved as fair, reasonable, and adequate.

Finally, and most significantly, even if the existence of the walkaway provision created a temporary conflict – and I do not find that it did – any conflict was extinguished by the settlement agreement executed by Harvey and Morgan Stanley that I approved. That agreement contains an integration clause. *See* Dkt. No. 48-3, ¶ 97. No prior agreement or understanding or representation between defendant and Harvey existed or was enforceable following the parties' execution of the settlement agreement.[4] The very brief period of time when the walkaway was arguably in effect did not impact the relief available to the class or create the type or level of conflict that could justify any of the relief that Lucadano and Chen seek here.[5]

---

[4] Accordingly, Harvey and Morgan Stanley's representations me that no side agreement with respect to the FINRA arbitration existed when I was considering whether to preliminarily or finally approve the settlement agreement was accurate. Whether or not Harvey's counsel's assertions to the Ninth Circuit that no side-agreement "ever existed" was accurate is a matter I do not reach.

[5] The conflict cases that Lucadano and Chen rely on heavily are inapposite. *See, e.g., Walker v. Apple, Inc*., 4 Cal. App. 5th 1098 (2016 (firm was precluded from representing a class in a suit where they would be required to cross-examine an absent class member that the same firm represented in a different lawsuit); *Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012) (discussing conflict and impact on attorney fees award where plaintiff attorney improperly tied named plaintiffs' incentive awards (*e.g*., compensation of $75,000 per named plaintiff) to a "sliding scale based on the amount recovered" that discouraged named plaintiffs from going to trial); *but see id*. at 655 (affirming court's wide discretion to "deny fees to an attorney who commits an ethical violation. In making such a ruling, the district court may consider the extent of the misconduct, including its gravity, timing, willfulness, and effect on the various services performed by the

4

Lucadano and Chen's motion to vacate the attorney fees award, to deny further attorney fees and to order disgorgement of attorney fees already paid to counsel for named plaintiff Harvey is DENIED.

**IT IS SO ORDERED.**

Dated: December 10, 2024



William H. Orrick
United States District Judge

---

lawyer, and other threatened or actual harm to the client.").